IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| K.MIZRA LLC,<br><br>    Plaintiff,<br><br>v.<br><br>CISCO SYSTEMS, INC.,<br><br>    Defendant. | Civil Action No.: 6:20-cv-01031-ADA<br><br>**Jury Trial Demanded** |

**PLAINTIFF K.MIZRA LLC'S SUR-REPLY IN OPPOSITION TO DEFENDANT CISCO SYSTEMS, INC.'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT OF PATENT INVALIDITY ['705 PATENT] (ECF NO. 82)**

## TABLE OF AUTHORITIES

**Cases**

*AbbVie Deutschland GmbH & Co., KG v. Janssen Biotech, Inc.*,
   759 F.3d 1285 (Fed. Cir. 2014) .................................................................................................. 2

*Ariad Pharms., Inc. v. Eli Lilly & Co.*,
   598 F.3d 1336 (Fed. Cir. 2010) ............................................................................................. 2, 3

*Centrak, Inc. v. Sonitor Techs., Inc.*,
   915 F.3d 1360 (Fed. Cir. 2019) .................................................................................................. 3

*Dropbox, Inc. v. Motion Offense, LLC*,
   No. 6:20-CV-251-ADA, 2022
   WL 174519 (W.D. Tex. Jan. 18, 2022) ................................................................................. 2, 4

*In re Taxotere (Docetaxel) Prod. Liab. Litig.*,
   994 F.3d 704 (5th Cir. 2021) ...................................................................................................... 4

*U.S. v. Jackson*,
   426 F.3d 301 (5th Cir. 2005) ...................................................................................................... 4

*Vasudevan Software v. MicroStrategy, Inc.*,
   782 F.3d 671 (Fed. Cir. 2015) ................................................................................................ 2, 3

Defendant Cisco Systems, Inc. ("Cisco") moved for invalidity of U.S. Patent No. 8,234,705 ("the '705 Patent") for lack of adequate written description based solely on counsel's jaundiced interpretation of the '705 Patent's intrinsic evidence. (ECF No. 49.) Plaintiff K.Mizra LLC ("K.Mizra") opposed the Motion (ECF No. 53) on the strength of Dr. Nenad Medvidovic's 35-page Declaration (ECF No. 53-1). There, Dr. Medvidovic provides: a detailed explanation of his qualifications (*id.* at 5-7); a review of the '705 Patent (*id.* at 7-8); a description of a POSITA's skills and relevant claim constructions (*id.* at 10-13); an analysis of literal disclosures set forth in the provisional and non-provisional applications and explaining how the inventors understood those disclosures (*id.* at 13-17); a review of prior art publications listed on the face of the '705 Patent and an analysis of what they taught a POSITA (*id*. at 17-21); a review and discussion of the TCB specification sited in the '705 Patent specification, with an analysis of what that disclosed to a POSITA (*id*. at 21-26); a detailed review of the '705 Patent's file history (*id.* at 26-30); and, finally, how all that evidence, when viewed through the lens of a POSITA, confirmed that the claimed invention was sufficiently described by the '705 Patent's specification. (*Id.*)

Cisco replied (ECF No. 82), criticizing Dr. Medvidovic's analysis and opinions. However, those criticisms are supported by nothing more than attorney argument and a wildly late-in-time and thus irrelevant 2019 TPM Specification. As outlined in the Response (ECF No. 53) and below, Cisco has not proved by clear and convincing evidence -- indeed, it has presented no competent evidence -- that the asserted claims are invalid for a lack of specification support. The Motion should be denied.

