IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| K.MIZRA LLC,<br><br>    Plaintiff,<br><br>v.<br><br>CISCO SYSTEMS, INC.,<br><br>    Defendant. | Civil Action No.: 6:20-cv-01031-ADA<br><br>**Jury Trial Demanded** |

## PLAINTIFF K.MIZRA LLC'S RESPONSE IN OPPOSITION TO DEFENDANT CISCO SYSTEMS, INC.'S MOTION FOR ISSUANCE OF LETTER OF REQUEST

Plaintiff K.Mizra LLC ("K.Mizra") files its Response in Opposition to Defendant Cisco Systems, Inc.'s ("Cisco") Motion for Issuance of Letter of Request (ECF No. 90, "Cisco's Motion") and respectfully requests that the Court deny Cisco's Motion.

Cisco is seeking documents from third-party Iceberg Associates LLP (f/k/a Iceberg IP Group, LLP and/or Iceberg Innovation Partners LLP) ("Iceberg"), located in the United Kingdom. While the United Kingdom is a party to the Hague Convention on the Taking of Evidence Abroad (the "Hague Convention"), Cisco has made an untimely request, and it has failed to allege facts sufficient for the Court to conclude that seeking foreign discovery from Iceberg is warranted. For these reasons and the reasons set forth below, the Court should deny Cisco's Motion.

## LEGAL STANDARD

When deciding whether to grant a request for issuance of a Letter of Request under the Hague Convention, the Court must "consider international comity" and "demonstrate due respect for any special problem confronted by the foreign litigant on account of its nationality or the location of its operation, and for any sovereign interest expressed by a foreign state." *Luminati*

*Networks Ltd. v. Code200, UAB*, No. 2:19-CV-00396-JRG, 2021 WL 2819457, at *1 (E.D. Tex. Feb. 1, 2021) (quoting *Societe Nationale Industrielle Aeropatiale*, 482 U.S. 522, 546 (1987)). Courts consider five factors when assessing the appropriateness of issuing a Letter of Request:

 (1) the importance to the litigation of the documents and other information requested;

 (2) the degree of specificity of the requests;

 (3) whether the information originated in the United States;

 (4) the availability of alternative means of securing the information; and

 (5) the extent to which noncompliance with the request would undermine important interests of the United States, or compliance with the request would undermine important interests of the state where the information is located.

*Id.* (quoting *Societe*, 482 U.S. at 544 n.28).

After weighing each of these factors provided by the Supreme Court, the Court should deny Cisco's Motion.

## ARGUMENT

### A. The Importance to the Litigation of the Documents and Other Information Requested

Cisco claims that Iceberg possesses "case-dispositive information" related to its license defense in the form of "proof that the prior owner [of the asserted patent] in fact licensed the allegedly infringing use." (Cisco's Motion, ECF No. 90 at 2.) However, Cisco waited to request this "case-dispositive information" until *only 23 days* before the close of fact discovery in this case. This shows how non-case-dispositive the requested information really is. *See Seoul Semiconductor*

2

*Co. v. Nichia Corp.*, 590 F. Supp. 2d 832, 835 (E.D. Tex. 2008) (denying defendants' request for issuance of a letter of request, in part, because granting the motion would compromise the close of fact discovery). This case was stayed on December 18, 2021 in light of pending *inter partes* reviews. (*See* Text Order granting Motion to Stay Case (ECF No. 58).) The stay was lifted on January 24, 2023 (ECF No. 76), yet Cisco decided to wait over a month to pursue foreign discovery from Iceberg. Cisco even had the opportunity to move for this discovery before the stay, yet deliberately chose not to.

Courts issue scheduling orders for an important reason—to ensure that cases timely proceed and that parties are able to fully prepare their cases. *Seoul Semiconductor*, 590 F. Supp. 2d at 835. K.Mizra and Cisco mutually agreed to complete fact discovery by March 31, 2023. This will not be possible if the Court grants Cisco's Motion, especially in light of documentary evidence taking "usually between 6 and 12 months" to execute in the United Kingdom. *United Kingdom – Central Authority (Art. 2) and practical information*, Hague Conference on Private International Law - Conférence de La Haye de droit international privé, https://www.hcch.net/en/states/authorities/details3/?aid=526 (last accessed March 13, 2023). Even if the Court granted Cisco's Motion, with the trial date being set for August 14, 2023 (ECF No. 83), the sought information wouldn't be received until well after the trial is concluded. Having been aware of the tight schedule in this case, Cisco's argument concerning the importance of this information lacks credibility. This factor weighs against granting Cisco's Motion.

