**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| K. MIZRA, LLC, | ) |
| | ) |
| Plaintiff, | )  **C.A. NO. 6:20-CV-01031-ADA** |
| | ) |
| v. | ) |
| | )  **PUBLIC VERISION** |
| CISCO SYSTEMS, INC. | ) |
| | ) |
| Defendant. | ) |
| | ) |

**DEFENDANT CISCO SYSTEMS, INC.'S MOTION FOR ISSUANCE OF
LETTER OF REQUEST TO EXAMINE PERSONS, INSPECT DOCUMENTS AND
INSPECT PROPERTY PURSUANT TO THE HAGUE CONVENTION ON THE
<u>TAKING OF EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS</u>**

Defendant Cisco Systems, Inc. ("Cisco") hereby moves for issuance of Letters of Request for International Judicial Assistance ("Letters of Request") to compel the production of documents and physical evidence by a company located in the United Kingdom: Iceberg Associates LLP (fka Iceberg IP Group, LLP and/or Iceberg Innovation Partners LLP) (together, "Iceberg"), located at 2nd Floor Berkeley Square House, Berkeley Square, London, England, W1J 6BD.

Cisco requests issuance of the Letters of Request pursuant to the inherent authority of the Court, Federal Rule of Civil Procedure 28(b)(3), 28 U.S.C. § 1781(b)(2), the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil and Commercial Matters, T.I.A.S. 7444, 23 U.S.T. 2555, reprinted in 28 U.S.C. § 1781 ("Hague Evidence Convention"), which is in force between the United States and the United Kingdom.

## MEMORANDUM OF POINTS AND AUTHORITIES

Cisco brings the present motion to obtain case-dispositive information from Iceberg. Specifically, as the entity that brokered the sale of the asserted patent, Iceberg possesses information that Cisco believes will establish its license defense: proof that the prior owner in fact licensed the allegedly infringing use.

K.Mizra's infringement allegations require the use of a ███████ product for a key limitation found in every asserted patent claim. But there is a license agreement ("License Agreement") in place between ███████████████ on the one hand and K.Mizra's predecessors in interest with respect to ownership of the asserted patent, ████████████████████████ ███████████████████████████████████ on the other hand. This agreement is binding upon K.Mizra, and it licenses the allegedly infringing conduct because it provides that:

███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████

██████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████
████████████████████

The agreement defines ████████████████ in relevant part, as ████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

████████████████.

The effective date on the License Agreement was ████████████████ Just four months later, ████████████ a ██████████ purchased the only remaining patent in this case, U.S. Patent No. 8,234,705 (the "Asserted Patent"). Iceberg was the patent broker of that sale and thus should have information bearing on the case-dispositive question of whether the Asserted Patent was in diligence ████████████████ and thus was licensed under the License Agreement. Cisco believes that the Asserted Patent already was in diligence at that time for two compelling reasons:

First, K.Mizra has produced a ████████████████████████████████

██████████████████████████████████████████████████████████

████████████████████████████ The agreement states that, ████████████ ████████ ██

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████ A

██████████ purchased the Asserted Patent shortly thereafter.

Second, ████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████ Then, more than a year and a half after this suit was filed,

3

███████ the Asserted Patent's former owner via his shell companies, provided a letter to the plaintiff asserting that ████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████ This letter seems at odds with the facts already known to Cisco, and Iceberg's evidence seems likely to resolve the discrepancy.

The documentation and information Cisco seeks from Iceberg is very narrow: who was the ████████████████████████████████████████████ If it was not a ████████ when was the date on which Iceberg first contacted ████████ about the purchase? And does Iceberg have documents and communications from 2016 to 2017 showing the ████████ inquiries (and its responses) regarding the Asserted Patent? *See* Ex. 1. If, as Cisco believes, the ████████ ████████ was ████████, the sole accused combination of products is licensed to the Asserted Patent—and this case is (or should be) over.

Cisco attempted to obtain the requested information from Iceberg's corporate affiliate in the United States. However, counsel for the U.S. entity has advised Cisco that it will not cooperate informally, and that the correct entity to seek the requested information from is the Iceberg entity located in the United Kingdom.

Courts have inherent authority to issue letters rogatory and letters of request to foreign nations and may request that the foreign nations order a witness to provide testimony that will aid in the resolution of a matter pending in the United States. See *United States v. Reagan*, 453 F.2d 165, 172 (6th Cir. 1971); *United States v. Staples*, 256 F.2d 290, 292 (9th Cir. 1958).

Accordingly, Cisco respectfully asks the Court to grant its motion and issue the attached Letters of Request pursuant to the Hague Convention. In the event the Court grants the instant

4

application, Cisco requests that the Court execute the Letter of Request with the Court's signature and seal and provide an original of the executed Letter of Request to Cisco's undersigned counsel for forwarding to the appropriate authority in the United Kingdom. Cisco will then transmit the executed Letter of Request to the U.K. authority for execution.

Dated: March 8, 2023

Respectfully submitted,

By: */s/ Melissa R. Smith*
    Melissa R. Smith (State Bar No. 24001351)
    melissa@gillamsmithlaw.com
    **GILLAM & SMITH LLP**
    303 South Washington Avenue
    Marshall, TX 75670
    Telephone: 903.934.8450
    Facsimile: 903.934.9257

    Elizabeth R. Brannen (*Pro Hac Vice*)
    ebrannen@stris.com
    Kenneth J. Halpern (*Pro Hac Vice*)
    khalpern@stris.com
    **STRIS & MAHER LLP**
    777 S. Figueroa St, Ste 3850
    Los Angeles, CA 90017
    Telephone: (213) 995-6800
    Facsimile: (213) 216-0299

    *Attorneys for Defendant*
    *Cisco Systems, Inc.*

**CERTIFICATE OF SERVICE**

I certify that on March 8, 2023, the documents filed with the Clerk of Court via the Court's CM/ECF system ▇▇▇▇▇▇ in the above-captioned case were subsequently served on all counsel of record by electronic mail.

/s/ Melissa R. Smith

**CERTIFICATE OF CONFERENCE**

The undersigned hereby certifies that counsel for Defendant met and conferred with counsel for Plaintiff. Counsel for Plaintiff opposes this motion.

/s/ Melissa R. Smith