IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| K. MIZRA, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. NO. 6:20-CV-01031-ADA |
| | ) | |
| v. | ) | |
| | ) | |
| CISCO SYSTEMS, INC. | ) | **PUBLIC VERSION OF** |
| | ) | **DOCUMENT FILED** |
| Defendant. | ) | **UNDER SEAL** |
| | ) | |

## DEFENDANT CISCO SYSTEMS, INC.'S REPLY IN SUPPORT OF ITS MOTION FOR ISSUANCE OF LETTER OF REQUEST

### INTRODUCTION

K.Mizra offers no persuasive basis for the Court to deny Cisco's timely request for discovery from a foreign third-party. It says the discovery is unnecessary because the License Agreement between its predecessor-in-interest and ▮▮▮▮ "speaks for itself." Dkt. No. 92 at 4. If that is K.Mizra's position, then it should stop causing meritless discovery disputes and voluntarily dismiss this case. The License Agreement's ▮▮▮▮▮▮ list the Asserted Patent as a licensed patent—meaning K.Mizra is accusing a licensed use. Instead of recognizing this fact, K.Mizra and its predecessor have caused the need for further discovery by claiming (based on extrinsic evidence) that the unambiguous provisions of the License Agreement ▮▮▮▮▮▮ ▮▮▮▮ are supposedly mistaken.

The Court should not allow K.Mizra to block Cisco's narrowly tailored request for this potentially case-dispositive discovery. This third-party discovery imposes no burden on K.Mizra. K.Mizra is not concerned about international comity or supposed burdens on an unrelated entity. It wants to prevent Cisco from obtaining information that will confirm that the Asserted Patent was licensed and defeat K.Mizra's infringement theory (which requires use of a ▮▮▮▮

1

product). K.Mizra's assertion of delay is baseless: Cisco subpoenaed Iceberg's U.S. affiliate for the information in ***December 2021***, immediately after K.Mizra disclosed its claim that the Asserted Patent was listed as licensed in error. And Cisco filed this motion one week after the U.S. affiliate told Cisco that the responsive information must be sought from the U.K. affiliate through the Hague Convention. Cisco's motion should be granted.

## LEGAL STANDARD

This is a straightforward motion for letters of request seeking highly relevant information from a third party that is not subject to the Court's jurisdiction and has refused (through its U.S. affiliate) to provide the information informally or pursuant to subpoena. Courts routinely grant such requests and "[m]ost . . . place[] the burden on a party opposing an application for the issuance of letters of request to show 'good reason' why the letters should not be issued." *In re Urethane Antitrust Litigation*, 267 F.R.D. 361, 365 & n.17 (D. Kan. 2010). Even courts that place the burden on the party seeking application of the Hague Convention recognize that the burden is "not great" because the "Convention procedures are available whenever they will facilitate the gathering of evidence by the means authorized in the Convention." *Tulip Computs. Int'l B.V. v. Dell Comput. Corp.*, 254 F. Supp. 2d 469, 474 (D. Del. 2003).

K.Mizra argues that the Court's analysis should focus on the "comity" factors identified in *Societe Nationale Indus. Aerospatiale v. U.S. Dist. Ct.*, 482 U.S. 522, 544 n. 28 (1987):

> (1) the importance to the litigation of the documents or other information requested; (2) the degree of specificity of the request; (3) whether the information originated in the United States; (4) the availability of alternative means of securing the information; and (5) the extent to which noncompliance with the request would undermine important interests of the United States, or compliance with the request would undermine important interests of the state where the information is located.

Case law is not uniform on the relevance of these factors where, as here, discovery is sought from a foreign third party not subject to the Court's jurisdiction. *Compare, e.g., Urethane*, 267 F.R.D.

at 365 (granting letters of request without addressing comity factors) *with Nidec Motor Corp. v. Broad Ocean Motor, LLC.,* No. 4:13-CV-01895, 2023 WL 346027 (E.D. Mo. Jan. 20, 2023) (applying factors in deciding whether discovery against Chinese defendants would proceed under Rules of Civil Procedure or Hague Convention) *and Seoul Semiconductor Co. v. Nichia Corp.*, 590 F. Supp. 2d 832, 834 (E.D. Tex. 2008) (comity analysis applies to any Hague Convention request). To the extent the Court addresses these factors, they support Cisco's request.

## ARGUMENT

**I.     The Court should grant Cisco's motion because the requested information is material and potentially case-dispositive and the discovery requests are narrowly tailored.**

Cisco's request is narrowly tailored to answer a case-dispositive question: is K.Mizra precluded from asserting the Asserted Patent in this action because the allegedly infringing conduct is licensed pursuant to the ▇▇▇ License Agreement? K.Mizra's only substantive opposition to the requested discovery is that the License Agreement (along with ▇▇▇) "speaks for itself." Dkt. No. 92 at 4. That is Cisco's position as well: the Agreement does speak for itself and conveys clearly that K.Mizra is precluded from prosecuting this action because ▇▇▇ has a license to practice the allegedly infringing use of the Asserted Patent. If K.Mizra would adhere to that position and voluntarily dismiss this case, the requested discovery would be unnecessary. At this point, however, K.Mizra and its predecessor's representative, ▇▇▇ are relying on extrinsic evidence to try to create a factual dispute about whether the ▇▇▇ incorrectly listed the Asserted Patent. Cisco needs the requested discovery to rebut their claims. If, as the ▇▇▇, Iceberg was already in touch in July 2016 with the ▇▇▇ that eventually purchased the Asserted Patent, then K.Mizra is precluded from asserting the Asserted Patent in this action. *See* Dkt. 90 at 2-4 (explaining need for and relevance of Iceberg's information given the language of the agreement). This is not a "fishing expedition,"

3

as K.Mizra wrongly claims, and K.Mizra has not shown any undue burden for Iceberg. Counsel for Iceberg has refused to cooperate informally or allow the request to go through a U.S. affiliate, and instead told Cisco to invoke the Hague Evidence Convention procedures.

