**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| K. MIZRA, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 6:20-cv-01031-ADA |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| CISCO SYSTEMS, INC. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

# DEFENDANT CISCO SYSTEMS, INC.'S MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT BASED ON LICENSE

## TABLE OF CONTENTS

INTRODUCTION ..............................................................................................................1

LEGAL STANDARD ........................................................................................................1

ARGUMENT .....................................................................................................................2

CONCLUSION..................................................................................................................6

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Anderson v. Liberty Lobby, Inc.*,
   477 U.S. 242 (1986)..................................................................................................................1

*Broadway v. City of Montgomery, Alabama*,
   530 F.2d 657 (5th Cir. 1976) ....................................................................................................2

*Celotex Corp. v. Catrett*,
   477 U.S. 317 (1986)..................................................................................................................1

*Fowler v. Smith*,
   68 F.3d 1527 (5th Cir. 1995) ....................................................................................................5

*Jones v. Best*,
   134 Wash. 2d 232 (1998)..........................................................................................................5

*Novotny v. Tripp Cnty., S.D.*,
   664 F.3d 1173 (8th Cir. 2011) ..................................................................................................5

*S.E.C. v. Direct Lending Inv. LLC*,
   No. 2:19-CV-02188 (C.D. Cal. June 18, 2019), ECF No. 80 ...................................................1

*Spears v. Louisiana Coll.*,
   No. 20-30522, 2023 WL 2810057 (5th Cir. Apr. 6, 2023) ........................................................2

*TransCore, LP v. Elec. Transaction Consultants Corp.*,
   563 F.3d 1271 (Fed. Cir. 2009).................................................................................................4

*Vectura Ltd. v. GlaxoSmithKline LLC*,
   No. CV 16-638-RGA, 2019 WL 1352767 (D. Del. Mar. 26, 2019).........................................4

**Statutes**

35 U.S.C. § 271(a) ...........................................................................................................................4

## INTRODUCTION

K.Mizra has no viable claim that Cisco infringes U.S. Patent No. 8,234,705 (the '705 Patent) because the claim is barred by a license. K.Mizra's predecessors-in-interest, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ of the '705 Patent. Yet that is exactly what K.Mizra argues in this case: that Cisco infringes because some Cisco customers use Cisco products together with Microsoft's Windows 10 or Windows 11 operating systems. (In fact, K.Mizra can't prove that; Cisco addresses its utter lack of evidence of infringement in a separate motion.) K.Mizra cannot avoid ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Summary judgment of no infringement is warranted.

## LEGAL STANDARD

Summary judgment shall be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A fact dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." A*nderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Unsupported, conclusory, or inadmissible evidence is

---

[1]  disgraced former litigation funder, DLI. *See* Ex. 4 at 3; *see also* Judgment, *S.E.C. v. Direct Lending Inv. LLC*, No. 2:19-CV-02188 (C.D. Cal. June 18, 2019), ECF No. 80.

1

insufficient to defeat a motion for summary judgment." *Spears v. Louisiana Coll.*, No. 20-30522, 2023 WL 2810057, at *3 (5th Cir. Apr. 6, 2023); *Broadway v. City of Montgomery, Alabama*, 530 F.2d 657 (5th Cir. 1976); *see also* Fed. R. Civ. P. 56(c)(4) ("An affidavit or declaration used to support or oppose a motion must . . . set out facts that would be admissible in evidence.").

## ARGUMENT

Because of the license, K.Mizra cannot establish infringement of the '705 Patent as a matter of law. At the outset, K.Mizra admits that it uses Microsoft's Windows 10 or 11 (a "Microsoft Product") to satisfy a limitation that every asserted claim requires: a "trusted computing base associated with a trusted platform module." *See* Ex. 5 ¶¶ 39, 79; Ex. 6 at 15-42, 129, 140; Ex. 7 at 223:7-18; Ex. 8 at 66:21-67:8, 98:8-14, 103:9-104:10. Specifically, K.Mizra alleges that the accused Cisco products when running on top of the Microsoft Product are necessarily "associated with a trusted platform module" because they invoke Microsoft Product routines or functions to obtain random numbers generated by a trusted platform module. Ex. 6 at 31, 37, 40-42; *see also id.* at 31-42 (relying on Microsoft documentation); Ex. 7 at 132:21-136:7, 136:15-140:22. K.Mizra offers no alternative to satisfy this claim limitation. *Id.*

