PUBLIC VERSION

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | |
|---|---|
| K.MIZRA LLC, | Civil Action No.: 6:20-cv-01031-ADA |
| Plaintiff, | |
| v. | **Jury Trial Demanded** |
| CISCO SYSTEMS, INC., | ▬▬▬▬▬▬▬ |
| Defendant. | |

## PLAINTIFF K.MIZRA LLC'S MOTION FOR SUMMARY JUDGMENT ON DEFENDANT CISCO SYSTEMS, INC.'S CONTRACT-BASED AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

## **TABLE OF CONTENTS**

I.     INTRODUCTION ......................................................................................................... 1

II.    STATEMENT OF FACTS ........................................................................................... 2

    A.     The Microsoft Agreement .................................................................................. 2

        1.     Patent Categories in the Microsoft Agreement ...................................... 2

        2.     Licenses, Releases and Third-Party Rights in the Microsoft Agreement ... 4

        3.     Updated Exhibits to the Microsoft Agreement ...................................... 6

        4.     The Diligence and Assignment History of the '705 Patent ...................... 8

    B.     Cisco's Affirmative Defenses and Counterclaims ................................................. 9

III.   LEGAL STANDARD FOR SUMMARY JUDGMENT ................................................ 10

IV.    ARGUMENT ............................................................................................................ 10

    A.     Cisco's Infringement is Not Licensed ............................................................... 10

        1.     The '705 Patent is Not a ███████████ ...................................... 11

        2.     The '705 Patent is Not a █████████████ ............................... 11

        3.     The Microsoft Agreement Would Not Bar K.Mizra's Suit if the '705 Patent is an ██████████ .............................................................. 13

    B.     Cisco's Breach of Contract Theories also Fail as a Matter of Law ...................... 14

V.     CONCLUSION ......................................................................................................... 15

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*3M Co. v. Ivoclar Vivadent AG,*
   No. CIV. 11-3488 ADM/TNL,
   2012 WL 1438989 (D. Minn. Apr. 26, 2012) ........................................................................ 13

*Cullum v. Diamond A Hunting, Inc.,*
   No. SA-07-CA-76-FB,
   2009 WL 10669503 (W.D. Tex. Oct. 2, 2009) ...................................................................... 12

*Hernandez v. Frazier,*
   No. CV SA-11-CA-9-FB,
   2012 WL 12895764 (W.D. Tex. Sept. 14, 2012) .................................................................. 14

*Hernandez v. Frazier,*
   No. SA-11-CV-0009-DAE,
   2013 WL 12142684 (W.D. Tex. Jan. 31, 2013) .................................................................... 14

*Inteum Co., LLC v. Nat'l Univ. of Singapore,*
   371 F. Supp. 3d 864 (W.D. Wash. 2019) ............................................................................ 14

*McGuffey v. Blizzard,*
   No. SA-17-CA-410-OLG,
   2018 WL 6488037 (W.D. Tex. Dec. 7, 2018 .................................................................. 11, 12

*Myers v. State,*
   152 Wash. App. 823,
   218 P.3d 241 (2009) .............................................................................................................. 14

*Nichols v. S. Life Ins. Co.,*
   584 F.2d 106 (5th Cir. 1978) ............................................................................................... 12

*Rosanova v. Playboy Enters., Inc.,*
   580 F.2d 859 (5th Cir. 1979) ............................................................................................... 12

*Saint Louis Univ. v. Medtronic Nav., Inc.,*
   No. 4:12CV01128 ERW,
   2012 WL 4049018 (E.D. Mo. Sept. 13, 2012) .................................................................... 13

*Syverson v. Int'l Bus. Machines Corp.,*
   472 F.3d 1072 (9th Cir. 2007) ............................................................................................. 13

*Wolfkill Feed & Fertilizer Corp. v. Youngquist,*
   No. 55703-3-I, 2006 Wash. App.
   LEXIS 2497 (Ct. App. Nov. 20, 2006) ................................................................................ 13

## I.    <u>INTRODUCTION</u>

Pursuant to Fed. R. Civ. P. 56, Plaintiff K.Mizra LLC ("K.Mizra") moves for summary judgment on Defendant Cisco Systems, Inc.'s ("Cisco") Ninth Affirmative Defense ("Breach of Contract"), Tenth Affirmative Defense ("License"), and Counterclaims (Counts I and II). Each of these defenses and claims arises from a prior Settlement and License Agreement involving non-party Microsoft Corporation ("Microsoft") under which Cisco claims rights as a third-party beneficiary. Cisco asserts that, based on this agreement, Cisco's infringement of U.S. Patent No. 8,234,705 ("the '705 Patent") is licensed and K.Mizra breached the agreement by bringing this suit. Cisco's theories have no merit.

