<u>**PUBLIC VERSION**</u>

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| K.MIZRA LLC,<br><br>　　　　Plaintiff,<br><br>v.<br><br>CISCO SYSTEMS, INC.,<br><br>　　　　Defendant. | Civil Action No.: 6:20-cv-01031-ADA<br><br>**Jury Trial Demanded** |

**<u>K.MIZRA'S DAUBERT MOTION TO EXCLUDE OPINIONS
OF CISCO EXPERT DR. PAUL CLARK</u>**

Dr. Paul Clark is Defendant Cisco System, Inc.'s designated expert on issues relating to ▮▮▮▮▮▮▮▮▮▮ of the asserted claims of U.S. Patent No. 8,234,705 ("the '705 Patent"). Dr. Clark's Opening Expert Report (the "Report") ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Separately, Plaintiff K.Mizra LLC has moved for summary judgment on the § 101 issue and the § 102 and § 103 issues based on estoppel. In this Motion, K.Mizra asks the Court, to the extent not excluded based on summary judgment, to exclude certain of Dr. Clark's opinions regarding ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

**A.    Legal Standard**

Trial courts must act as gatekeepers for all expert testimony to evaluate whether an expert has met the criteria set forth in Fed. R. Evid. 702. *See Micro Chem., Inc. v. Lextron, Inc.*, 317 F.3d 1387, 1391 (Fed. Cir. 2003) (citing Fed. R. Evid. 702(a) and *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589–92 (1993)). An expert with scientific, technical, or other specialized knowledge may provide expert testimony "if (1) the testimony is based upon sufficient facts or

1

data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case." Fed. R. Evid. 702(a); *see also Micro Chem.*, 317 F.3d at 1391. The party offering the expert testimony has the burden of satisfying this standard. *Graham v. San Antonio Zoological Soc'y*, 261 F. Supp. 3d 711, 727–28 (W.D. Tex. 2017) (citing *Moore v. Ashland Chem. Inc.*, 151 F.3d 269, 276 (5th Cir. 1998)); *Paz v. Brush Engineered Materials, Inc.*, 555 F.3d 383, 388 (5th Cir. 2009).

**B.  Any Opinion By Dr. Clark Regarding ▅▅▅ Should Be Precluded.**

Dr. Clark writes in his Report ▅▅▅ ▅▅▅ (Ex. A ¶ 126.) Despite apparently being asked to do so, Dr. Clark ▅▅▅ ▅▅▅ ▅▅▅ (*See id.* ¶ 26.) That paragraph, however, provides no ▅▅▅ from Dr. Clark. It is, at best, a paraphrase of a legal standard. During his deposition, Dr. Clark confirmed that ▅▅▅ ▅▅▅ Those paragraphs offer nothing by way of analysis, meaning Dr. Clark should be precluded from offering any opinion at trial ▅▅▅.

**C.  Any Opinions By Dr. Clark Regarding ▅▅▅ ▅▅▅**

   **1.  ▅▅▅**



That opinion is premised upon the assumption of an *improper* claim construction. ███████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████

      The Court already has construed—or the parties have agreed upon—the proper construction of certain claim terms and phrases of the '705 Patent, and those constructions now control. *See, e.g.,* ECF No. 46 (Court's Claim Construction Order regarding "trusted platform module"). K.Mizra is aware of no legal authority that permits an alleged infringer to assert invalidity premised upon an *improper* interpretation of patent claims or allows Dr. Clark to challenge, question, or alter the Court's claim construction at this post-*Markman* stage of the litigation. Indeed, the law is to the contrary. *See, e.g., Treehouse Avatar LLC v. Valve Corp.*, 54 F.4th 709, 715 (Fed. Cir. 2022) ("We affirm that the grant of a motion to strike expert testimony is not improper when such testimony is based on a claim construction that is materially different from the construction adopted by the parties and the court."); *see also Cordis Corp. v. Boston Sci. Corp.*, 658 F.3d 1347, 1357–58 (Fed. Cir. 2011); *O2 Micro Int'l v. Beyond Innovation Tech. Co., Ltd.*, 521 F.3d 1351, 1362–63 (Fed. Cir. 2008) (emphasizing that the Court, not the parties, "is in the best position to determine the proper construction" of claim limitations, and the Court (not experts or party witnesses) is charged with resolving disputes regarding claim construction).

      Dr. Clark's opinion is not the product of reliable principles or legal authority, as required under *Daubert*, but instead is based ████████████████████████████████████████ ████████. For this reason, Dr. Clark's opinion is unreliable, at best, and he should be precluded from asserting that ████████████████████████████████████████████

3

2. █████████████████████

As Dr. Clark himself recognizes, ████████████████

████████████████████████████ Ex. A ¶ 30; *see also Verdegaal Brothers, Inc. v. Union Oil Co. of Cal.*, 814 F.2d 628, 631 (Fed. Cir. 1987) ("A claim is anticipated only if each and every element as set forth in the claim is found, either expressly or inherently described, in a single prior art reference.") Under this bedrock legal standard, the Cisco NAC product ███████████████ as a matter of law because—█

