IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| K.MIZRA LLC,<br><br>　　　Plaintiff,<br><br>v.<br><br>CISCO SYSTEMS, INC.,<br><br>　　　Defendant. | Civil Action No.: 6:20-cv-01031-ADA<br><br>**Jury Trial Demanded**<br><br>▮▮▮▮▮▮▮▮▮▮ |

**K.MIZRA'S RESPONSE IN OPPOSITION TO CISCO'S OPENING BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT OF NONINFRINGEMENT**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................... ii

I.    INTRODUCTION ........................................................................................................ 1

II.   LEGAL STANDARD .................................................................................................. 1

III.  UNDISPUTED FACTS ................................................................................................ 2

IV.   ARGUMENT ................................................................................................................ 2

    A.   Cisco Directly Infringes the Asserted Claims of the '705 Patent. ..................... 2

    B.   K.Mizra Does Not Allege That Any Party Other Than Cisco Has Directly Infringed, and K.Mizra Does Not Allege Indirect Infringement by Cisco. ................................................................................... 6

    C.   The Accused System Meets the "Trusted Platform Module" Limitation. ......................................................................................................... 6

    D.   The Accused System Meets the "DNS Query" Limitation. ............................ 10

V.    CONCLUSION .......................................................................................................... 11

## TABLE OF AUTHORITIES

### Cases

*Ball Aerosol and Specialty Container, Inc. v. Limited Brands, Inc.*,
555 F.3d 984 (Fed. Cir. 2009) ........ 5

*INVT SPE LLC v. ITC*,
46 F.4th 1361 (Fed. Cir. 2022) ........ 4

*LifeNet Health v. LifeCell Corp.*,
837 F.3d 1316 (Fed. Cir. 2016) ........ 7

*Lucent Techs., Inc. v. Gateway, Inc.*,
580 F.3d 1301 (Fed. Cir. 2009) ........ 5

*SiRF Tech., Inc. v. ITC*,
601 F.3d 1319 (Fed. Cir. 2010) ........ 5, 7

*Tinnus Enters., LLC v. Telebrands Corp.*,
846 F.3d 1190 (Fed. Cir. 2017) ........ 5

*VLSI Tech. LLC v. Intel Corp.*,
No. W-21-CV-00057-ADA,
2021 WL 1432705 (W.D. Tex. Feb. 25, 2021) ........ 1, 2

### Statutes

35 U.S.C. § 271 ........ 3

### Rules

Fed. R. Civ. P. 56 ........ 1

**I.      INTRODUCTION**

K.Mizra will prove infringement of each asserted claim of the '705 Patent at trial by a preponderance of the evidence. Certainly, Cisco has not presented sufficient evidence that no genuine dispute of material fact exists as to infringement. Summary judgment should be denied.

Cisco makes three arguments on summary judgment: (1) neither Cisco nor any Cisco customer "directly infringes the '705 Patent"; (2) there is no evidence that "Cisco products have any connection with" the required trusted platform module ("TPM") claim limitation; and (3) there is no evidence that "Cisco products employ the DNS redirect the claim require." ECF No. 119 at 1 (Introduction). Each of Cisco's arguments is contradicted by the factual record and addressed in turn below.

K.Mizra served on Cisco a comprehensive expert report on infringement by its expert, Dr. Eric Cole, demonstrating how each limitation of the asserted claims is met by the accused Cisco products. Dr. Cole's deposition testimony and infringement opinions are consistent with his expert report, and his trial testimony will be as well. Accordingly, the factual record demonstrates that, at minimum, there remain genuine disputes about material facts regarding Cisco's infringement, and this case should proceed to trial on K.Mizra's infringement allegations.

