IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| K.MIZRA LLC,<br><br>　　　　Plaintiff,<br><br>v.<br><br>CISCO SYSTEMS, INC.,<br><br>　　　　Defendant. | Civil Action No.: 6:20-cv-01031-ADA<br><br>**Jury Trial Demanded**<br><br>▆▆▆▆▆▆▆▆▆▆ |

**PLAINTIFF K.MIZRA LLC'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT ON DEFENDANT CISCO SYSTEMS, INC.'S CONTRACT-BASED AFFIRMATIVE DEFENSES AND COUNTERCLAIMS**

▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................... ii
I.     INTRODUCTION ........................................................................................................ 1
II.    BACKGROUND .......................................................................................................... 2
III.   ARGUMENT ................................................................................................................ 3
       A.     Cisco Cannot Invoke the Microsoft Agreement at All ..................................... 3
       B.     The '705 Patent is Not a ███████████ ........................................................ 3
       C.     Cisco Is Not Entitled to Dismissal if the '705 Patent
              is an ███████████ ......................................................................................... 9
       D.     Cisco Cannot Recover Damages on a Breach of Contract Theory ................. 10
IV.    CONCLUSION .......................................................................................................... 10

# TABLE OF AUTHORITIES

**Cases**

*Anderson v. Liberty Lobby, Inc.*,
  477 U.S. 242 (1986) .................................................................................................... 8

*Barnes v. Packwood*,
  38 P. 857 (Wash. 1894) ............................................................................................... 6

*Berg v. Hudesman*,
  801 P.2d 222 (Wash. 1990) ......................................................................................... 6

*Carson v. Perry*,
  No. 95-40551,
  1996 U.S. App. LEXIS 44382 (5th Cir. 1996) ............................................................ 7

*Gen. Elec. Cap. Bus. Asset Funding Corp. v. S.A.S.E. Mil. Ltd.*,
  No. CIV. SA-03-CA-189-RF,
  2004 WL 5495589 (W.D. Tex. Oct. 8, 2004) ............................................................ 10

*Hernandez v. Frazier*,
  No. CV SA-11-CA-9-FB,
  2012 WL 12895764 (W.D. Tex. Sept. 14, 2012) ...................................................... 10

*Hernandez v. Frazier*,
  No. SA-11-CV-0009-DAE,
  2013 WL 12142684 (W.D. Tex. Jan. 31, 2013) ........................................................ 10

*Hines v. Ironclad Energy, LLC*,
  No. 5:19-CV-00155-OLG,
  2019 WL 5027021 (W.D. Tex. Aug. 23, 2019) .......................................................... 7

*In re Estate of Harford*,
  936 P.2d 48 (Wash. Ct. App. 1997) ............................................................................ 5

*In re Wingspan Portfolio Holdings, Inc.*,
  No. 4:19-CV-00316-RWS,
  2019 WL 13251926 (E.D. Tex. Oct. 15, 2019) ........................................................... 8

*Ingram v. Raleeh*,
  No. 4:05-CV-119,
  2007 WL 9724146 (E.D. Tex. Jan. 8, 2007) ............................................................... 5

*Jones v. UPS Ground Freight*,
  683 F.3d 1283 (11th Cir. 2012) ................................................................................... 5

*Lee v. Metrocare Servs.*,
  980 F. Supp. 2d 754 (N.D. Tex. 2013) ........................................................................ 7

*Mendez v. Fed. Rsrv. Bank of Dallas*,
  No. CIV. SA-10-CA-750-XR,
  2011 WL 7053625 (W.D. Tex. Dec. 23, 2011) ........................................................... 8

*Mendez v. Fed. Rsrv. Bank of Dallas*,
   No. SA-10-CV-750-XR,
   2012 WL 140241 (W.D. Tex. Jan. 18, 2012) .............................................................................. 8

*Northpoint Tech., Ltd. v. DirecTV Grp., Inc.*,
   No. 09-CV-506-JRN,
   2011 WL 13104235 (W.D. Tex. June 17, 2011) ................................................................... 3, 7

*Richardson v. Tex. Sec'y of State*,
   28 F.4th 649 (5th Cir. 2022) ...................................................................................................... 9

*Richardson v. Tex. Sec'y of State*,
   485 F. Supp. 3d 744 (W.D. Tex. 2020) ...................................................................................... 9

