**PUBLIC VERSION**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### WACO DIVISION

| | |
|---|---|
| K.MIZRA LLC, | Civil Action No.: 6:20-cv-01031-ADA |
| Plaintiff, | |
| v. | **Jury Trial Demanded** |
| CISCO SYSTEMS, INC., | ██████████████ |
| Defendant. | |

## PLAINTIFF K.MIZRA LLC'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT AS TO DEFENDANT CISCO SYSTEMS, INC.'S DEFENSES BASED ON PRIOR ART AND PATENT ELIGIBILITY

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ ii

I.      INTRODUCTION ..................................................................................................... 1

II.     ARGUMENT .............................................................................................................. 2

        A.      Cisco Cannot Prove Invalidity Based on Prior Art ................................. 2

                1.      This Court Has Correctly Held that IPR Estoppel Applies
                        to System Prior Art Described in Printed Publications ................ 2

                2.      Cisco Has Not Shown Extensive Reliance on
                        Non-Public Documents ...................................................................... 3

                3.      Cisco's Prior Art Defenses Fail on the Merits ............................... 6

        B.      Cisco Has Not Substantiated Its Patent Eligibility Defense ................... 7

III.    CONCLUSION ........................................................................................................... 8

# TABLE OF AUTHORITIES

**Cases**

*Bos. Sci. Corp. v. Cook Grp. Inc.*,
  No. 1:17-CV-03448-JRS-MJD,
  2023 WL 1452172 (S.D. Ind. Jan. 31, 2023) ............................................................ 3

*Canadian Standards Ass'n v. P.S. Knight Co.*,
  No. 1:20-CV-1160-DAE,
  2023 WL 1769832 (W.D. Tex. Jan. 4, 2023) ............................................................ 7

*CliniComp Int'l, Inc. v. Athenahealth, Inc.*,
  No. A-18-CV-00425-LY,
  2020 WL 7011768 (W.D. Tex. Oct. 28, 2020) ................................................... 1, 2, 3

*Harris v. Mack*,
  No. SA:11-CV-00622-DAE,
  2013 WL 416299 (W.D. Tex. Jan. 31, 2013) ............................................................ 6

*Harris v. Mack*,
  No. SA-11-CV-00622-FB,
  2012 WL 6970743 (W.D. Tex. Dec. 5, 2012) ............................................................ 6

*Hester Indus., Inc. v. Stein, Inc.*,
  142 F.3d 1472 (Fed. Cir. 1998) ............................................................................... 8

*MDSave, Inc. v. Sesame, Inc.*,
  No. 6:21-CV-01338-ADA,
  2023 WL 353998 (W.D. Tex. Jan. 11, 2023) ............................................................ 6

*Moore v. Baylor Scott & White Health*,
  No. 1:18-CV-363-LY,
  2019 WL 5106279 (W.D. Tex. July 10, 2019) ......................................................... 6

*Moore v. Baylor Scott & White Health*,
  No. A-18-CV-363 LY,
  2019 WL 2524842 (W.D. Tex. June 19, 2019) ......................................................... 6

*Nola Spice Designs, LLC v. Haydel Enter., Inc.*,
  783 F.3d 527 (5th Cir. 2015) ................................................................................... 7

*Philip Morris USA Inc. v. Lee*,
  547 F. Supp. 2d 667 (W.D. Tex. 2008) ................................................................... 6

*Wasica Fin. GmbH v. Schrader Int'l, Inc.*,
  432 F. Supp. 3d 448 (D. Del. 2020) .................................................................... 2, 3

## I.      <u>INTRODUCTION</u>

Defendant Cisco Systems, Inc.'s ("Cisco") prior art-based defenses are estopped. Also, Cisco has not developed a factual record from which a jury could conclude that the asserted claims of Plaintiff K.Mizra LLC's ("K.Mizra") U.S. Patent No. 8,234,705 ("the '705 Patent") are drawn to ineligible subject matter under 35 U.S.C. § 101 ("Section 101"). Cisco's Opposition to K.Mizra's Motion for Summary Judgment only confirms these conclusions.

