PUBLIC VERSION

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| K.MIZRA LLC,<br><br>        Plaintiff,<br><br>v.<br><br>CISCO SYSTEMS, INC.,<br><br>        Defendant. | Civil Action No.: 6:20-cv-01031-ADA<br><br>**Jury Trial Demanded** |

**PLAINTIFF K.MIZRA LLC'S REPLY TO DEFENDANT CISCO SYSTEMS, INC.'S OPPOSITION TO K.MIZRA'S DAUBERT MOTION TO EXCLUDE OPINIONS OF CISCO'S EXPERT DR. PAUL CLARK**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................... ii

A.   Dr. Clark's "Conditional" Opinions on Claim Interpretation and "Practicing the Prior Art"-Based Anticipation Should Be Excluded ........................... 3

B.   Dr. Clark's Obviousness Opinions are Legally Wrong ................................................. 5

C.   Cisco Admits Dr. Clark has no Enablement Opinions ................................................... 6

## TABLE OF AUTHORITIES

**Cases**

*01 Communique Lab., Inc. v. Citrix Systems, Inc.*,
  889 F.3d 735 (Fed. Cir. 2018) ............................................................................................... 4

*Cordance Corp. v. Amazon.com, Inc.*,
  658 F.3d 1330 (Fed. Cir. 2011) ............................................................................................. 4

*Flexuspine, Inc. v. Globus Medical, Inc.*,
  No. 6:15-cv-201-JRG-KNM,
  2016 WL 9276024 (E.D. Tex. July 6, 2016) ........................................................................ 5

*Innogenetics, N.V. v. Abbott Labs.*,
  512 F.3d 1363 (Fed. Cir. 2008) ............................................................................................. 5

*Tate Access Floors, Inc. v. Interface Architectural Res., Inc.*,
  279 F.3d 1357 (Fed. Cir. 2002) ......................................................................................... 4, 5

*Treehouse Avatar LLC v. Valve Corp.*,
  54 F.4th 709 (Fed. Cir. 2022) ................................................................................................ 3

*Zenith Elecs. Corp. v. PDI Commc'n Sys., Inc.*,
  522 F.3d 1348 (Fed. Cir. 2008) ......................................................................................... 4, 5

Defendant Cisco Systems, Inc.'s ("Cisco") Opposition to K.Mizra's *Daubert* Motion to Exclude Opinions of Cisco Expert Dr. Paul Clark (ECF No. 138) (the "Response") proves all the points raised in Plaintiff K.Mizra LLC ("K.Mizra") Motion to Exclude (ECF No. 118). The Court should now thus grant K.Mizra's *Daubert* motion to exclude the anticipation, obviousness, and enablement opinions of Dr. Paul Clark from presentation at trial.

### A. Dr. Clark's "Conditional" Opinions on Claim Interpretation and "Practicing the Prior Art"-Based Anticipation Should Be Excluded

Cisco's Response on the anticipation opinions miss the point. K.Mizra's argument is not that either party is applying an *inconsistent* claim construction to its validity or infringement allegations. Nor does K.Mizra dispute that claims must be interpreted identically in both the validity and infringement contexts. K.Mizra's point is that Dr. Clark admits to applying an *improper* claim interpretation in forming and reaching his anticipation opinions. *See* ECF No. 118 (K.Mizra Motion) at 2-3; ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Dr. Clark's "improper claim construction" admission is made even more troubling by the fact that he fails to set forth what he considers to be *proper* interpretations of involved claim limitations. Instead, we are left to guess. In fact, Cisco even concedes that Dr. Clark's anticipation analysis is accurate *only* when claims are *improperly interpreted*. *See* ECF No. 138 at 3 (referring to an overly broad—i.e., improper—claim interpretation that reads on the prior art). There can be no dispute that Dr. Clark's anticipation opinions are the product of unreliable methodology and must be excluded. *See, e.g., Treehouse Avatar LLC v. Valve Corp.*, 54 F.4th 709, 715 (Fed. Cir. 2022) (striking expert testimony premised upon a "materially different" claim construction).

Apparently recognizing the tenuous factual ground upon with Dr. Clark's anticipation opinion rests, Cisco pivots to the Federal Circuit's opinion in *01 Communique Lab., Inc. v. Citrix Systems, Inc.*, 889 F.3d 735 (Fed. Cir. 2018). *See* ECF No. 138 at 3-5. In that case, however, the Federal Circuit warned against employing the age-old but improper "practicing the prior art" defense—the very defense Cisco has adopted here and that the Federal Circuit has rejected. *See Tate Access Floors, Inc. v. Interface Architectural Res., Inc.*, 279 F.3d 1357, 1365 (Fed. Cir. 2002); *see also Cordance Corp. v. Amazon.com, Inc.*, 658 F.3d 1330, 1335 (Fed. Cir. 2011); *Zenith Elecs. Corp. v. PDI Commc'n Sys., Inc.*, 522 F.3d 1348, 1363 (Fed. Cir. 2008). In any case, nowhere in the *01 Communique* decision does the Federal Circuit endorse the proposition that a defendant may rely on an improper claim interpretation to prove anticipation.

