**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| K.MIZRA, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 6:20-cv-01031-ADA |
| | ) | |
| v. | ) | |
| | ) | ▮ |
| CISCO SYSTEMS, INC. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT CISCO SYSTEMS, INC.'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT BASED ON LICENSE**

# TABLE OF CONTENTS

**Page**

INTRODUCTION ..........................................................................................................................1

ARGUMENT ..................................................................................................................................1

A. There is no genuine dispute that the '705 Patent is a ███████████ ...........................1

    1. K.Mizra offers only inadmissible evidence and untenable arguments that cannot create a genuine issue of material fact ...........................................1

    2. K.Mizra cannot rely on the doctrine of mutual mistake .........................................5

B. There is no genuine dispute that Cisco is a third-party beneficiary ....................................6

C. There is no genuine dispute that K.Mizra relies on the use of Microsoft Products .............7

D. There is no genuine dispute that the '705 Patent is, at minimum, an ███████████ ..........10

CONCLUSION ..............................................................................................................................10

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Beaver v. Harris' Est.*,
   67 Wash. 2d 621 (1965) ..................................................................................................6

*Carson v. Isabel Apartments, Inc.*,
   20 Wash. App. 293 (1978) ............................................................................................5, 6

*Cervantes v. Cotter & Sons, Inc.*,
   No. SA-15-CA-00287-JWP, 2016 WL 2624957 (W.D. Tex. Apr. 7, 2016) ...........................3

*CPL (Delaware) LLC v. Conley*,
   110 Wash. App. 786 (2002) ...........................................................................................6

*Denaxas v. Sandstone Ct. of Bellevue, L.L.C.*,
   148 Wash. 2d 654 (2003) ..............................................................................................5

*Dig. Reg of Tex., LLC v. Adobe Sys. Inc.*,
   Case No. C 12-1971 CW, 2013 WL 5402094, at *3 (N.D. Cal. Sept. 26, 2013) .................9

*Google LLC v. Oracle Am., Inc.*,
   141 S. Ct. 1183 (2021) ..................................................................................................8

*Kitsap Cnty. v. Allstate Ins. Co.*,
   136 Wash. 2d 567 (1998) ..............................................................................................2

*Kleinsasser v. Progressive Direct Ins. Co.*,
   No. C17-5499 BHS, 2021 WL 1720951 (W.D. Wash. Apr. 30, 2021), *aff'd*,
   No. 21-35351, 2022 WL 822192 (9th Cir. Mar. 18, 2022) .............................................2

*Lee v. Offshore Logistical & Transp., L.L.C.*,
   859 F.3d 353 (5th Cir. 2017) ........................................................................................2

*McConathy v. Dr. Pepper/Seven Up Corp.*,
   131 F.3d 558 (5th Cir. 1998) ........................................................................................2

*Mut. Concepts, Inc. v. First Nat'l Bank of Omaha*,
   No. CV H-08-03470, 2010 WL 11583298 (S.D. Tex. Sept. 24, 2010) ..........................4

*Patterson v. Houston Indep. Sch. Dist.*,
   570 F. App'x 367 (5th Cir. 2014) .................................................................................5

*Samsung Elecs. Co., Ltd. v. Imperium IP Holdings (Cayman) Ltd*,
   No. CV 15-1059-CFC-CJB, 2021 WL 2004425, at *1 (D. Del. May 19, 2021) ...........9

*Scott v. Petett*,
 63 Wash. App. 50 (1991) ...................................................................................................... 6

*Guy Mitchell & Betty J. Mitchell Fam. Tr. ex rel. Stanzak v. Artists Rts. Enf't Corp.*,
 No. 11-CV-0024-TOR, 2014 WL 202099 (E.D. Wash. Jan. 17, 2014) .................................. 3

*Super Valu Stores, Inc. v. Loveless*,
 5 Wash. App. 551 (1971) ...................................................................................................... 6

**Court Rules**

Fed. R. Civ. P. 26 ............................................................................................................................ 5

Fed. R. Civ. P. 37(c)(1) ................................................................................................................... 5