"The test for the sufficiency of the written description 'is whether the disclosure of the application relied upon reasonably conveys to those skilled in the art that the inventor had possession of the claimed subject matter as of the [claimed] filing date.'" *Vasudevan Software v.*

1

*MicroStrategy, Inc.*, 782 F.3d 671, 682 (Fed. Cir. 2015) (quoting *Ariad Pharms., Inc. v. Eli Lilly & Co.*, 598 F.3d 1336, 1351 (Fed. Cir. 2010) (en banc)). "[T]he test requires an objective inquiry into the four corners of the specification from the perspective of a person of ordinary skill in the art." *Ariad*, 598 F.3d at 1351. Whether the written description adequately supports a claim is a question of fact. *Vasudevan*, 782 F.3d at 682 (quoting *AbbVie Deutschland GmbH & Co., KG v. Janssen Biotech, Inc.*, 759 F.3d 1285, 1297 (Fed. Cir. 2014)). "A party must prove invalidity for lack of written description by clear and convincing evidence." *Id.*

A case decided by this Court in 2022, *Dropbox, Inc. v. Motion Offense, LLC*, No. 6:20-CV-251-ADA, 2022 WL 174519 (W.D. Tex. Jan. 18, 2022), is instructive on how the here-involved substantive and legal issue might be resolved. As the Court will recall, Dropbox moved for summary judgment of invalidity of a few asserted claims based on an alleged lack of written description, submitting an expert declaration in support of its position. Patent Owner Motion Offense ("MO") opposed, supplying its own expert declaration that explained how certain specification disclosures should be understood considering the prior art and a skilled artisan's knowledge base. *Id*. at *8. In reply, Dropbox argued that "none of those disclosures describe[d] the claimed [invention]," but it failed to support that contention with expert testimony. *Id.* at *6. The Court was thus satisfied that MO raised a genuine issue of material fact and denied the motion. *Id.* (citing *Vasudevan*, 782 F.3d at 683) (finding that an expert's opinion, "which was not challenged by any contrary expert testimony, at least raises a genuine issue of material fact regarding whether the patent[]" provided written description support). The same is true here—Cisco failed to file any expert declaration in support of its positions, meaning its Motion should likewise be denied.

2

The Court's *Dropbox* holding accords with the reasoning in *Centrak, Inc. v. Sonitor Techs., Inc.*, 915 F.3d 1360 (Fed. Cir. 2019), a case where the Federal Circuit reversed a written description summary judgment determination. In doing so, the Federal Circuit identified the relevant question to be whether the patent contained a sufficient level of detail "to adequately convey to a skilled artisan that the inventors possessed" the claimed embodiment of the invention, noting that the necessary level of detail "varies depending on the nature and scope of the claims and on the complexity and predictability of the relevant technology." *Id.* at 1367 (quoting *Ariad*, 598 F.3d at 1351).

Here again, Dr. Medvidovic explained the link between the literal disclosures found in the provisional and non-provisional applications and the TPM claim limitation, the scope, predictability and relevancy of the prior art, the knowledge and skill of a POSITA and how all that proved possession of the invention by the inventors in 2004-2005. (ECF No. 53-1 at 10-30.) Cisco chose to leave Dr. Medvidovic's well-reasoned opinions unrebutted, which at the very least raises a genuine dispute of material fact as to the sufficiency of the provisional and nonprovisional applications' disclosures, defeating summary judgment. *See Centrak,* 915 F.3d at 1368*; see also Vasudevan*, 782 F.3d at 683 (emphasizing the significance of unrebutted expert testimony).

Cisco presents two additional arguments in its Reply seeking to persuade this Court to grant summary judgment and thus commit legal error. First, Cisco criticizes Dr. Medvidovic's testimony as proving only "that a POSITA in 2004-05 would have viewed a 'trusted computing base associated with a trusted platform module' as a common implementation," and that such testimony only proves *obviousness* of the claim limitation, not *necessary presence* of the limitation. (ECF No. 82 at 7-8.) In context, the Court cannot legitimately characterize Dr. Medvidovic's testimony as arguing "obviousness." (*See* at least ECF No. 53-1, ¶ 67.) Indeed, as this Court found in

3

*Dropbox,* almost any argument in support of written description in which the disclosure does not recite the claims *in haec verba* can be improperly cast as an improper "obviousness" argument. *Dropbox,* 2022 WL 174519, at *8. Counsel's arguments here are not a fair characterization of Dr. Medvidovic's well-reasoned testimony, and Cisco's citation to the *Novartis* and *Turbocare* decisions, whose holdings are facially limited to their particular facts, change nothing.