**B.      The Degree of Specificity of the Request**

Cisco argues that its requests to Iceberg are "very narrow: who was the Qualified Purchaser that Iceberg had already located as of July 2016? If it was not a Q Entity, when was the date on which Iceberg first contacted a Q Entity about the purchase? And does Iceberg have documents

3

and communications from 2016 to 2017 showing the Q Entities' inquiries (and its responses) regarding the Asserted Patent?" (Cisco's Motion, ECF No. 90 at 4.)

Cisco's requests are far from being narrowly tailored. All the necessary information about the agreement has already been made available. At best, Cisco's request is a fishing expedition for facts leading up to a fully executed agreement. The agreement speaks for itself, and Cisco is now searching for facts that cannot replace what the agreement states on its face.

### C. Whether the Information Originated in the United States

Cisco fails to address this factor in its Motion. The agreement between Microsoft and the Q Parties (the heart of Cisco's requests) was entered into in the United States, with all of its signatories being primarily located in the United States, especially Microsoft. Thus, the source of the information Cisco seeks is located in the United States. This factor weighs against granting Cisco's Motion.

### D. The Availability of Alternative Means of Securing the Information

Again, Cisco makes no mention of alternative means to secure the information it seeks. A party seeking to pursue discovery through the Hague Convention bears the burden of demonstrating that it is "necessary and appropriate." *Cywee Grp. Ltd. v. Huawei Device Co.*, No. 2:17-CV-495-WCB, 2018 WL 4100763, at *2 (E.D. Tex. July 13, 2018) (internal quotations omitted). Cisco's request is neither necessary nor appropriate.

There are clearly alternative means to secure the information Cisco seeks: via the parties to the agreement at issue. Iceberg is not a party to this agreement, and Cisco has had plenty of time to review the agreement and seek discovery from the signatories. Furthermore, any actual need for discovery reflected in Cisco's Motion has already been or will be fulfilled by other discovery, *e.g.,* through upcoming depositions. Cisco's requests are therefore redundant. Additionally,

because fact discovery closes on March 31, 2023, seeking this information via these alternative means is preferred because it would not compromise the close of fact discovery. This factor thus weighs against granting Cisco's Motion.

E. **The Extent to Which Noncompliance with the Request Would Undermine Important Interests of the United States, or Compliance with the Request Would Undermine Important Interests of the State Where the Information is Located**

While the United States has an interest in "ensuring that defendants in patent infringement cases can gain access to critical documents and knowledge held exclusively by third parties" (*Seoul Semiconductor* 590 F. Supp. 2d at 836), this interest is not implicated here. Not only is this knowledge not held exclusively by Iceberg, but the United States has no interest in defendants waiting until the final hour to request cumulative foreign discovery. Furthermore, the United Kingdom *does* have an interest in protecting its companies from the same. Denying Cisco's Motion would avoid unduly burdening the United States with unnecessary discovery procedures, and it would avoid burdening authorities in the United Kingdom as well.

## CONCLUSION

Cisco's Motion should be denied. Cisco's delay in filing its Motion indicates that the information sought is not necessary to its defense, and the close of fact discovery should not be compromised. Cisco has already obtained the relevant information from other forms of discovery in this case, and it has the opportunity to obtain additional information during upcoming depositions. Also considering the cost and delay involved in foreign discovery, the Court should deny Cisco's Motion.

Dated: March 15, 2023                    Respectfully submitted,

By: */s/ Angela J. Bubis*
    Michael C. Smith
    Texas Bar No. 18650410
    michael.smith@solidcounsel.com
    Scheef & Stone, LLP
    113 E. Austin Street
    Marshall, TX 75670
    (903) 938-8900

    Robert R. Brunelli*
    CO State Bar No. 20070
       rbrunelli@sheridanross.com
    Paul Sung Cha*
    CO State Bar No. 34811
       pscha@sheridanross.com
    Patricia Y. Ho*
    CO State Bar No. 38013
    pho@sheridanross.com
    Bart A. Starr*
    CO State Bar No. 50446
    bstarr@sheridanross.com
    Angela J. Bubis*
    CO State Bar No. 58144
       abubis@sheridanross.com
    SHERIDAN ROSS P.C.
    1560 Broadway, Suite 1200
    Denver, CO 80202
    Telephone: 303-863-9700
    Facsimile: 303-863-0223
    litigation@sheridanross.com

*\*Admitted pro hac vice*
*Attorneys for Plaintiff K.Mizra LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on March 15, 2023, I electronically filed the foregoing with the clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

By: /s/ *Angela J. Bubis*
Angela J. Bubis*
CO State Bar No. 58144
abubis@sheridanross.com
SHERIDAN ROSS P.C.
1560 Broadway, Suite 1200
Denver, CO 80202
Telephone: 303-863-9700
Facsimile: 303-863-0223
litigation@sheridanross.com

*Admitted pro hac vice*
*Attorney for Plaintiff K.Mizra LLC*