Instead of addressing the relevant facts, K.Mizra makes baseless assertions of delay and misrepresents the timeline. Cisco did not wait to seek this information until 23 days before the close of fact discovery. ▓▓▓▓ first claimed the Asserted Patent was incorrectly listed in the License Agreement in November 2021. Two weeks later, on December 1, 2021, Cisco subpoenaed Iceberg IP Group, LLC, a Delaware corporation, for "documents and communications that relate to subpoenaed party's representation of, and work on behalf of, ▓▓▓▓ in connection with the shopping of and sale of the '705 patent." *See* Ex. 1 (Subpoena). Iceberg Group served objections and responses on December 22, 2021, and agreed to produce the requested documents, "[i]f or when the stay is lifted." *See* Ex. 2 (email dated December 22, 2021); Ex. 3 (Objections and Responses). On January 25, 2023, the day after the Court lifted the stay, Dkt. No. 76, Cisco again contacted Iceberg Group. Iceberg Group served supplemental objections and responses on February 21, 2023—providing that no responsive documents exist—and on March 1, 2023, informed Cisco that it would have to seek discovery formally from its United Kingdom counterpart, Iceberg IP Group LLP. *See* Ex. 4 (Supplemental Objections and Responses); Ex. 5 (email dated March 6, 2023). Cisco filed this motion one week later.

K.Mizra's concerns about the current case schedule provide no basis for denying Cisco's request. If the Court grants the request, there is ample time for Iceberg to respond before trial. If Iceberg does not timely respond, the Court can decide how to proceed. Cisco should not be barred from seeking case-dispositive discovery based on speculation about the timing of the response.

## II. The remaining comity factors also weigh in Cisco's favor.

If the Court addresses the remaining factors set forth by K.Mizra, those factors also weigh in Cisco's favor. First, K.Mizra is confused about the availability of alternative means to secure the information. It suggests that Cisco should have sought the information from the parties to the agreement. As explained above and in Cisco's motion, Dkt. No. 90 at 3-4, the need for this discovery did not arise until ■■■—who controls ■■■ and is the only party to the License Agreement who could conceivably have information about which patents a ■■■ acquired and when—attempted, retroactively, to alter the contents of the License Agreement on the eve of the stay in this case.[1] The other party to the agreement, ■■■, has no way of knowing when particular patents owned by a ■■■ were in diligence. This leaves only Iceberg, the neutral third party that brokered the sale of the Asserted Patent from its inventor to ■■■

The fact that ■■■ does not weigh against Cisco's request. *See Luminati Networks Ltd. v. Teso LT, UAB*, No. 2:19-CV-00395-JRG, 2020 WL 6815153, at *1 (E.D. Tex. Oct. 28, 2020) (finding that factor three—whether the information originated in the United States—supported granting a Letter of Request concerning U.S. patents, business dealings, and litigation).

Finally, K.Mizra admits that "the United States has an interest in 'ensuring that defendants in patent infringement cases can gain access to critical documents and knowledge held exclusively by third parties.'" Dkt. No. 92 at 5. The fifth factor thus supports Cisco too.

Accordingly, Cisco respectfully requests that the Court grant its motion and issue the Letters of Request pursuant to the Hague Convention.

---

[1] Before the stay, Cisco served subpoenas seeking this same discovery on ■■■ through prior counsel for K.Mizra, who represented both. The return date preceded the stay, and neither ■■■ served responses and objections or documents in response to the subpoena. Since the stay has been lifted, K.Mizra's counsel informed Cisco that neither K.Mizra's current nor former counsel represent ■■■

Dated: March 22, 2023               Respectfully submitted,


By: */s/ Melissa R. Smith*
    Melissa R. Smith (State Bar No. 24001351)
    melissa@gillamsmithlaw.com
    **GILLAM & SMITH LLP**
    303 South Washington Avenue
    Marshall, TX 75670
    Telephone: 903.934.8450
    Facsimile: 903.934.9257

    Elizabeth R. Brannen (*Pro Hac Vice*)
    ebrannen@stris.com
    Kenneth J. Halpern (*Pro Hac Vice*)
    khalpern@stris.com
    **STRIS & MAHER LLP**
    777 S. Figueroa St, Ste 3850
    Los Angeles, CA 90017
    Telephone: (213) 995-6800
    Facsimile: (213) 216-0299

    *Attorneys for Defendant*
    *Cisco Systems, Inc.*

## **CERTIFICATE OF SERVICE**

I certify that on March 22, 2023, the documents filed with the Clerk of Court via the Court's CM/ECF system under seal in the above-captioned case were subsequently served on all counsel of record by electronic mail.

*/s/ Melissa R. Smith*