K.Mizra cannot, as a matter of law, ██████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
██████████████████████████████████████







███████████ *See* 35 U.S.C. § 271(a); *TransCore, LP v. Elec. Transaction Consultants Corp.*, 563 F.3d 1271, 1276 (Fed. Cir. 2009) (finding that a covenant not to sue authorizes practice of a patented invention); *Vectura Ltd. v. GlaxoSmithKline LLC*, No. CV 16-638-RGA, 2019 WL 1352767, at *3 (D. Del. Mar. 26, 2019) (same).

The relevant facts are undisputed. ███████████

██████████████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████████████

K.Mizra can offer no admissible evidence to the contrary. *See Jones v. Best*, 134 Wash. 2d 232, 240 (1998) ("One party may not unilaterally modify a contract."). It may seek to offer irrelevant hearsay generated more than a year after K.Mizra filed this action and ███████ ██████████████████████████████████████ But unless it falls within a recognized exception (this would not), hearsay is not competent summary judgment evidence. *See, e.g., Fowler v. Smith*, 68 F.3d 1527, 1533 (5th Cir. 1995); *see also Novotny v. Tripp Cnty., S.D.*, 664 F.3d 1173, 1178 (8th Cir. 2011) (finding that letters offered to prove the truth of matter asserted were properly excluded on summary judgment). And regardless, after-the-fact, litigation-driven correspondence cannot change the relevant facts. ████████████████████████████
██████████████████████████████████████████████████████████████████
█████████

In the alternative, K.Mizra violated ████████████████████████████
██████████████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████████████

---

[3] K.Mizra apparently intends to rely on self-serving affidavits from persons associated with ████ ████████ K.Mizra served copies of these documents on June 6, 2023 as a purported discovery response, over 2 months after the March 31, 2023 close of fact discovery and after the June 2, 2023 close of expert discovery. The affidavits were produced too late and are rife with inadmissible hearsay, impermissible legal conclusions, inconsistent statements, and pure speculation. Perhaps more importantly for present purposes, they are utterly irrelevant. ████████████████████
████████████████████ End of story.

███████████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████
██████████████████████ Cisco's alleged use or sale of the accused combination of products thus does not constitute infringement at least prior to November 11, 2021.

## CONCLUSION

For the foregoing reasons, Cisco respectfully asks the Court to grant its motion for summary judgment that Cisco's license defense precludes proof of infringement entirely, or for partial summary judgment that K.Mizra's claims are barred before November 11, 2021.

Dated: June 9, 2023                                            Respectfully submitted,


                                                        By: */s/ Melissa R. Smith*
                                                        Melissa R. Smith (State Bar No. 24001351)
                                                        melissa@gillamsmithlaw.com
                                                        **GILLAM & SMITH LLP**
                                                        303 South Washington Avenue
                                                        Marshall, TX 75670
                                                        Telephone: (903) 934-8450
                                                        Facsimile: (903) 934-9257

                                                        Elizabeth R. Brannen (*Pro Hac Vice*)
                                                        ebrannen@stris.com
                                                        Kenneth J. Halpern (*Pro Hac Vice*)
                                                        khalpern@stris.com
                                                        Sarah Rahimi *(Pro Hac Vice)*
                                                        srahimi@stris.com
                                                        **STRIS & MAHER LLP**
                                                        777 S. Figueroa St, Ste 3850
                                                        Los Angeles, CA 90017
                                                        Telephone: (213) 995-6800
                                                        Facsimile: (213) 216-0299

                                                        Jhaniel James *(Pro Hac Vice)*
                                                        jjames@stris.com
                                                        **STRIS & MAHER LLP**
                                                        111 N Calhoun St, Ste 10
                                                        Tallahassee, FL 32301
                                                        Telephone: (213) 995-6800
                                                        Facsimile: (813) 330-3176

                                                        *Attorneys for Defendant*
                                                        *Cisco Systems, Inc.*

## **CERTIFICATE OF SERVICE**

I certify that on June 9, 2023, the documents filed with the Clerk of Court via the Court's CM/ECF system under seal in the above-captioned case were subsequently served on all counsel of record by electronic mail.

                                                      */s/ Melissa R. Smith*