Cisco cannot prove that it is a third-party beneficiary of the agreement. Nor can it prove that K.Mizra's infringement allegations implicate any of the licenses and covenants in that agreement. However, assuming it could clear those hurdles, the undisputed factual record shows that the '705 Patent *was not* subject to any permanent license or covenant arising from the agreement. Cisco thus cannot, as a matter of law, prove license as a defense or counterclaim.

Nor can Cisco maintain its defense and counterclaim of breach of contract. At no point in this litigation—not in its Answer and Counterclaim, not in its Fed. R. Civ. P. 26(a)(1) ("Rule 26") disclosures, not in fact discovery, and not in any of its expert reports—has Cisco even attempted to articulate a theory of damages or an amount of damages to which it would be entitled if Cisco could prove that K.Mizra breached any contractual duty owed to Cisco. On that basis alone, Cisco's contract claims fail.

Cisco cannot present any of its license or breach of contract theories to the jury because they are all legally unsupportable. Summary judgment in K.Mizra's favor on these issues is thus warranted.

II.   **STATEMENT OF FACTS**[1]

A.   **The Microsoft Agreement**

K.Mizra owns the '705 Patent by assignment from Network Security Technologies, LLC ("NST"). (Ex. A at 1.) NST acquired the '705 Patent from Spectrum Patents, Inc. ("Spectrum"). *Id.* Spectrum was a member of a group identified as ███████ in a Settlement and License Agreement with Microsoft with an effective date of November 11, 2016 ("Microsoft Agreement") (Ex. B at MIZCIS00006245, MIZCIS00006257.) The Microsoft Agreement ████████████ ███████████████████████████████████████████████████ ███████████████████████████████████████████████████ ███████████████████████████████████████████████████ ███████████████████████████████████████████████████ ███████████████████████████████████████████████████ ███████████████

1.   **Patent Categories in the Microsoft Agreement**



---

[1] K.Mizra brings this motion without prejudice to any objections to the admissibility of any document that Cisco may seek to use to support its claims and defenses, including the documents referenced herein.



---

[2] Exhibit B to the Microsoft Agreement contains a typographical error, but the patent is correctly identified in the body of the Microsoft Agreement.



2.      **Licenses, Releases and Third-Party Rights in the Microsoft Agreement**



Cisco has not adduced any evidence or articulated any theory as to how it might claim rights as a third-party beneficiary under any of the above reproduced provisions.

### 3.    Updated Exhibits to the Microsoft Agreement

In March 2018, email communications began between Microsoft's attorneys and Rasheed McWilliams at iPEL, Inc. ("iPEL") (with other iPEL personnel copied) and concerned provision of updated disclosures to Microsoft under the Microsoft Agreement. (Ex. C.)

(*Id.* (emphasis added).)

Mr. McWilliams obviously mixed up the exhibits, as ████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

On July 3, 2018, Microsoft's counsel wrote to Mr. McWilliams asking him to correct the

exhibit numbers, ████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████



### 4.    The Diligence and Assignment History of the '705 Patent

The '705 Patent was owned by Radix Holdings, LLC as of the Effective Date and was not acquired by a ████████ (specifically, Spectrum) until March 30, 2017. (Ex. A at 3.) There is no evidence in the record that the '705 Patent was under due diligence by a ████████ as of November 11, 2016. In fact, Brian Yates, CEO of iPEL, the parent company of Spectrum, confirmed that ███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

████ Spectrum completed the purchase of the '705 Patent on March 30, 2017. (*Id.* ¶ 45; Ex. A at 3.)