████████████████████████████

████████████████████████████

████████████ (*See* Ex. A ¶ 120 ████

████████████████████████; Ex. C col. 19, ll. 61–65; col. 21, ll. 6–10; col. 22, ll. 21–25 (reciting the two claim limitations).) Due to these concessions, ████████████████████

████████████████████████████

██████████████████

3. ████████████████████

████████████████████████

████████████████ (Ex. A at 36 (section entitled ██████████████ However, nowhere in the section of Dr. Clark's Report entitled ████████████ does he provide any discussion or analysis of *why* a person of skill in

---

[1] Cisco Identity Services Engine ("ISE") is part of the allegedly infringing Cisco product at issue in this case.

the art would ██████████████████████████████████████████████████

██████████████████████████████████████ The remainder of Dr.

Clark's Report directed to ████████████████████████████████

█████████████████ (*See* Ex. A ¶¶ 118–122.)

Specifically, in those Report paragraphs and claim charts, ████████████

████████████████████████████████████████ (Ex. A ¶ 119.) He then opines, for

example, that █████████████████████████████████████

███████████████████████ (*Id.*) But again, Dr. Clark offers no substantive rationale or reasons

to support his opinions, and his conclusory statements do not pass muster under the requirements

for █████████████████████████████████████████████████████ *See*

*In re NuVasive, Inc.*, 842 F.3d 1376, 1383 (Fed. Cir. 2016) (conclusory statements regarding

obviousness and alleged motivations to combine are insufficient); *KSR Int'l Co. v. Teleflex Inc.*,

550 U.S. 398, 401 (2007) (emphasizing that "it can be important to identify a *reason* that would

have prompted a person of ordinary skill in the art" to combine prior art elements) (emphasis

added); *Innogenetics, N.V. v. Abbott Labs.*, 512 F.3d 1363, 1373 (Fed. Cir. 2008) (emphasizing that

"there must be some articulated reasoning with some rational underpinning to support the legal

conclusion of obviousness"); *Flexuspine, Inc. v. Globus Med.*, 2016 U.S. Dist. LEXIS 199477, at

*11–12 (E.D. Tex. July 6, 2016) (concluding that a comprehensive, 50-page obviousness analysis

was sufficient under *Daubert*) (citing *Innogenetics*).

Dr. Clark's opinion regarding ███████████████████████████████

█████████ is not the product of reliable principles or legal authority, as required under *Daubert*.

---

[2] Cisco previously also relied upon a reference called Gleichauf as part of its obviousness combinations, but it has been withdrawn from consideration. (*see* Ex. A ¶¶ 123–124.)

*See, e.g., Moore,* 151 F.3d at 276 (proponent of expert testimony must "prove by a preponderance of the evidence that the testimony is reliable"). As a result, Dr. Clark's ▇▇▇▇▇▇ opinions and all related testimony should be precluded from presentation at trial.

**D.      Conclusion**

K.Mizra asks the Court to preclude Dr. Clark from testifying at trial at all about: (1) ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇.

Dated: June 9, 2023

Respectfully submitted,

By: /s/ Bart A. Starr
Michael C. Smith
Texas Bar No. 18650410
michael.smith@solidcounsel.com
Scheef & Stone, LLP
113 E. Austin Street
Marshall, TX 75670
(903) 938-8900

Anna Rebecca Skupin
State Bar No. 24084272
becca.skupin@solidcounsel.com
Scheef & Stone, LLP
200 North Travis Street, Suite 402
Sherman, Texas 75090
(430) 262-5660

Robert R. Brunelli*
CO State Bar No. 20070
rbrunelli@sheridanross.com
Paul Sung Cha*
CO State Bar No. 34811
pscha@sheridanross.com
Patricia Y. Ho*
CO State Bar No. 38013
pho@sheridanross.com
Matthew C. Holohan*
CO State Bar No. 40996
mholohan@sheridanross.com
Bart A. Starr*
CO State Bar No. 50446

bstarr@sheridanross.com
Angela J. Bubis*
CO State Bar No. 58144
abubis@sheridanross.com
SHERIDAN ROSS P.C.
1560 Broadway, Suite 1200
Denver, CO 80202
Telephone: 303-863-9700
Facsimile: 303-863-0223
litigation@sheridanross.com

*Admitted pro hac vice
Attorneys for Plaintiff K.Mizra LLC

## CERTIFICATE OF SERVICE

I certify that on June 9, 2023, the documents filed with the Clerk of Court via the Court's CM/ECF system under seal in the above-captioned case were subsequently served on all counsel of record by electronic mail.

> By: /s/ Bart A. Starr
> Bart A. Starr
> Sheridan Ross P.C.
> 1560 Broadway, Suite 1200
> Denver, CO 80202
> 303-863-9700
> litigation@sheridanross.com

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that counsel for Plaintiff met and conferred with counsel for Defendant. Counsel for Defendant opposes this motion.

> By: /s/ Bart A. Starr
> Bart A. Starr
> Sheridan Ross P.C.
> 1560 Broadway, Suite 1200
> Denver, CO 80202
> 303-863-9700
> litigation@sheridanross.com