**II.     LEGAL STANDARD**

Summary judgment is appropriate only if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *VLSI Tech. LLC v. Intel Corp.*, No. W-21-CV-00057-ADA, 2021 WL 1432705, at *1 (W.D. Tex. Feb. 25, 2021) (citing Fed. R. Civ. P. 56(a)). The non-moving party "must demonstrate a genuinely disputed fact by citing to parts of materials in the record, such as affidavits, declarations, stipulations, admissions, interrogatory answers, or other materials; or by showing that the materials

cited by the movant do not establish the absence of a genuine dispute." *Id*. However, all factual inferences from the movant's evidence must be viewed in a light most favorable to the party opposing summary judgment. *Id*. Accordingly, a belief "that the non-moving party will be unsuccessful at trial is insufficient reason to grant summary judgment in favor of the movant." *Id*. The burden "of demonstrating that no genuine dispute of material fact exists lies with the party moving for summary judgment." *Id*.

### III.  UNDISPUTED FACTS

Cisco's statement of allegedly-undisputed facts amounts to a collection of narrative statements and attorney arguments, the majority of which include no citation to record evidence. In any case, there is no need to respond point by point to Cisco's argumentative fact section, as relevant disputed facts are discussed below in responding to Cisco's noninfringement arguments. The '705 Patent and its claims speak for themselves and portions of those claim (e.g., the "trusted platform module") have been construed by this Court. To the extent Cisco purports to rely on any novel characterization or construction of the asserted claims in support of its noninfringement positions, such should be disregarded.

### IV.  ARGUMENT

#### A.  Cisco Directly Infringes the Asserted Claims of the '705 Patent.

The evidence of record supports the conclusion that Cisco directly infringes independent claims 1, 12, and 19 of the '705 Patent. Dr. Eric Cole, K.Mizra's infringement expert, opines in his expert report that ████████████████████████████████████████ ████████████████████████████████████████ ██  This opinion is fully supported by, among other things, ████████████ ████████████████████████████████████████

19 is met.  *See* Ex. B.  ███████████████████████████████████

█████████████████████████████████████████████████████████████

████████████████████████████████████████████  It is not, and the record evidence (*including Cisco source code* cited by Dr. Cole in his claim chart) is more than sufficient to demonstrate infringement by Cisco.  ██████████████████████████████████

██████████████████████████████

███████████████████████████████████████████████████████ and, as a result, is a direct infringer of at least claims 12 and 19 of the '705 Patent.  *See* 35 U.S.C. § 271(a) ("[W]homever without authority makes, uses, offers to sell, or sells any patent invention, within the United States . . . any patented invention during the term of the patent therefor, infringes the patent.").  Specifically, ██████████████████████████████████████

█████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████

███████████████████████████

---

[1] █████████████████████████████████████████████████████████

3

█████████████████████████████████████████████████████

For example, claim 19 of the '705 Patent recites a "computer program product for protecting a network, the computer program product being embodied in a non-transitory computer readable medium" and comprising computer instructions for performing a number of functions. See Ex. A ('705 Patent) at col. 22, ll. 14-17. ███████████

███████████

███████████

███████████

███████████

███████████

███████████ (citing *INVT SPE LLC v. ITC*, 46 F.4th 1361, 1365 (Fed. Cir. 2022) (emphasis added by Cisco). But K.Mizra has done just that. Nowhere in Dr. Cole's claim chart is any recited "modification" of the Cisco product accused of infringing claim 19. Rather, Dr. Cole has shown ISE, as provided by Cisco, meets all limitations of claim 19 in a customer environment.

Similarly, claim 12 of the '705 Patent recites a "system for protecting a network" that comprises: (1) a processor configured to perform a number of functions; and (b) a memory coupled to the processor. As Dr. Cole notes and explains in his report and claim chart, ███████

███████████

███████████

███████████

███████████

███████████ Finally, Dr. Cole

4

███████████

addresses the "memory" limitation and demonstrates that ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ As a result, K.Mizra has demonstrated, through its endorsement of Dr. Cole and his report, that Cisco directly infringes claim 12 by making, selling, offering to sell, and/or using the claimed system. Again, ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ (quoting *Ball Aerosol and Specialty Container, Inc. v. Limited Brands, Inc.*, 555 F.3d 984, 994-45 (Fed. Cir. 2009). ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ meets all limitations of claim 12.