*Robinson v. Nat'l Cash Reg. Co.*,
   808 F.2d 1119 (5th Cir. 1987) ................................................................................................... 7

*Scott Galvanizing, Inc. v. Nw. EnviroServices, Inc.*,
   844 P.2d 428 (Wash. 1993) ........................................................................................................ 3

*Thomas v. Cap. Sec. Servs., Inc.*,
   836 F.2d 866 (5th Cir. 1988) ..................................................................................................... 7

*Wang Labs., Inc. v. Mitsubishi Elecs. Am., Inc.*,
   103 F.3d 1571 (Fed. Cir. 1997) ................................................................................................. 3

**Rules**

Fed. R. Civ. P. 56 ............................................................................................................................ 5, 9

I.     **INTRODUCTION**

U.S. Patent No. 8,234,705 ("the '705 Patent") was not owned or under due diligence by a ▓▓▓▓ as of November 11, 2016. Defendant Cisco Systems, Inc. ("Cisco") has adduced no evidence that it was, and Plaintiff K.Mizra LLC ("K.Mizra") has adduced substantial evidence that it was not. Cisco's allegation that the '705 Patent was owned or under due diligence by a ▓▓▓▓ is thus disproven, or at least unprovable on the record. Summary judgment in K.Mizra's favor as to any claim or defense that relies on that material fact. Critically, Cisco's license defense is fully moored to that fact, rendering it invalid as a matter of law.

Cisco can point to no other legally valid basis on which to conclude that the '705 Patent is a ▓▓▓▓▓▓▓▓▓▓ under the Microsoft Agreement. (ECF No. 123, Ex. B.) The '705 Patent was not listed in the original agreement. Moreover, nothing in the agreement establishes that merely typing the patent number into an email attachment transformed the '705 Patent into a ▓▓▓▓▓▓▓▓▓▓ At best, Cisco's license defense is unproven, with not a shred of evidence in the record to support it, requiring summary judgment in K.Mizra's favor.

Just as important, the Court need not consider K.Mizra's affirmative evidence that fully refutes Cisco's unfounded license theories to conclude Cisco has failed as a matter of law to satisfy its burden of proof on the claims. But K.Mizra's evidence is valid and definitively disproves Cisco's factual theories. Cisco, naturally, takes issue with the declarations of Brian Yates and Rasheed McWilliams, percipient witnesses to the history of the Microsoft Agreement and the '705 Patent from the perspective of iPEL, Inc. ("iPEL"). But all of Cisco's nitpicking amounts to, at best, nothing more than fodder for cross-examination. Cisco has not and cannot show that the Court must eschew the declarations entirely.

1

Finally, the undisputed facts relevant to Cisco's remaining contract theories are fatal to the theories. Cisco has never articulated a substantive theory by which it could claim relief under the Microsoft Agreement, and Cisco has never articulated a theory or measure of damages for any alleged breach of contract.

Summary judgment should be granted in K.Mizra's favor on all the license claims.

## II.   BACKGROUND

Cisco continues to twist the facts in its description of ███████████ In particular, Cisco asserts that ████████████████████████████████████████████ ████████████████████████████████████████████████████████████ (ECF No. 142 at 3.) But as K.Mizra has explained, these disclosures identified the '705 Patent as an ███████████ not a ███████████ (ECF No. 123 at 6-8; ECF No. 143 at 2-6.) Importantly, this is clear from *the documents themselves,* independent of any corroboration by Mr. Yates or Mr. McWilliams. For example, (1) █████████████████████████ ████████████████████████████████████████████ ████████████████████████████████████████████ ████████████████████████████████████████████ ████████████████████████████████████████████ ████████████████████████████████████████████ ████████████████████████████████████████████ ████████████████████████████ (*Id.* at 4-5.) Cisco's position is simply incredible.

### III.     ARGUMENT

####    A.     Cisco Cannot Invoke the Microsoft Agreement at All

To prevail on its license defense, Cisco must prove facts showing that it is a third-party beneficiary, and that K.Mizra's infringement contentions implicate the releases in the Microsoft Agreement. *Wang Labs., Inc. v. Mitsubishi Elecs. Am., Inc.*, 103 F.3d 1571, 1576 (Fed. Cir. 1997) (requiring defendant to prove its license defense by a preponderance of the evidence). But Cisco's "opposition relies only on conclusory attorney argument instead of admissible evidence," which is insufficient to "survive a motion for summary judgment." *Northpoint Tech., Ltd. v. DirecTV Grp., Inc.*, No. 09-CV-506-JRN, 2011 WL 13104235, at *2 (W.D. Tex. June 17, 2011). K.Mizra is entitled to summary judgment on Cisco's contract claims and defenses on this basis alone.