The law in this Court is that "estoppel [under 35 U.S.C. § 315(e)(2)] still applies when the allegedly new [system] references have 'materially identical' disclosures as the IPR art." (ECF No. 121, Ex. O at 1.) *See also CliniComp Int'l, Inc. v. Athenahealth, Inc.*, No. A-18-CV-00425-LY, 2020 WL 7011768, at *2 (W.D. Tex. Oct. 28, 2020). Cisco disputes this legal principle by citing decisions from ***other courts*** that have declined to apply it. However, Cisco offers no justification for its suggestion that this Court should abandon its prior, well-reasoned holdings regarding the application of IPR estoppel to system prior art described in printed publications.

Cisco also ignores the primary evidence on which K.Mizra relied in its motion, namely, the fact that Cisco's counsel represented that two printed publications—the NAC White Paper and INAC|POCD—"eliminate[] any doubt" that the asserted claims of the '705 Patent are invalid. (ECF No. 121, Ex. D at 1.) Nowhere in Cisco's opposition brief is any explanation as to how Dr. Clark's *de minimis* source code citations add any substance to his assertions regarding printed publications, or to Cisco's prior reliance on those publications. Indeed, Dr. Clark himself admitted that ███████████████████████████████████████████████████████████ ██████████████████████████. (*Id.*, Ex. J at 86:3-10, 86:11-17.) K.Mizra's motion should be granted as to Cisco's prior art defenses.

Nor has Cisco met its burden of production concerning its Section 101 defense. Cisco's Opposition does not explain the basis for its bald assertion that the asserted claims of the '705 Patent are abstract. Cisco's efforts to bolster Dr. Clark's opinions concerning conventionality confirm that all Cisco has done is identify certain aspects of the claims that were present in the prior art and then assume that they were routine, conventional or well-understood. Cisco's positioning falls short of the standard to prove patent ineligibility under Section 101. K.Mizra's motion should thus be granted on that basis as well.

## II.   ARGUMENT

### A.   Cisco Cannot Prove Invalidity Based on Prior Art

#### 1.   This Court Has Correctly Held that IPR Estoppel Applies to System Prior Art Described in Printed Publications

Contrary to this Court's holdings in *Clinicomp* and the Omnibus Pretrial Order in *Hafeman v. LG Elecs., Inc.*, No. 6:21-cv-00696-ADA, Cisco advances adoption by this Court of a blanket rule that "IPR estoppel does not apply to prior art products." (ECF No. 144 at 4.) But just two and a half months ago in *Hafeman*, this Court properly applied the holding in *Wasica Fin. GmbH v. Schrader Int'l, Inc.*, 432 F. Supp. 3d 448, 454–55 (D. Del. 2020) that IPR estoppel applies to system prior art described in printed publications. The Court held that although the defendant in that case, LG Electronics, Inc. ("LG"), "uses two system references . . . for its invalidity argument that it could not raise before the PTAB, *estoppel still applies when the allegedly new references have 'materially identical' disclosures as the IPR art*." (ECF No. 121, Ex. O at 1 (emphasis added).) The Court then held that because "there is 'no substantive difference'" between the IPR prior art and the system prior art, "LG is estopped from" relying on the system prior art in litigation. (*Id.* at 1-2.) In reaching this holding, the Court relied on *Wasica,* as well as *Bos. Sci. Corp. v. Cook*

*Grp. Inc.*, No. 1:17-CV-03448-JRS-MJD, 2023 WL 1452172, at *34 (S.D. Ind. Jan. 31, 2023), which reached the same conclusion.

Likewise, this Court endorsed the *Wasica* holding in *CliniComp*. In declining to apply estoppel in that case, the Court held that the *Wasica* principle was there inapplicable not because the legal conclusion was wrong but because the facts were distinguishable. *Wasica*, 2020 WL 7011768, at *2. That is not the case here, as the NAC prior art system is fully disclosed in the NAC White Paper and INAC|POCD, both printed publications, just as in *Wasica*.