At bottom, Cisco's anticipation defense is this: If the accused Cisco products infringe, then the prior art Cisco NAC system invalidates. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ However, the argument is a classic "practicing the prior art" defense in which an accused infringer impermissibly focuses on a comparison between the accused products and the prior art vs. correctly focusing on *properly-interpreted claims* and the prior art. As the Federal Circuit warned against in *01 Communique*, Cisco's tactics "conflate the infringement and invalidity inquiries" to improperly rely upon "the purported similarities between the accused product and the prior art." 889 F.3d at 742. Said differently, "simply asserting that the prior art is the same as 'an allegedly infringing

product [, as Cisco asks Dr. Clark to do here,] cannot constitute clear and convincing evidence of invalidity.'" *Id.* (quoting *Zenith Elecs. Corp.*, 522 F.3d at 1363-64). *See also Tate Access Floors, Inc.,* 279 F.3d at 1367 ("[A]ccused infringers are not free to flout the requirement of proving invalidity by clear and convincing evidence" by asserting a "practicing the prior art" defense).

Dr. Clark's proposed anticipation opinion is premised upon an improper claim interpretation and a legally wrong "practicing the prior art" argument. It should now be precluded from trial in its entirety.

### B. Dr. Clark's Obviousness Opinions are Legally Wrong

K.Mizra has not "cherry-picked" phrases or ignored portions of Dr. Clark's obviousness opinion, as Cisco alleges. *See* ECF No. 138 at 6. Indeed, K.Mizra cited to the entirety of Dr. Clark's opinions, to the extent they exist in the mere two and a half pages Dr. Clark devotes to the typically complex and involved obviousness analysis. *See* ECF No. 118 at 4-5. The problem is that the minimal disclosure of Dr. Clark (a few pages) simply does not meet the legal standards needed to be allowed to opine at trial on the complicated obviousness issues, and Cisco's reliance upon *Flexuspine, Inc. v. Globus Medical, Inc.*, No. 6:15-cv-201-JRG-KNM, 2016 WL 9276024 (E.D. Tex. July 6, 2016) does not change that result.

The challenged opinions in *Flexuspine,* were explained in detail and with deep analysis over more than 50 written pages of the expert report. *See id.* at *4. The few measly pages of conclusory statements of Dr. Clark simply do not compare. Rather, Dr. Clark's statements on anticipation here are more in line with a case compared and contrasted by the *Flexuspine* court, the *Innogenetics, N.V. v. Abbott Labs.*, 512 F.3d 1363 (Fed. Cir. 2008) case. In *Innogenetics*, the Federal Circuit noted that an expert's analysis focused on mere "knowledge of a problem and motivation to solve it" does not pass muster and is "entirely different" from an expert's analysis

focusing on a motivation to combine particular references to reach a particular claimed invention. 512 F.3d at 1373.

 For example, ███████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

Dr. Clark's conclusory and truncated analysis and the opinions flowing therefrom are simply inadequate under relevant law, including *Innogenetics* and *Flexuspine*, and should be excluded from trial.

  C. **Cisco Admits Dr. Clark has no Enablement Opinions**

 Cisco admits Dr. Clark did not offer any opinions on enablement and that he will not present on that topic at trial. *See* ECF No. 138 at 10. Accordingly, this issue appears to be resolved. But so the record is clear on the issue, K.Mizra asks that the Court formally hold that Dr. Clark may not testify at trial concerning any issue of enablement.

Dated: June 30, 2023                                       Respectfully submitted,

                                                                                                               By: */s/ Bart A. Starr*
                                                                                                                       Michael C. Smith
                                                                                                                       Texas Bar No. 18650410
                                                                                                                       michael.smith@solidcounsel.com
                                                                                                                       Scheef & Stone, LLP
                                                                                                                       113 E. Austin Street
                                                                                                                       Marshall, TX 75670
                                                                                                                       (903) 938-8900

Anna Rebecca Skupin
State Bar No. 24084272
becca.skupin@solidcounsel.com
Scheef & Stone, LLP
200 North Travis Street, Suite 402
Sherman, Texas 75090
(430) 262-5660

Robert R. Brunelli*
CO State Bar No. 20070
    rbrunelli@sheridanross.com
Paul Sung Cha*
CO State Bar No. 34811
    pscha@sheridanross.com
Patricia Y. Ho*
CO State Bar No. 38013
    pho@sheridanross.com
Matthew C. Holohan*
CO State Bar No. 40996
    mholohan@sheridanross.com
Bart A. Starr*
CO State Bar No. 50446
    bstarr@sheridanross.com
Angela J. Bubis*
CO State Bar No. 58144
    abubis@sheridanross.com
SHERIDAN ROSS P.C.
1560 Broadway, Suite 1200
Denver, CO 80202
Telephone: 303-863-9700
Facsimile: 303-863-0223
litigation@sheridanross.com

*\*Admitted pro hac vice*
*Attorneys for Plaintiff K.Mizra LLC*

## **CERTIFICATE OF SERVICE**

I certify that on June 30, 2023, the documents filed with the Clerk of Court via the Court's CM/ECF system under seal in the above-captioned case were subsequently served on all counsel of record by electronic mail.

By: */s/ Bart A. Starr*
Bart A. Starr*
CO State Bar No. 50446
bstarr@sheridanross.com
SHERIDAN ROSS P.C.
1560 Broadway, Suite 1200
Denver, CO 80202
Telephone: 720-987-0899
Facsimile: 303-863-0223
litigation@sheridanross.com

**Admitted pro hac vice*
*Attorney for Plaintiff K.Mizra LLC*