Fed. R. Civ. P. 56(c)(4) ................................................................................................................... 3

Fed. R. Evid. 801(d)(2)(B) .............................................................................................................. 3

Fed. R. Evid. 803(6) ........................................................................................................................ 3

**INTRODUCTION**

K.Mizra fails to rebut Cisco's competent summary judgment evidence: the Agreement defines ███████████████████████████████████████████ ████████ Instead, K.Mizra faults Cisco for not speculating about why the ████████ would have done so. But there is no need or basis to intuit the reason. The Agreement is clear. K.Mizra cannot avoid it with inadmissible declarations or extracontractual arguments. K.Mizra fails to create a genuine dispute of material fact. The Court should grant Cisco's motion for summary judgment.

**ARGUMENT**

**A.     There is no genuine dispute that the '705 Patent is a ████████████**

The undisputed facts establish that the '705 Patent is a ████████████████ The Agreement defines ████████████████████████████████████ Ex. 1, Mot. Summ. J. Based on License (Mot.), ECF No. 113-1 at MIZCIS00006246; Pl.'s Mot. Summ. J. on Contract-Based Affirmative Defenses & Countercl. (Pl.'s Mot.), ECF No. 123 at 3 █████████████████

████████████████████████████████████████ . ████████████████████████

██████████████████████████████████████████████████████████████████

████████████████████ ECF No. 113-1 at MIZCIS00006252; ECF No. 123 at 3. █████████

█████████████████████████ Ex. 2, Mot., ECF No. 113-2 at MIZCIS00010201–314; ECF No. 123 at 7 ████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

████████████████████████████████ These undisputed facts are dispositive.

**1.     K.Mizra offers only inadmissible evidence and untenable arguments that cannot create a genuine issue of material fact.**

K.Mizra offers three arguments, none of which creates a fact dispute. It first says that the Agreement defines ████████████████████████████████████████████████

1

██████████████████████████████████████ Pl.'s Opp'n to Mot., ECF No. 143 at 8–9. As K.Mizra acknowledges, however, *see id.*, Agreement ██████████

████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████

ECF No. 113-1 at MIZCIS00006252. By disavowing its own updates to ████████ K.Mizra essentially argues that the term ████████ in the first sentence of ████████ means something entirely different than the term ████████ in the second sentence. That violates basic tenets of contract interpretation. *See Kleinsasser v. Progressive Direct Ins. Co.*, No. C17-5499 BHS, 2021 WL 1720951, at *3 (W.D. Wash. Apr. 30, 2021), *aff'd*, No. 21-35351, 2022 WL 822192 (9th Cir. Mar. 18, 2022) ("Terms should [be] given consistent meaning throughout a contract."); *Kitsap Cnty. v. Allstate Ins. Co.*, 136 Wash. 2d 567, 576 (1998) (terms should be interpreted in accordance with contract definitions.). ████████████████████████████████

████████████████████████████████████████████████████████████ ECF No. 113-1 at MIZCIS00006246, MIZCIS00006252.

K.Mizra next focuses ████████████████████████████████████████████
████████████████████████████████████████████████████████████████

---

[1] K.Mizra contends ████████████████████████████ are unauthenticated. K.Mizra concedes, however, that evidence presented at the summary-judgment stage need not be in admissible form. ECF No. 143 at 10; *see also Lee v. Offshore Logistical & Transp., L.L.C.*, 859 F.3d 353, 355 (5th Cir. 2017), as revised (July 5, 2017). In any event, K.Mizra authenticated the documents by providing Mr. McWilliams' ██████████████████████████████████████. ECF No. 123 at 6–8; ECF No. 123-6 ¶¶ 7, 10. And K.Mizra further admitted the authenticity of this evidence by relying on it in its summary judgment briefing. *See McConathy v. Dr. Pepper/Seven Up Corp.*, 131 F.3d 558, 562 (5th Cir. 1998). As for K.Mizra's hearsay objection, because K.Mizra produced

2

▮▮▮ ECF No. 143 at 3, 9. This is demonstrably false. ▮▮▮

▮▮▮ See ECF No. 113-2 at MIZCIS00010201–314. ▮▮▮

▮▮▮ No reasonable jury can conclude otherwise.