Finally, Cisco's citation to a late 2019 version of the TPM Specification is procedurally and legally wrong. First, the evidence should have been cited, if at all, in the original motion, not in a reply, meaning the argument based thereon is waived. *See id.* (citing *U.S. v. Jackson*, 426 F.3d 301, 304 n.2 (5th Cir. 2005) ("Arguments raised for the first time in a reply brief . . . are waived.")). Second, the relevant date of the inquiry is 2004-05 and the years immediately thereafter, not fifteen years after the critical date. *See id.* at *8-9. Third, even if relevant and considered, the 2019 specification is simply at odds with the testimony of Dr. Medvidovic and the evidence upon which he relies. Since the Court must draw all reasonable factual inferences in favor of K.Mizra on competing evidence, *In re Taxotere (Docetaxel) Prod. Liab. Litig.*, 994 F.3d 704, 707 (5th Cir. 2021), Cisco's newly presented exhibit can do nothing but ensure denial of its Motion.

Next, Cisco criticizes Dr. Medvidovic for basing his opinions on an incorrect "standard," exalting form over substance and citing to the *Ariad* and *AMS Sensors* cases to support its misguided attack. (ECF No. 82 at 8-10.) Essentially, Cisco demands that unless Dr. Medvidovic uses the magic words "necessarily inherent," his opinions are irrelevant. The law requires no such thing—the cited cases certainly do not so require. For instance, Cisco cites to footnote 8 on page 1358 of the *Arity* case to support its lexicography position. However, that footnote says nothing about "magic words." Rather, it describes that the expert testimony there considered by the jury was conclusory in nature and thus void of factual content upon which the jury should have

4

relied, which is certainly not the case here. The *AMS Sensor* case is even less relevant, as it concerned application of the "accessibility at a glance" standard that in some jurisdictions could be used to determine whether an item was entitled to trade secret status. Obviously, neither trade secrets nor a particular state law "standard" can here be at all applicable. Cisco's cited *PowerOasis, Mission Pharmacal* and *Maytag* cases (ECF No. 82 at 10) are equally distinguishable, as their facts are inapposite to those here involved.

In sum, K.Mizra offered unrebutted, well-reasoned and factually supported expert testimony raising at minimum a genuine issue of material fact. Cisco's Motion should thus now be denied.

Dated: February 17, 2023   Respectfully submitted,

By: /s/ Robert R. Brunelli
  Michael C. Smith
  Texas Bar No. 18650410
  michael.smith@solidcounsel.com
  Scheef & Stone, LLP
  113 E. Austin Street
  Marshall, TX 75670
  (903) 938-8900

  Robert R. Brunelli*
  CO State Bar No. 20070
    rbrunelli@sheridanross.com
  Paul Sung Cha*
  CO State Bar No. 34811
    pscha@sheridanross.com
  Angela J. Bubis*
  CO State Bar No. 58144
    abubis@sheridanross.com
  Patricia Y. Ho*
    pho@sheridanross.com
  CO State Bar No. 38013
  Bart A. Starr*
    bstarr@sheridanross.com
  CO State Bar No. 50446
  SHERIDAN ROSS P.C.
  1560 Broadway, Suite 1200
  Denver, CO 80202
  Telephone: 303-863-9700
  Facsimile: 303-863-0223
  litigation@sheridanross.com

  *Admitted pro hac vice
  Attorneys for Plaintiff K.Mizra LLC

## CERTIFICATE OF SERVICE

I hereby certify that on February 17, 2023, I electronically filed the foregoing with the clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

By: */s/ Robert R. Brunelli*
Robert R. Brunelli*
CO State Bar No. 20070
rbrunelli@sheridanross.com
SHERIDAN ROSS P.C.
1560 Broadway, Suite 1200
Denver, CO 80202
Telephone: 303-863-9700
Facsimile: 303-863-0223
litigation@sheridanross.com

**Admitted pro hac vice*
*Attorney for Plaintiff K.Mizra LLC*