B.     **Cisco's Affirmative Defenses and Counterclaims**

The undisputed factual record summarized above confirms that Cisco could not have a license to the '705 Patent. Nonetheless, Cisco has raised the Microsoft Agreement as a basis for affirmative defenses and counterclaims based on license and breach of contract. In particular, Cisco apparently believes that it is a third-party beneficiary of the Microsoft Agreement, and further believes that because K.Mizra's infringement allegations identify certain Microsoft technology to confirm the presence of infringing Cisco functionality, the licenses or CNS provisions of the Microsoft Agreement are implicated.

Cisco's Ninth Affirmative Defense (Breach of Contract) states:

> K.Mizra asserts its claims for infringement of the '705 patent against Cisco in violation of a confidential settlement and license agreement between K.Mizra's predecessors-in-interest and a third party, which K.Mizra produced in discovery on or about September 24, 2021. By suing Cisco in this judicial district and asserting and/or maintaining the claims of infringement set forth in K.Mizra's final infringement contentions against Cisco in this judicial district, K.Mizra materially breached this agreement.

(ECF No. 48 at 32.)

Second, Cisco's Tenth Affirmative Defense (License) states:

> Cisco's alleged infringement of the '705 patent is licensed pursuant to the confidential settlement and license agreement entered into by K.Mizra's predecessors-in-interest. By suing Cisco and/or maintaining the claims of infringement set forth in K.Mizra's final infringement contentions against Cisco in this judicial district, K.Mizra materially breached this license.

(*Id.* at 32-33.)

Regarding Cisco's counterclaims, Count I seeks "Declaration of Breach of Contract" and asserts that "By bringing this suit accusing Cisco of infringing the '705 patent, K.Mizra has breached the releases, licenses, and covenants not to sue in the Agreement." (*Id.* at 34.) Cisco also states, "In the alternative, by bringing this suit accusing Cisco of infringing the '705 patent when it did and in this judicial district, K.Mizra has breached the releases, licenses, and covenants not to sue in the Agreement." Count II seeks "Declaration of License" and specifically requests "a declaration that Cisco's alleged infringement is licensed." (*Id.* at 35.)

In short, Cisco's license defense and counterclaim effectively assert that K.Mizra's entire suit is barred. Cisco's breach of contract defense and counterclaim effectively assert that Cisco was harmed because K.Mizra filed this litigation. However, Cisco has never specified any theory of contract damages either in its discovery responses, expert reports, or Rule 26 disclosures. Cisco's damages rebuttal report ████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████

## III.   LEGAL STANDARD FOR SUMMARY JUDGMENT

The legal standards for summary judgment are well-known to the Court and are set forth in K.Mizra's contemporaneously-filed Motion for Summary Judgment as to Defenses Based on Prior Art and Patent Eligibility.

## IV.   ARGUMENT

### A.   Cisco's Infringement is Not Licensed

To prevail on its license theory, Cisco must prove, at minimum, that (1) Cisco is a third-party beneficiary of the Microsoft Agreement, (2) K.Mizra's infringement theory in this case implicates the releases in the Microsoft Agreement, and (3) the '705 Patent is licensed under the

10

Microsoft Agreement. K.Mizra does not believe Cisco can prove any of these elements.[3] However, assuming *arguendo* that Cisco can prove the first two items, the undisputed record confirms that the '705 Patent is not a ███████████ or a ███████████ and thus Cisco's infringement is not licensed.

### 1.     The '705 Patent is Not a ███████████

The '705 Patent is not a ███████████ subject to the Microsoft Agreement's perpetual license because ███████████

### 2.     The '705 Patent is Not a ███████████

The '705 Patent is not a ███████████ because ███████████ ███████████ The '705 Patent was not acquired by a ███████ (Spectrum) until March 30, 2017, four and a half months after the Effective Date, and thus ███ ███████████ (Ex. A at 3.) Accordingly, Cisco must prove that ███████████ ███████████ This Cisco cannot do.

Unrebutted testimony from percipient witnesses confirms that ███████████ ███████████ ███████████ This uncontested testimony concerning iPEL's business is sufficient to establish the events concerning the '705 Patent as an undisputed fact. *See, e.g.*, *McGuffey v. Blizzard*, No. SA-17-CA-410-OLG, 2018 WL 6488037, at *2 (W.D. Tex. Dec. 7, 2018) (holding that affidavits "establish . . . undisputed facts"); *Nichols v. S. Life Ins. Co.*, 584 F.2d 106, 108 (5th

---

[3] Cisco has not provided any expert disclosures concerning Cisco's third-party beneficiary status or the relationship between K.Mizra's infringement allegations and the Microsoft Agreement, nor has Cisco identified any fact witnesses who could competently testify to such matters. Thus, to the extent any of Cisco's contract disputes remain at issue after summary judgment, K.Mizra anticipates moving *in limine* to preclude Cisco from offering any evidence to support its contract theories at trial.