Because claims 12 and 19 are directly infringed by Cisco, there is at least circumstantial evidence that claim 1, which is drawn to a method performed by a system/software that infringes claims 12 and 19, is directly infringed by Cisco as well. *See SiRF Tech., Inc. v. ITC*, 601 F.3d 1319, 1329-31 (Fed. Cir. 2010) (noting that "[o]nce the technology is enabled," the components designed and built by the defendant "automatically perform the disputed steps of the claims at issue . . ."); *Tinnus Enters., LLC v. Telebrands Corp.*, 846 F.3d 1190, 1204 (Fed. Cir. 2017) (patentee is entitled to rely on circumstantial evidence to establish infringement when alleged infringer teaches a customer to use infringing product); *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1322 (Fed. Cir. 2009). Further, ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

5

Finally, asserted dependent claims 9 and 16 of the '705 Patent add the limitation "wherein the software component on the first host is an operating system."  The evidence of record demonstrates that Cisco infringes those dependent claims.  ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

**B.  K.Mizra Does Not Allege That Any Party Other Than Cisco Has Directly Infringed, and K.Mizra Does Not Allege Indirect Infringement by Cisco.**

Cisco writes in its Brief that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇  Because K.Mizra alleges that *Cisco itself* directly infringes the asserted claims, K.Mizra need not allege that any third party has directly infringed. As a result, no response by K.Mizra to this section of Cisco's Brief is necessary.  ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

Cisco also writes in its Brief that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇  K.Mizra alleges that Cisco itself *directly* infringes the asserted claims and, as a result, no response by K.Mizra to the Brief devoted to *indirect* infringement is necessary.  ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

**C.  The Accused System Meets the "Trusted Platform Module" Limitation.**

Cisco alleges that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇  Cisco's argument mischaracterizes the asserted claims.  The claims do not require that the infringing product itself contain a trusted platform module.  Rather, as discussed below, the infringing product simply must interact with a trusted platform module.  The evidence is legion that such occurs, as set forth in detail below.

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

6

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

*See* ECF No. 119 at 15. That did not happen. But even if it had, it would be of no moment. Nowhere does Cisco cite to record evidence from Dr. Cole's report or elsewhere about how the respective TPM-related opinions of K.Mizra's infringement and validity experts differ or how K.Mizra allegedly is attempting to "twist" the patent in one way to avoid invalidity and in another to find infringement. K.Mizra's infringement and validity experts applied the same meaning to all claim limitations, including "trusted platform module." In short, Cisco's "nose of wax" assertion is nothing but hyperbole and should be disregarded.

The Asserted Claims of the '705 Patent each include the limitation "contacting a trusted computing base associated with a trusted platform module within the first host." Ex. A at col. 19, ll. 61-62; col. 21 at ll. 6-8; col. 22 at ll. 21-22. By its express terms, this claim limitation requires only that: (1) the Accused Products interact with and contact a trusted computing base ("TCB"); and (2) the TCB is associated with a trusted platform module ("TPM") located within the first host (e.g., a personal computer connected to a network).[2] ███████████████████████████

███████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████

███████████████████████ *See, e.g.*, *LifeNet Health v. LifeCell Corp.*, 837 F.3d 1316, 1326 (Fed. Cir. 2016) (direct infringement may still occur even if it depends on an action or function by a third party that is not recited in the claims); *SiRF Tech., Inc. v. ITC*, 601 F.3d 1319, 1329-31 (Fed. Cir. 2010) (noting that "[o]nce the technology is enabled," the components designed and built by *the defendant* "automatically perform the disputed steps of the claims at issue . . ."); Ex.

---

[2] The Court has construed "trusted platform module" or "TPM" as "a secure cryptoprocessor that can store cryptographic keys and that implements the Trusted Platform Module specification from the Trusted Computing Group." ECF No. 46. The "trusted computing base" or "TCB" is typically part of an operating system and is the collection of system resources (hardware or software) that is responsible for maintaining the security policy of the system.

7

A at col. 22, ll. 21-22 (reciting that *Cisco's* product initiates contact with a trusted computing base associated with a TPM).

K.Mizra has introduced and will introduce at trial more than sufficient evidence to demonstrate that this claim limitation is met.