####    B.     The '705 Patent is Not a ▮▮▮▮▮▮▮

Cisco's reliance on the text of the Microsoft Agreement and the updated versions of ▮▮▮▮▮ to establish that the '705 Patent is a ▮▮▮▮▮▮▮ is misplaced. First, the definition of ▮▮▮▮▮▮▮ relies not on a patent's recitation in any particular document, but on ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. (ECF No. 123, Ex. B at MIZCIS00006246.) Cisco has adduced no evidence that the '705 Patent was, and K.Mizra has adduced unrefuted evidence that it was not. Further, even assuming the Microsoft Agreement shed sufficient light on the status of the '705 Patent to categorize it properly, the documents themselves indicate that the '705 Patent was not a ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. (ECF No. 123 at 6-8.)

Cisco ignores the substantive definition of ▮▮▮▮▮▮▮ reflecting the intent of the parties in favor of the ministerial listing of patents in exhibits. Cisco's approach is legally invalid, as "the touchstone of the interpretation of contracts is the intent of the parties." *Scott Galvanizing, Inc. v. Nw. EnviroServices, Inc.*, 844 P.2d 428, 432 (Wash. 1993). That understanding



3

is confirmed by the fact that the administrative exhibits to the Microsoft Agreement are riddled with factual errors and thus cannot properly be understood to reflect the parties' intent.

Beginning with ▮▮▮▮▮ the Microsoft Agreement arose from a lawsuit in which U.S. Patent No. 6,177,950 ("the '950 Patent") was at issue. (ECF No. 123, Ex. B at MIZCIS00006245.) ▮▮▮▮▮

▮▮▮▮▮ (*Id.* at MIZCIS00006258.) Under Cisco's theory, this obvious ministerial error would create a license to an unrelated patent not owned by a ▮▮▮ out of whole cloth. The result is nonsensical, as is Cisco's position.

Likewise, as explained in K.Mizra's Opposition to Cisco's Motion for Summary Judgment or Partial Summary Judgment Based on License, ▮▮▮▮▮ (ECF No. 143 at 5-6.) Cisco does not dispute this fact and does not assert that ▮▮▮▮▮ even though such an argument would be fully consistent with Cisco's nonsensical interpretation of the relevant documents. Rather, Cisco implicitly acknowledges that Mr. McWilliams' emails, and even the Microsoft Agreement itself, are insufficient to definitely categorize the Q Entity patents.

Mr. McWilliams' decision ▮▮▮▮▮

4

███████████████ is, at best for Cisco, a "scrivener's error" akin to the mistakes discussed above that Cisco ignores. "In contract law, a scrivener's error . . . occurs when the intention of the parties is identical at the time of the transaction but the written agreement does not express that intention because of that error. This permits a court acting in equity to reform an agreement." *In re Estate of Harford*, 936 P.2d 48, 50 (Wash. Ct. App. 1997). Here, to the extent Mr. McWilliams'

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████ This fact remains undisputed, and thus the '705 Patent cannot be a ███████████████

In view of the foregoing, the declarations from Mr. Yates and Mr. McWilliams are not necessary to establish K.Mizra's entitlement to summary judgment on Cisco's license defense. Cisco must prove that the '705 Patent is a ███████████████ To do that Cisco must prove that ███████████████████████████████████████████████████████ Cisco has offered no evidence from which a jury could make such a conclusion. End of story.

While unnecessary, the declarations are proper and should be considered. As a general matter, Cisco objects to the declarations themselves as documentary evidence rather than previews of what the witnesses would testify to at trial, and thus Cisco ignores the purpose of K.Mizra's declarations under Fed. R. Civ. P. 56(c)(4). *See, e.g.*, *Jones v. UPS Ground Freight*, 683 F.3d 1283, 1294 (11th Cir. 2012) ("The most obvious way that hearsay testimony can be reduced to admissible form is to have the hearsay declarant testify directly to the matter at trial . . . ."); *Ingram v. Raleeh*, No. 4:05-CV-119, 2007 WL 9724146, at *1 (E.D. Tex. Jan. 8, 2007) ("An affidavit stating facts which would be proven through testimony at trial is proper summary judgment evidence."). Cisco's general hearsay objections are, as are its other specific objections, baseless.