Cisco does not mention *Hafeman* in its opposition brief, instead relying on decisions from the Northern District of Texas, the Northern District of Illinois, the District of Delaware, the Central District of California, and the Eastern District of Texas that declined to apply the involved legal principle. (ECF No. 144 at 5-6.) K.Mizra acknowledges (as it did in its motion) that there is a district court split on whether IPR estoppel applies to system prior art. But Cisco cites no appellate authority holding that *Wasica* or *Hafeman* were wrongly decided, and thus Cisco offers no justification for this Court to depart from its own prior, well-reasoned decisions. The Court should maintain consistency and adhere to its prior determination that *Wasica* is sound law.

### 2.     Cisco Has Not Shown Extensive Reliance on Non-Public Documents

To escape the holdings in *Wasica* and *Hafeman*, Cisco must prove that it "relie[d] *extensively* on non-public documents or information that [it] necessarily could not have used in the IPR proceedings." *CliniComp*, 2020 WL 7011768, at *2 (emphasis added). Cisco has not done so. As explained in K.Mizra's motion, Cisco represented that the NAC White Paper and INAC|POCD *alone* "eliminate[d] any doubt" that the asserted claims of the '705 Patent are invalid. (ECF No. 121, Ex. D at 1.) Cisco's NAC source code was in Cisco's possession at the time this representation was made, and Cisco could and surely would have supplemented its invalidity contentions with source code had it considered it necessary to do so at that time. Cisco did not, as such was

unnecessary since the NAC system was fully documented by the NAC White Paper and INAC|POCD. The full disclosure of the system by these printed publications is further confirmed by the testimony of Dr. Clark, who admitted that ████████████████████████████ ████████████████████████████████████████████████████. (ECF No. 121, Ex. J at 86:3-10, 86:11-17.)

Cisco does not address these admissions at all in its Opposition, instead seeking to inflate the significance of Dr. Clark's source code citations. But Cisco fails to show "extensive" reliance as required under *CliniComp*. Instead, Cisco admits that ████████████████████████████ ████████████████████████████████████ (ECF No. 144 at 7.) To try and minimize the strength of these admissions, Cisco then asserts Dr. Clark ████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ (*Id.* at 7.) But Cisco ignores the fact that these incorporations also necessarily incorporate the NAC White Paper and INAC|POCD citations from those two claim limitations. In the end, Cisco offers no explanation as to what material information the source code supplies that is not present in the printed publications.

Cisco then misconstrues K.Mizra's argument to take an irrelevant swipe at K.Mizra's infringement expert. (*Id.*) Dr. Clark's lack of detail and explanation as to his source code citations does not demonstrate that the citations themselves are necessarily insufficient for the purposes of an expert's claim chart. Rather, the lack of substance in these citations makes it impossible to determine what, if anything, the source code adds to the otherwise detailed discussions of the NAC White Paper and INAC|POCD. Indeed, based on the representations of Cisco's counsel and Dr. Clark himself, the source code adds nothing at all.

████████████████████████████████████████████████

Next, Cisco incorrectly states that "K.Mizra provides no particularized comparison of Gleichauf with NAC to show they are identical in scope." *(Id.* at 8.) But K.Mizra's motion does just that, providing an element-by-element comparison of the disclosures of NAC and Gleichauf (as characterized by Dr. Clark) to show that the relevant portions overlap. (ECF No. 121 at 5-6.) In any case, regardless of whether NAC and Gleichauf are coextensive, NAC is fully disclosed in the NAC White Paper and INAC|POCD, as discussed above.

Tellingly, Cisco then asserts that "Cisco has produced at least 130 other patents that relate to the NAC product." (ECF No. 144 at 8.) Taking the statement at face value, Cisco had a wealth of patents that it could have cited at the PTAB that would have fully disclosed NAC. However, Cisco did not choose to rely on these 130 patents at the PTAB. The reason—what Cisco did rely upon at the PTAB disclosed what it thought needed to be disclosed. Cisco is estopped from strategically raising NAC here after having fallen short at the PTAB.

Finally, Cisco cites its ███████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████ *(Id.)* But Cisco does not even allege, let alone demonstrate, that Dr. Clark actually relied upon this ████████████████████ in his invalidity case against the '705 Patent. In fact, Dr. Clark's claim charts do not mention this █████████████████ at all. (ECF No. 121, Exs. F-I.) The ███████ ██████████ like the source code, is a distraction meant to create the false impression that the substance of NAC could not have been presented at the PTAB via printed publications. The Court should disregard the ████████████—it is a contrivance.