K.Mizra also relies on third-party declarations (first disclosed after the close of discovery) to argue that the '705 Patent ▮▮▮ ECF No. 143 at 3-4, 10–12. The Court should not consider these declarations because they are irrelevant, rife with speculation, legal conclusions, and inconsistent statements, and were not properly produced during discovery. *See* Def.'s Opp'n to Pl.'s Mot., ECF No. 142 at 6–14; *see also* Fed. R. Civ. P. 56(c)(4).

**Lack of relevance.** The declarations are irrelevant because they are inadmissible extrinsic evidence offered to modify the Agreement's ▮▮▮ Agreement under Washington law. ECF No. 142 at 6–8; ECF No. 113-1 at MIZCIS00006253 (§ 5.8); *see also Guy Mitchell & Betty J. Mitchell Fam. Tr. ex rel. Stanzak v. Artists Rts. Enf't Corp.*, No. 11-CV-0024-TOR, 2014 WL 202099, at *2 (E.D. Wash. Jan. 17, 2014) ("Extrinsic evidence offered to contradict the terms of an unambiguous contract is inadmissible.").

**Other evidentiary deficiencies.** The declarations are inadmissible because they rely on speculation, outside the personal knowledge of the declarants. ECF No. 142 at 8–9; *see* Fed. R. Civ. P. 56(c)(4). For example, ▮▮▮

---

the documents in discovery and adopted them in its motion, Cisco can rely on them as admissions of a party opponent. Fed. R. Evid. 801(d)(2)(B); *Cervantes v. Cotter & Sons, Inc.*, No. SA-15-CA-00287-JWP, 2016 WL 2624957, at *3 (W.D. Tex. Apr. 7, 2016) (stating that documents produced by defendants are admissions of a party opponent). ▮▮▮ qualify as business records under Fed. R. Evid. 803(6).

3

███████████████ Ex. H, Pl.'s Mot., ECF No. 123-7 ¶¶ 38–39, 43, 46. ███████████

███████████████████████████████████████ ECF No. 123-7 ¶ 38. ███████

████████████████████████████████████████████████████████

█████████████████████

The declarations are also inadmissible because they set forth and rely on legal conclusions. ECF No. 142 at 9–10. They are replete with statements about the meaning and effect of the Agreement. ████████████████████████████████████████████████████████████████████████ *See, e.g.*, Ex. G, Pl.'s Mot., ECF No. 123-6 ¶¶ 6, 11; ECF No. 123-7 ¶¶ 5, 19, 25–26. These statements constitute legal conclusions that are not competent summary judgment evidence. *See, e.g.*, *Mut. Concepts, Inc. v. First Nat'l Bank of Omaha*, No. CV H-08-03470, 2010 WL 11583298, at *13 (S.D. Tex. Sept. 24, 2010) (striking portions of declaration containing legal conclusions).

Compounding the speculation and improper legal opinions, the declarations are riddled with inconsistent statements on key points. ECF No. 142 at 10–11. As explained above, Mr. McWilliams ████████████████████████████████████████████████████████ ECF No. 123-6 ¶¶ 8–11, 6. ██

████████████████████████████████████████████████████████

█████ ECF No. 123-6 ¶ 19. ████████████████████████████████

████████████████████████████████████████████████ Ex. F, Pl.'s Mot., ECF No. 123-5 at MIZCIS00010305–06 (emphasis added), ████████████ ████████████████████████████ ECF No. 123 at 7.