Cir. 1978) (holding that unrebutted testimony regarding a business's routine is sufficient to establish an undisputed fact for purposes of summary judgment). The '705 Patent thus *cannot* be a ███████████████ because it is outside the clearly delineated definition of that term in the Microsoft Agreement.



Cisco may attempt to rely on ███████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████ But this is plainly false. On the face of the documents, the updated exhibits ███████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████ Further, Mr. McWilliams himself will testify to this interpretation as the author of the documents in question. (Ex. G ¶¶ 6-9.) Again, the Court may rely on this unchallenged testimony regarding business practices to establish undisputed facts. *McGuffey*, 2018 WL 6488037 at *2; *Nichols*, 584 F.2d at 108. Mr. McWilliams's sworn, unrebutted declaration makes clear that ████████████████████████████████ ███████████████████████████████

Cisco's ███████████ theory therefore suffers not only from a complete absence of supporting evidence; it is flatly contradicted by the undisputed factual record. Where "undisputed facts admit to but one conclusion, then, on motion for summary judgment, the court properly decides the issue." *Rosanova v. Playboy Enters., Inc.*, 580 F.2d 859, 862 (5th Cir. 1979). Summary judgment in K.Mizra's favor is warranted. *Cullum v. Diamond A Hunting, Inc.*, No. SA-07-CA-76-FB, 2009 WL 10669503, at *1 (W.D. Tex. Oct. 2, 2009) ("[I]f only one conclusion on the issue is reasonable, summary judgment is appropriate.").

###### 3. The Microsoft Agreement Would Not Bar K.Mizra's Suit if the '705 Patent is an ███████████

K.Mizra anticipates that Cisco may argue in the alternative that, if the '705 Patent is not a permanently-licensed ███████████ the '705 Patent is an ███████████ ███████████ meaning K.Mizra was barred from filing suit before then. Again, as a threshold matter, Cisco would have to prove its third-party beneficiary status, as well as the overlap between K.Mizra's infringement allegations and the Microsoft releases, propositions for which Cisco has adduced no evidence at all, to press such an argument. But even if Cisco could prove these specious allegations, an active CNS would not have barred K.Mizra from filing suit prior to expiration.

If K.Mizra breached the CNS by filing suit prior to its expiration, any remedy would sound in damages rather than specific performance (*i.e.*, dismissal). District Courts that have considered this issue have consistently so held. *See, e.g.*, *Saint Louis Univ. v. Medtronic Nav., Inc.*, No. 4:12CV01128 ERW, 2012 WL 4049018, at *1 (E.D. Mo. Sept. 13, 2012) (applying Missouri law); *3M Co. v. Ivoclar Vivadent AG*, No. CIV. 11-3488 ADM/TNL, 2012 WL 1438989, at *3–4 (D. Minn. Apr. 26, 2012) (applying Minnesota law). Further, the Microsoft Agreement is governed by Washington state law (Agreement ¶ 5.8), and Washington courts have likewise acknowledged this principle. *See Syverson v. Int'l Bus. Machines Corp.*, 472 F.3d 1072, 1084 (9th Cir. 2007) ("Since equity would not permit specific performance of a covenant not to sue, an action would lie for its breach."); *Wolfkill Feed & Fertilizer Corp. v. Youngquist*, No. 55703-3-I, 2006 Wash. App. LEXIS 2497, at *6 (Ct. App. Nov. 20, 2006) ("Historically, the covenant not to sue did not prevent a suit in violation of the covenant, although a liability might be incurred by such a suit.").

Cisco cannot argue that K.Mizra's suit was barred in its entirety by any active CNS that may have been in place at the time K.Mizra filed its complaint.[4] Summary judgment on the affirmative defense and counterclaim based on Cisco's "early suit" theory is thus also warranted.