As Dr. Cole wrote in his expert report:



8

- █████████████████████████████████
  █████████████████████████████████
  █████████████████████████████████
  █████████████████████████████████
  █████████████████████████████████
  ███████████

- █████████████████████████████████
  ██████████████████████████

- █████████████████████████████████
  █████████████████████████████████
  █████████████████████████████████
  ███████████████████████████

- █████████████████████████████████
  █████████████████████████████████

And as Dr. Cole testified in his deposition:

- █████████████████████████████████
  █████████████████████████████████
  █████████████████████████████████
  █████████████████████████████████
  ████████████████

- █████████████████████████████████
  █████████████████████████████████
  █████████████████████████████████

9

█████████████████████████████████

████████████████████████████████████████████████████████

████████████████████

Finally, Dr. Paul Clark, Cisco's expert on infringement issues, ████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

█

These excerpts alone demonstrate that the Accused Products interact with and contact a trusted computing base and that the trusted computing base is associated with a TPM within the first host (e.g., a Windows 10 or 11 personal computer connected to a network), as required by each of the asserted claims.

### D. The Accused System Meets the "DNS Query" Limitation.

Cisco asserts that ████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████  The phrase "DNS Redirect," however, is nowhere recited in the asserted claims and appears to be a straw man created by Cisco.

The actual language recited in the asserted claims requires that "in the event the service request comprises a <u>DNS query</u>, providing in response an <u>IP address</u> of a quarantine server. . . ." *See, e.g.*, Ex. A at col. 20, ll. 15-17 (emphases added).  This limitation is met by the Accused Products.

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

10

████████████████████████████████████████████████████████

Cisco thus does indeed rely upon a DNS query and an IP address, as the claims require and as Cisco's witness admits. At minimum, because the phrase "DNS redirect" does not appear in the claim language in any form, Cisco's argument should be given no weight. There remains a genuine issue of material fact about whether this claim limitation is met.

## V.   CONCLUSION

K.Mizra respectfully requests that the Court deny Cisco's motion for summary judgment of noninfringement.

Dated:  June 23, 2023

Respectfully submitted,

By: /s/ Bart A. Starr
 Michael C. Smith
 Texas Bar No. 18650410
 michael.smith@solidcounsel.com
 Scheef & Stone, LLP
 113 E. Austin Street
 Marshall, TX 75670
 (903) 938-8900

 Anna Rebecca Skupin
 State Bar No. 24084272
 becca.skupin@solidcounsel.com
 Scheef & Stone, LLP
 200 North Travis Street, Suite 402
 Sherman, Texas 75090
 (430) 262-5660

 Robert R. Brunelli*
 CO State Bar No. 20070
  rbrunelli@sheridanross.com
 Paul Sung Cha*
 CO State Bar No. 34811
  pscha@sheridanross.com
 Patricia Y. Ho*
 CO State Bar No. 38013
  pho@sheridanross.com

        Matthew C. Holohan*  
        CO State Bar No. 40996  
           mholohan@sheridanross.com  
        Bart A. Starr*  
        CO State Bar No. 50446  
           bstarr@sheridanross.com  
        Angela J. Bubis*  
        CO State Bar No. 58144  
           abubis@sheridanross.com  
        SHERIDAN ROSS P.C.  
        1560 Broadway, Suite 1200  
        Denver, CO 80202  
        Telephone: 303-863-9700  
        Facsimile: 303-863-0223  
        litigation@sheridanross.com  

*\*Admitted pro hac vice*  
*Attorneys for Plaintiff K.Mizra LLC*

## **CERTIFICATE OF SERVICE**

I certify that on June 23, 2023, the documents filed with the Clerk of Court via the Court's CM/ECF system under seal in the above-captioned case were subsequently served on all counsel of record by electronic mail.

By: /s/ Bart A. Starr
Bart A. Starr*
CO State Bar No. 50446
bstarr@sheridanross.com
SHERIDAN ROSS P.C.
1560 Broadway, Suite 1200
Denver, CO 80202
Telephone: 720-987-0899
Facsimile: 303-863-0223
litigation@sheridanross.com

*Admitted pro hac vice*
*Attorney for Plaintiff K.Mizra LLC*

13