First, Cisco asserts that the declarations are irrelevant because they are "offered to vary, contradict, or modify a contract's clear and unambiguous language." (ECF No. 142 at 6.) But that is not the case. As discussed above and in K.Mizra's prior pleadings, ██████████ ██████████████████████████████████████████████████ ███████████████ They in fact point in the opposite direction, and this is consistent with the Yates and McWilliams declarations. In particular, ███████████████████████████ ██████████████████████████████████████ That is what Mr. McWilliams did, and that is what his declaration states. Nor are the declarations an effort to "unilaterally remove patents from ████████" as Cisco states. (ECF No. 142 at 7.) ██████████████████████ ██████████████████████████████████

Further, even if ██████████████████████████████████████ ████████████████████████████ it is well-settled that "to relieve parties from the mistress of accident or mistake or fraud, court of equity will admit parol evidence to qualify and correct and necessarily sometimes to even defeat the terms of written instruments." *Barnes v. Packwood*, 38 P. 857, 858 (Wash. 1894); *see also Berg v. Hudesman*, 801 P.2d 222, 224(Wash. 1990). The testimony of Mr. Yates and Mr. McWilliams would thus be admissible to correct a scrivener's error or mutual mistake if such had occurred. (ECF No. 143 at 12-13.)

Next, Cisco asserts that the declarations are inadmissible as speculative because Mr. McWilliams' declaration includes ████████████████████████████████ ██████████████████████████████████████████ (ECF No. 142 at 8.) But Mr. McWilliams was directly communicating with Microsoft's attorneys and was thus privy to those attorneys' understanding of his communications and their own, rendering his impressions admissible. *Hines v. Ironclad Energy, LLC*, No. 5:19-CV-00155-OLG, 2019 WL 5027021, at *2

6

(W.D. Tex. Aug. 23, 2019) (holding that a declarant's personal knowledge "can include inferences and opinions, so long as they are grounded in personal observation and experience").

Nor did Mr. McWilliams make an inconsistent statement on behalf of Microsoft. (ECF No. 142 at 8-9.) The subpoena objections on which Cisco relies consist of attorney argument, not evidence. *Northpoint*, 2011 WL 13104235, at *2. Further, Mr. McWilliams himself did not sign Microsoft's objections, and thus no statements in that document are attributable to him personally. *See Robinson v. Nat'l Cash Reg. Co.*, 808 F.2d 1119, 1132 (5th Cir. 1987), *abrogated on other grounds by Thomas v. Cap. Sec. Servs., Inc.*, 836 F.2d 866, 871 (5th Cir. 1988) (holding that signatures on pleadings are not attributable to counsel of record who do not sign pleadings).

Nor is Mr. Yates' testimony concerning the activities of Nicolas Labbit speculative. (ECF No. 142 at 9.) Mr. Yates and Mr. Labbit are both executives at iPEL, and Mr. Yates asserts personal knowledge of his work with Mr. Labbit and of Mr. Labbit's work activities. (ECF No. 123, Ex. H ¶¶ 4, 39-44.) It is reasonable to infer that an employee has personal knowledge as to other employees, and thus Mr. Yates is qualified to provide testimony as to his work with Mr. Labbit. *Lee v. Metrocare Servs.*, 980 F. Supp. 2d 754, 764 (N.D. Tex. 2013) (citing cases). Further, "[a]n affidavit can adequately support a motion for summary judgment when the affiant's personal knowledge is based on a review of . . . business records and the affiant's position with the employer renders [him] competent to testify on the particular issue which the affidavit concerns." *Carson v. Perry*, No. 95-40551, 1996 U.S. App. LEXIS 44382, at *2 (5th Cir. 1996). That is what Mr. Yates has done here. He has offered testimony concerning iPEL business activities based on his position as CEO of iPEL and his review of relevant business records.