Cisco has not rebutted K.Mizra's showing that NAC and Cisco's printed publications are "materially identical because of [Cisco's] admissions," which warranted estoppel in *Hafeman*.

(ECF No. 121, Ex. O at 2.) The same result should occur here—Cisco is estopped from raising NAC or any other prior art at trial.

### 3.    Cisco's Prior Art Defenses Fail on the Merits

Cisco has not responded at all to K.Mizra's argument that, regardless of any estoppel issues, Cisco's prior art invalidity defenses fall short of the clear and convincing evidence standard to show anticipation or obvious. (ECF No. 121 at 18-19.) K.Mizra's motion establishes at least a *prima facie* case that Cisco's prior art defenses fail on the merits. Cisco's failure to respond to that portion of the motion means summary judgment is now appropriate. *See, e.g.*, *Moore v. Baylor Scott & White Health*, No. A-18-CV-363 LY, 2019 WL 2524842, at *3 (W.D. Tex. June 19, 2019), *report and recommendation adopted*, No. 1:18-CV-363-LY, 2019 WL 5106279 (W.D. Tex. July 10, 2019) (deeming a failure to respond to an issue raised on summary judgment as abandonment of that issue); *Harris v. Mack*, No. SA-11-CV-00622-FB, 2012 WL 6970743, at *2 (W.D. Tex. Dec. 5, 2012), *report and recommendation adopted*, No. SA:11-CV-00622-DAE, 2013 WL 416299 (W.D. Tex. Jan. 31, 2013) (granting summary judgment on defenses where the opposing party failed to respond as to those defenses).

More specifically, this Court treats a failure to respond to an argument as a non-opposition to that argument. *See MDSave, Inc. v. Sesame, Inc.*, No. 6:21-CV-01338-ADA, 2023 WL 353998, at *8 (W.D. Tex. Jan. 11, 2023) ("Plaintiffs failed to respond to Defendant's arguments regarding dismissing Trademark and Unfair Competition claims pursuant to Rule 12(b)(6). Thus, the Court finds that these claims should be dismissed as unopposed.") (citations omitted). "The Court cannot assume, in the absence of any proof, that the non-moving party could or would prove the facts necessary to defeat a motion for summary judgment." *Philip Morris USA Inc. v. Lee*, 547 F. Supp. 2d 667, 673 (W.D. Tex. 2008). Cisco has not substantiated its prior art defenses on the merits, meaning K.Mizra is now entitled to summary judgment on all prior art invalidity issues.

**B.** <u>**Cisco Has Not Substantiated Its Patent Eligibility Defense**</u>

Cisco acknowledges (as it must) Dr. Clark admitted that ███████████████████

███████████████████████. Instead, Cisco asserts that Dr. Clark's position is that

████████████████████████████████████████████████████████████████████

█████████████ (ECF No. 144 at 10 (quoting ECF No. 121-1 ¶ 131).) That is not the applicable

*Alice* Step 1 standard and, in any case, Cisco altogether fails to explain or justify this conclusory

characterization of the asserted claims. In short, the record is devoid of any legal basis on which

the Court could find that the asserted claims are abstract. K.Mizra's motion as to Section 101

should be granted on that basis alone.

Regarding *Alice* Step 2, Cisco suggests that it will not rely solely on Dr. Clark for factual

questions concerning that inquiry, vaguely stating that "Cisco fact witnesses may testify at trial on

what was well-understood, routine, and conventional in 2004." (*Id.*) But K.Mizra has pointed to a

lack of evidence in the record to support the patent-ineligibility defense for which Cisco bears the

burden of proof. "'Where the non-movant bears the burden of proof at trial, the movant may merely

point to the absence of evidence and thereby shift to the non-movant the burden of

demonstrating . . . that there is an issue of material fact warranting trial.'" *Canadian Standards*

*Ass'n v. P.S. Knight Co.*, No. 1:20-CV-1160-DAE, 2023 WL 1769832, at *4 (W.D. Tex. Jan. 4,

2023) (quoting *Nola Spice Designs, LLC v. Haydel Enter., Inc.*, 783 F.3d 527, 536 (5th Cir. 2015)).