4

***Untimely disclosure.*** The Court should exclude the declarations because K.Mizra sprang them on Cisco long after the close of discovery and acted in a manner calculated to avoid any meaningful discovery. ECF No. 142 at 12–14. Cisco propounded numerous requests for production related to communications concerning the '705 Patent, *see* Ex. 4, Def.'s Opp'n to Pl.'s Mot., ECF No. 142-4 at 7, 8 (Request Nos. 15 and 24), and evidence K.Mizra will rely on to prove its asserted claims and defenses, *id.* at 7 (Request Nos. 17 and 18). K.Mizra repeatedly represented to Cisco that it had no documents responsive to requests for communications with ▬▬▬▬▬▬▬▬ ▬▬▬▬. ECF No. 142-5. In violation of Fed. R. Civ. P. 37(c)(1) and 26, K.Mizra did not disclose the declarations and accompanying exhibits until June 6, 2023, over 2 months after the March 31, 2023 close of fact discovery. It now argues that it has no obligation to produce electronic communications. Ex. 6, Def.'s Opp'n to Pl.'s Mot., ECF No. 142-6 at 1. And it insists that Cisco cannot share the documents with Microsoft—▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ Ex. 15; ECF No. 142-6 at 11; Ex. 7, Def.'s Opp'n to Pl.'s Mot., ECF No. 142-7 at 1–3. Because K.Mizra has not met its discovery obligations, it should not be allowed to rely on these declarations at summary judgment. Fed. R. Civ. P. 37(c)(1); *see also Patterson v. Houston Indep. Sch. Dist.*, 570 F. App'x 367, 369–370 (5th Cir. 2014) (affirming striking untimely summary judgment evidence).

### 2.     K.Mizra cannot rely on the doctrine of mutual mistake.

K.Mizra falls considerably short of establishing a mutual mistake defense. A party seeking to reform a contract must show by clear, cogent and convincing evidence that the parties to the contract both independently made a mutual mistake. *Denaxas v. Sandstone Ct. of Bellevue, L.L.C.*, 148 Wash. 2d 654, 669 (2003); *Carson v. Isabel Apartments, Inc.*, 20 Wash. App. 293, 296 (1978). K.Mizra did not plead a mutual mistake defense, *see* Answer to Countercl., ECF No. 55, and offers

no evidence that Microsoft and ▮▮▮▮▮ both independently made an identical mistake, ECF No. 143 at 12-13. In fact, the evidence establishes the opposite: ▮▮▮▮▮ Ex. 14, Mot., ECF No. 113-14, ▮▮▮▮▮ ECF Nos. 123; 123-6; 123-7.

Furthermore, ▮▮▮▮▮ assumed the risk of the mistake. A party bears the risk of a mistake when the risk is allocated to the party by the contract. *See Scott v. Petett*, 63 Wash. App. 50, 58 (1991). Here, the Agreement contemplates that Microsoft must rely ▮▮▮▮▮. *See* ECF No. 143 at 8-9; *see also* ECF No. 113-1 at MIZCIS00006252. There can be no *mutual* mistake where one party relied on the other party's representations as to the purported mistake. *See Carson*, 20 Wash. App. at 297; S*uper Valu Stores, Inc. v. Loveless*, 5 Wash. App. 551, 554 (1971); *Beaver v. Harris' Est.*, 67 Wash. 2d 621, 628 (1965). And Mr. McWilliams' supposed inattentiveness cannot save K.Mizra. ▮▮▮▮▮ *See CPL (Delaware) LLC v. Conley*, 110 Wash. App. 786, 792-95 (2002) (declining to reform a contract in which party incurred an obligation to provide updated financial statements but later identified errors in the statements).

Cisco has thus established, and K.Mizra cannot genuinely dispute, that the '705 Patent is a ▮▮▮▮▮.

**B.     There is no genuine dispute that Cisco is a third-party beneficiary.**

Cisco has shown that it is a third-party beneficiary ▮▮▮▮▮ the Agreement. ECF No. 113 at 2, 4, 5 ▮▮▮▮▮

*see also* ECF No. 142 at 4–5. The Agreement ███████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████

ECF No. 113-1 at MIZCIS00006249–50 (emphasis added); *see also id.* at §§ 4.3(a)–(b), 4.2(a)–(b)███████████████████████████████████████████████

The plain language of the Agreement is indisputable evidence that Cisco ███████

███████████████████████████████. K.Mizra has not (and cannot) adduced evidence to the contrary. It is thus undisputed that Cisco has standing to enforce the Agreement.