### B.    Cisco's Breach of Contract Theories also Fail as a Matter of Law

Under Washington law, "[t]he elements of a breach of contract claim are '(1) a contract that imposed a duty, (2) breach of that duty, and (3) an economic loss as a result of the breach.'" *Inteum Co., LLC v. Nat'l Univ. of Singapore*, 371 F. Supp. 3d 864, 872 (W.D. Wash. 2019) (quoting *Myers v. State*, 152 Wash. App. 823, 218 P.3d 241, 243 (2009)). Again, K.Mizra denies that the Microsoft Agreement imposed any duty on K.Mizra to Cisco, or that any such duty was breached. But even assuming *arguendo* that Cisco can prove the first two elements of this claim, Cisco has not identified any damages arising from K.Mizra's alleged breach, nor adduced any evidence in support of those damages. In view of this, Cisco's breach of contract defense and counterclaim fail as a matter of law. For example, in *Hernandez v. Frazier*, No. CV SA-11-CA-9-FB, 2012 WL 12895764, at *7–8 (W.D. Tex. Sept. 14, 2012), *report and recommendation adopted*, No. SA-11-CV-0009-DAE, 2013 WL 12142684 (W.D. Tex. Jan. 31, 2013), the court granted summary judgment on the plaintiff's breach of contract claim where "[n]one of plaintiffs['] (1) initial disclosures, (2) interrogatory responses, or (3) first, second, and third expert reports identify any quantifiable damages arising out of Frazier's alleged patent assignment breach," and "neither Hernandez or Klatt identified any damages caused by the [alleged breach] at issue." The same situation is present here. At no time during this litigation has Cisco articulated a theory of damages or offered a calculation of damages arising from K.Mizra's alleged breach of the

---

[4] To the extent Cisco seeks damages for K.Mizra's alleged breach of the Microsoft Agreement, such a claim is also barred by Cisco's complete lack of proof, as discussed *infra*.

Microsoft Agreement. K.Mizra is thus entitled to summary judgment on Cisco's breach of contract defense and counterclaim.

**V.      <u>CONCLUSION</u>**

K.Mizra respectfully requests that the Court grant summary judgment in K.Mizra's favor as to Cisco's license and contract defenses and counterclaims.

Dated: June 9, 2023

Respectfully submitted,

By: /s/ *Matthew C. Holohan*
    Michael C. Smith
    Texas Bar No. 18650410
    michael.smith@solidcounsel.com
    Scheef & Stone, LLP
    113 E. Austin Street
    Marshall, TX 75670
    (903) 938-8900

    Anna Rebecca Skupin
    State Bar No. 24084272
    becca.skupin@solidcounsel.com
    Scheef & Stone, LLP
    200 North Travis Street, Suite 402
    Sherman, Texas 75090
    (430) 262-5660

    Robert R. Brunelli*
    CO State Bar No. 20070
      rbrunelli@sheridanross.com
    Paul Sung Cha*
    CO State Bar No. 34811
      pscha@sheridanross.com
    Patricia Y. Ho*
    CO State Bar No. 38013
      pho@sheridanross.com
    Matthew C. Holohan*
    CO State Bar No. 40996
      mholohan@sheridanross.com
    Bart A. Starr*
    CO State Bar No. 50446
      bstarr@sheridanross.com
    Angela J. Bubis*
    CO State Bar No. 58144
      abubis@sheridanross.com
    SHERIDAN ROSS P.C.
    1560 Broadway, Suite 1200
    Denver, CO 80202
    Telephone: 303-863-9700
    Facsimile: 303-863-0223
    litigation@sheridanross.com

    *Admitted pro hac vice*
    *Attorneys for Plaintiff K.Mizra LLC*

**<u>CERTIFICATE OF SERVICE</u>**

I certify that on June 9, 2023, the documents filed with the Clerk of Court via the Court's CM/ECF system under seal in the above-captioned case were subsequently served on all counsel of record by electronic mail.

By: <u>*/s/ Matthew C. Holohan*</u>
Matthew C. Holohan*
CO State Bar No. 40996
mholohan@sheridanross.com
SHERIDAN ROSS P.C.
1560 Broadway, Suite 1200
Denver, CO 80202
Telephone: 303-863-9700
Facsimile: 303-863-0223
litigation@sheridanross.com

*Admitted pro hac vice*
*Attorney for Plaintiff K.Mizra LLC*

17