Cisco then complains that the declarations set forth legal conclusions. (ECF No. 142 at 9-10.) But Cisco does not identify any specific statements from either declaration that are

allegedly objectionable as legal conclusions, meaning there is no basis on which to sustain this objection. Further, if the Court determines that either declaration contains inadmissible legal conclusions, the remedy is to strike only those portions containing legal conclusions rather than the entire declarations. *Mendez v. Fed. Rsrv. Bank of Dallas*, No. CIV. SA-10-CA-750-XR, 2011 WL 7053625, at *7 (W.D. Tex. Dec. 23, 2011), *report and recommendation adopted*, No. SA-10-CV-750-XR, 2012 WL 140241 (W.D. Tex. Jan. 18, 2012). Cisco is grasping at straws.

Cisco next asserts that the declarations are contradictory. (ECF No. 142 at 10.) "But, inconsistent testimony is a matter for cross examination and credibility determinations—a matter in the sole perveance of the jury," and thus not a basis to exclude declarations at summary judgment. *In re Wingspan Portfolio Holdings, Inc.*, No. 4:19-CV-00316-RWS, 2019 WL 13251926, at *4 (E.D. Tex. Oct. 15, 2019) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). Perhaps as important, the declarations are not inconsistent. As discussed above, Mr. McWilliams never made any factual assertions on behalf of Microsoft in this action. (ECF No. 142 at 10.) Nor is there an inconsistency in Mr. McWilliams' assertion that ▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (ECF No. 142 at 10-11.) While it is true that ▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (ECF No. 123 at 6-8.)[1]

---

[1] Cisco also takes issue with certain allegedly inconsistent statements in Mr. Yates' declaration. (ECF No. 142 at 11.) But K.Mizra has not relied on any of the statements from Mr. Yates that Cisco identifies as allegedly inconsistent, and thus these objections are moot.

Finally, the Yates and McWilliams declarations are unquestionably timely, contrary to Cisco's baseless complaints about delay. (ECF No. 142 at 12-13.) This Court considers, for the purpose of summary judgment, declarations "obtained following the discovery deadline." *See, e.g., Richardson v. Tex. Sec'y of State*, 485 F. Supp. 3d 744, 762 n.10 (W.D. Tex. 2020) *rev'd on other grounds by Richardson v. Flores*, 28 F.4th 649, 654 (5th Cir. 2022).[2] The declarations did not exist until they were executed during the first week of June, and K.Mizra produced them promptly after execution. Indeed, under Fed. R. Civ. P. 56(c)(4), K.Mizra could have properly included them with its motion for summary judgment without producing them beforehand at all. Further, Mr. McWilliams and Mr. Yates were listed in K.Mizra's Fed. R. Civ. P. 26(a)(1) disclosures no later than November 12, 2021, and Cisco had ample opportunity to seek discovery from them at any time after that. (ECF No. 143, Ex. A at 3.) There is no "gamesmanship" here. (ECF No. 142 at 13.)[3]

C. **Cisco Is Not Entitled to Dismissal if the '705 Patent is an** ▮▮▮▮▮

Cisco does not seek dismissal of this case on the theory that the '705 Patent is an ▮▮▮▮▮ ▮▮▮▮▮ (*See generally* ECF No. 113.) As explained in K.Mizra's motion for summary judgment and reiterated above, Cisco cannot invoke *any* rights under the Microsoft Agreement because it has failed to prove either that it is a third-party beneficiary or that K.Mizra's infringement contentions implicate the agreement. Nonetheless, Cisco disputes "K.Mizra's assertion that Cisco

---

[2] Cisco's case law dealing with untimely summary judgment evidence is inapplicable, as none of the cases excluded *declarations* as untimely. (ECF No. 142 at 13.) Again, fact declarations are explicitly authorized for summary judgment. Fed. R. Civ. P. 56(c)(4).

[3] Cisco raises a host of what amount to discovery disputes in an effort to forestall this Court's consideration of the admissible and properly-obtained declarations. (ECF No. 142 at 13.) But Cisco's invective provides more heat than light. K.Mizra obtained declarations from witnesses listed on its Fed. R. Civ. P. 26(a)(1) disclosures for use in summary judgment, K.Mizra produced those declarations to Cisco promptly after they were executed, and these declarations are properly considered under Fed. R. Civ. P 56(c)(4) and *Richardson*.

cannot seek dismissal of a case brought in direct violation of a covenant not to sue." (ECF No. 142 at 14.) But Cisco's legal authority does not support its proposition.