By declining to even identify its supposed "Cisco fact witnesses," let alone the contents of their

anticipated trial testimony, Cisco has failed to meet its burden of production on summary

judgment.

Further, Cisco's efforts to salvage Dr. Clark's proposed *Alice* Step 2 testimony fall short.

Cisco is incorrect that "[a] claim amendment to secure issuance *is* an admission that the pre-

amendment claims were unpatentable over the prior art." (ECF No. 144 at 11 (emphasis added).)

The 25-year-old case Cisco cites for this proposition says only that an amendment "evidences" an admission that can be inferred, not that such an admission is conclusively established. *Hester Indus., Inc. v. Stein, Inc.*, 142 F.3d 1472, 1481 (Fed. Cir. 1998). In any case, as explained in K.Mizra's motion, the mere presence of a particular claim element in the prior art does not constitute proof that such technology was well known, routine or conventional. (ECF No. 121 at 21.) Neither Dr. Clark's report nor Cisco's Opposition offer any evidence beyond *presence* in the prior art and Dr. Clark's conclusory declarations that these technologies were conventional. (*Id.*) Cisco has failed to meet its burden of production to show that the asserted claims fail *Alice* Step 2 and the Section 101 motion should also be granted on this basis.

## III.   <u>CONCLUSION</u>

K.Mizra respectfully requests that the Court grant summary judgment in K.Mizra's favor as to Cisco's prior art and Section 101 defenses.

Dated: June 30, 2023                          Respectfully submitted,

                                              By: /s/ *Matthew C. Holohan*
                                                  Michael C. Smith
                                                  Texas Bar No. 18650410
                                                  michael.smith@solidcounsel.com
                                                  Scheef & Stone, LLP
                                                  113 E. Austin Street
                                                  Marshall, TX 75670
                                                  (903) 938-8900

                                                  Anna Rebecca Skupin
                                                  Texas Bar No. 24084272
                                                  becca.skupin@solidcounsel.com
                                                  Scheef & Stone, LLP
                                                  200 North Travis Street
                                                  Suite 402
                                                  Sherman, TX 75090
                                                  (430) 262-5660

                                                  Robert R. Brunelli*
                                                  CO State Bar No. 20070
                                                      rbrunelli@sheridanross.com
                                                  Paul Sung Cha*
                                                  CO State Bar No. 34811
                                                      pscha@sheridanross.com
                                                  Patricia Y. Ho*
                                                  CO State Bar No. 38013
                                                      pho@sheridanross.com
                                                  Matthew C. Holohan*
                                                  CO State Bar No. 40996
                                                      mholohan@sheridanross.com
                                                  Bart A. Starr*
                                                  CO State Bar No. 50446
                                                      bstarr@sheridanross.com
                                                  Angela J. Bubis*
                                                  CO State Bar No. 58144
                                                      abubis@sheridanross.com
                                                  SHERIDAN ROSS P.C.
                                                  1560 Broadway, Suite 1200
                                                  Denver, CO 80202
                                                  Telephone: 303-863-9700
                                                  Facsimile: 303-863-0223
                                                  litigation@sheridanross.com

                                                  *Admitted pro hac vice
                                                  *Attorneys for Plaintiff K.Mizra LLC*

9

## CERTIFICATE OF SERVICE

I certify that on June 30, 2023, the documents filed with the Clerk of Court via the Court's CM/ECF system under seal in the above-captioned case were subsequently served on all counsel of record by electronic mail.

By: */s/ Matthew C. Holohan*
Matthew C. Holohan*
CO State Bar No. 40996
mholohan@sheridanross.com
SHERIDAN ROSS P.C.
1560 Broadway, Suite 1200
Denver, CO 80202
Telephone: 303-863-9700
Facsimile: 303-863-0223
litigation@sheridanross.com

*Admitted pro hac vice*
*Attorney for Plaintiff K.Mizra LLC*