**C.    There is no genuine dispute that K.Mizra relies on the use of Microsoft Products.**

The Agreement ███████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████. ECF No. 113-1 at MIZCIS00006249–50 (§§ 4.2(b), 4.3(b)); *see also* ECF No. 113 at 2–3. The Agreement ███████████████

███████████████████████████████████████████████████

███████████████████████████ ECF No. 113-1 at MIZCIS00006245–46. Cisco's opening brief explained in detail how K.Mizra is breaching the covenant. ECF No. 113 at 2.

K.Mizra now falsely claims that its "infringement theories do not rely on Microsoft products as claim elements." ECF No. 143 at 7. But it concedes that it "accuses certain Cisco ISE and AnyConnect products ("Accused Products") running on Windows 10 or 11." Pl.'s Mot. to Exclude Ops. of A. Salters, ECF No. 130 at 1. And K.Mizra told this Court just a week ago that Cisco infringes claims 9 and 16 because the "host computer runs . . . the Windows operating system." Opp'n to Def.'s Summ. J. of Noninfringement, ECF No. 139 at 6. For every claim,

7

K.Mizra expressly relies on *use* of Windows 10/11 to satisfy the "associated with a trusted platform module (TPM)" limitation.² Likewise for every claim, it argues that the accused "trusted computing base (TCB) is part of the operating system that gets installed on a computer *such as Windows 11*." ECF No. 139 at 8–9 (emphasis added). K.Mizra's attempt to disavow reliance on Windows is contrary to its infringement theories advanced in multiple filings.

Its position here likewise contradicts its expert's opinion. K.Mizra's infringement expert points to the Windows operating system as the claimed TCB. *E.g.*, ECF No. 113-6 at 16



; *see also id.* at 20, 31–40. And he further premised his opinion on the use of Microsoft "Windows 10 Random Number Generator Infrastructure." ECF No. 113-6 at 40.³ K.Mizra's expert's infringement theory is that Cisco products use this part of Windows 10 (called APIs) to generate random numbers and that shows an association with a TPM. *Id.*

K.Mizra cannot genuinely refute that its infringement theories *do* implicate the Agreement. K.Mizra argues that the TPM is not a Microsoft Product. ECF No. 143 at 8. But K.Mizra accuses

---

² As K.Mizra concedes, the limitations of each asserted independent claim (claims 1, 12, and 19) are essentially identical, ECF No. 113-5 ¶¶ 39, 79, and its expert did the same analysis for each one, ECF No. 113-6 at 129, 140; K.Mizra's allegations for every claim thus breach the Agreement.
³ *See also* ECF No. 113-7 at 132:21–135:4, 136:15–137:15 (testifying that Cisco products call Microsoft APIs BCryptGenRandom and CryptGenRandom, and those APIs "[u]tilize[] and are associated with the trusted platform module."); *id.* at 135:11–15; 137:17–140:20; *Google LLC v. Oracle Am., Inc.*, 141 S. Ct. 1183, 1191 (2021) (explaining that an API uses the API creator's implementing code to perform a function or task).

the TCB, not only the TPM, and it concedes that the TCB is part of the operating system-meaning, part of Windows. *Supra* p. 8. And the APIs that supposedly generate the random numbers through the TPM are also Microsoft software. K.Mizra alleges that these Microsoft Products perform an infringing step and are an infringing component. K.Mizra has not accused Cisco ISE and AnyConnect products running on any computer without the specifically accused Microsoft software.[4] *See, e.g.*, ECF No. 113-7 at 137:5–23. K.Mizra cannot (and has not tried to) establish that the TCB and TPM limitations are met without Windows. Indeed, there can be no dispute that the accused combination of Cisco products do not have a TPM and do not directly utilize a TPM. *See, e.g.*, ECF No. 113-7 at 133:7–134:4; ECF No. 139 at 7 ("Cisco itself does not sell a TPM or host computer as part of the Accused System").