Cisco asserts that "[a] covenant not to sue is a release if it may be pleaded as an affirmative defense to an action." (*Id.* at 14.) But neither *Haney v. Cheatham*, 111 P.2d 1003 (Wash. 1941), *Mills v. InterIsland Tel. Co.*, 416 P.2d 115 (Wash. 1966), nor the other cases cited by Cisco (ECF No. 142 at 15) dealt with ███████████████████████████████████████. A ███████████████████████ plainly does not evince an intent by the parties to provide a complete release to all claims of infringement, as ████ ██████████████████████████████████████████████████████████████████████████ For this reason, the case law cited by K.Mizra in its motion provides the most salient guidance as to how a Washington court would treat a hypothetical breach of a time-limited covenant not to sue. (ECF No. 123 at 13-14.) Dismissal is not an available remedy, and Cisco has not sought it.

### D. Cisco Cannot Recover Damages on a Breach of Contract Theory

Cisco belatedly asserts that it is entitled to attorneys' fees for K.Mizra's alleged breach of the covenant not to sue as to ████████████ (ECF No. 142 at 16.) But Cisco points to no prior disclosure that it would seek *any* contract damages, and thus Cisco cannot raise such a claim now. *See, e.g., Gen. Elec. Cap. Bus. Asset Funding Corp. v. S.A.S.E. Mil. Ltd.*, No. CIV. SA-03-CA-189-RF, 2004 WL 5495589, at *4 (W.D. Tex. Oct. 8, 2004) (striking "late designation of additional damages" that "occurred two months prior to the scheduled trial"). K.Mizra is entitled to summary judgment on Cisco's breach of contract claim. *Hernandez v. Frazier*, No. CV SA-11-CA-9-FB, 2012 WL 12895764, at *7–8 (W.D. Tex. Sept. 14, 2012), *report and recommendation adopted*, No. SA-11-CV-0009-DAE, 2013 WL 12142684 (W.D. Tex. Jan. 31, 2013).

### IV. CONCLUSION

K.Mizra's Motion should be granted.

Dated: June 30, 2023                                    Respectfully submitted,

                                                       By: */s/ Matthew C. Holohan*
                                                           Michael C. Smith
                                                           Texas Bar No. 18650410
                                                           michael.smith@solidcounsel.com
                                                           Scheef & Stone, LLP
                                                           113 E. Austin Street
                                                           Marshall, TX 75670
                                                           (903) 938-8900

                                                           Anna Rebecca Skupin
                                                           State Bar No. 24084272
                                                          becca.skupin@solidcounsel.com
                                                           Scheef & Stone, LLP
                                                           200 North Travis Street, Suite 402
                                                           Sherman, Texas 75090
                                                           (430) 262-5660

                                                           Robert R. Brunelli*
                                                           CO State Bar No. 20070
                                                               rbrunelli@sheridanross.com
                                                           Paul Sung Cha*
                                                           CO State Bar No. 34811
                                                               pscha@sheridanross.com
                                                           Patricia Y. Ho*
                                                           CO State Bar No. 38013
                                                             pho@sheridanross.com
                                                           Matthew C. Holohan*
                                                           CO State Bar No. 40996
                                                             mholohan@sheridanross.com
                                                           Bart A. Starr*
                                                           CO State Bar No. 50446
                                                             bstarr@sheridanross.com
                                                           Angela J. Bubis*
                                                           CO State Bar No. 58144
                                                             abubis@sheridanross.com
                                                           SHERIDAN ROSS P.C.
                                                           1560 Broadway, Suite 1200
                                                           Denver, CO 80202
                                                           Telephone: 303-863-9700
                                                           Facsimile: 303-863-0223
                                                           litigation@sheridanross.com

                                                         *Admitted pro hac vice*
                                        *Attorneys for Plaintiff K.Mizra LLC*

## CERTIFICATE OF SERVICE

I certify that on June 30, 2023, the documents filed with the Clerk of Court via the Court's CM/ECF system under seal in the above-captioned case were subsequently served on all counsel of record by electronic mail.

By: */s/ Matthew C. Holohan*
Matthew C. Holohan
CO State Bar No. 40996
mholohan@sheridanross.com
SHERIDAN ROSS P.C.
1560 Broadway, Suite 1200
Denver, CO 80202
303-863-9700
litigation@sheridanross.com

*\*Admitted pro hac vice*
*Attorney for Plaintiff K.Mizra LLC*

12