K.Mizra relies on cases that are inapposite. In *Samsung Elecs. Co., Ltd. v. Imperium IP Holdings (Cayman) Ltd.*, the patent owner offered expert testimony refuting that it needed or relied on the licensed product, and the court found this to be an issue of fact. No. CV 15-1059-CFC-CJB, 2021 WL 2004425, at *1 (D. Del. May 19, 2021). Here, K.Mizra has offered no rebuttal evidence, only legal arguments that contradict its own expert. That is not enough to defeat summary judgment. Similarly, in *Dig. Reg of Tex., LLC v. Adobe Sys. Inc.*, the license at issue authorized the "use, whether alone or in combination with other things, Microsoft Products ***to perform*" any *claim*** of the licensed patent. The court ruled that this contract language means the license "only extends to Microsoft products that perform any claim of any [l]icensed [p]atent, whether used alone or in combination with other things." Case No. C 12-1971 CW, 2013 WL 5402094, at *3 (N.D. Cal. Sept. 26, 2013). This Agreement ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

---

[4] ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *See generally* ECF No. 113-13 at 6–12.

██████████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████ ECF No. 113-1 at

MIZCIS00006249–50 (§§ 4.2(b), 4.3(b)). K.Mizra is doing exactly that: ████████████

█████████████████████████ *See supra* pp. 7–9. K.Mizra cannot import alternative language from other Microsoft contracts to avoid the unambiguous language of the Agreement.

Cisco has thus established, and K.Mizra cannot genuinely dispute, that its infringement allegations implicate the Agreement.

**D.    There is no genuine dispute that the '705 Patent is, at minimum, an ████████**

K.Mizra concedes that the '705 Patent is, at minimum, an ████████ ECF No. 143 at 13; *see also* ECF No. 123 at 13–14. K.Mizra argues only that Cisco must show that it is a third-party beneficiary and prove that K.Mizra's infringement allegations rely on a Microsoft Product. ECF No. 143 at 13. As explained above, Cisco is ████████████████████████████████ under the Agreement. *See supra* Section B. And K.Mizra's infringement expert report and infringement expert testimony establish that K.Mizra's infringement allegations rely on the use of a Microsoft Product. *See supra* Section C. Cisco has thus established, and K.Mizra cannot genuinely dispute, that the '705 Patent is, at minimum, an ████████

## CONCLUSION

For the foregoing reasons, Cisco respectfully asks the Court to grant its motion for summary judgment that Cisco's license defense precludes proof of infringement entirely, or for partial summary judgment that K.Mizra's claims are barred before November 11, 2021.

Dated: June 30, 2023                                    Respectfully submitted,


                                                        By: */s/ Melissa R. Smith*
                                                             Melissa R. Smith (State Bar No. 24001351)
                                                             melissa@gillamsmithlaw.com
                                                             **GILLAM & SMITH LLP**
                                                             303 South Washington Avenue
                                                             Marshall, TX 75670
                                                             Telephone: (903) 934-8450
                                                             Facsimile: (903) 934-9257

                                                             Elizabeth R. Brannen (*Pro Hac Vice*)
                                                             ebrannen@stris.com
                                                             Kenneth J. Halpern (*Pro Hac Vice*)
                                                             khalpern@stris.com
                                                             Sarah Rahimi *(Pro Hac Vice)*
                                                             srahimi@stris.com
                                                            **STRIS & MAHER LLP**
                                                             777 S. Figueroa St, Ste 3850
                                                             Los Angeles, CA 90017
                                                             Telephone: (213) 995-6800
                                                             Facsimile: (213) 216-0299

                                                             Jhaniel James *(Pro Hac Vice)*
                                                             jjames@stris.com
                                                             **STRIS & MAHER LLP**
                                                             111 N Calhoun St, Ste 10
                                                             Tallahassee, FL 32301
                                                             Telephone: (213) 995-6800
                                                             Facsimile: (813) 330-3176

                                                             *Attorneys for Defendant*
                                                             *Cisco Systems, Inc.*

## CERTIFICATE OF SERVICE

I certify that on June 30, 2023, the documents filed with the Clerk of Court via the Court's CM/ECF system under seal in the above-captioned case were subsequently served on all counsel of record by electronic mail.

*/s/ Melissa R. Smith*
Melissa R. Smith
