IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| K.MIZRA LLC,<br><br>    Plaintiff,<br><br>v.<br><br>CISCO SYSTEMS, INC.,<br><br>    Defendant. | Civil Action No.: 6:20-cv-01031-ADA<br><br>**Jury Trial Demanded** |

**PLAINTIFF K.MIZRA LLC'S OPPOSITION TO
DEFENDANT CISCO SYSTEMS, INC.'S MOTION TO
SUPPLEMENT EXPERT REPORT OF DR. PAUL CLARK**

**TABLE OF CONTENTS**

I.     INTRODUCTION ..................................................................................................... 1
II.    FACTUAL BACKGROUND .................................................................................. 2
       A.   K.Mizra Has Always Alleged the ISE Alone Infringes the '705 Patent................. 2
       B.   The Court Definitively Excluded Any Use of NAC. .............................................. 5
       C.   Cisco's Evolving Justifications for Supplementing the Clark Report .................... 6
III.   ARGUMENT............................................................................................................ 6
       A.   Cisco's Motion Should Be Denied Based on the Law of the Case......................... 6
       B.   Cisco Cannot Show Good Cause to Supplement Dr. Clark's Report. .................... 7
IV.    CONCLUSION...................................................................................................... 10

# TABLE OF AUTHORITIES

**Cases**

*CliniComp Int'l, Inc. v. Athenahealth, Inc.*,
 No. A-18-CV-00425-LY,
 2020 WL 7011768 (W.D. Tex. Oct. 28, 2020) ............................................................................ 7

*Mendez v. Caterpillar Inc.*,
 No. SA-09-CA-978-XR,
 2011 WL 6999659 (W.D. Tex. Dec. 16, 2011) ........................................................................ 10

*Mendez v. Caterpillar Inc.*,
 No. SA-09-CV-978-XR,
 2012 WL 90492 (W.D. Tex. Jan. 11, 2012) ............................................................................. 10

*MidCap Media Fin., LLC Pathway Data, Inc. v. MidCap Media Fin., LLC*,
 No. 1:15-CV-00060-SH,
 2021 WL 4267719 (W.D. Tex. Sept. 20, 2021) .......................................................................... 6

*Sabasta v. Buckaroos, Inc.*,
 507 F. Supp. 2d 986 (S.D. Iowa 2007) ....................................................................................... 7

*Sportspower Ltd. v. Crowntec Fitness Mfg. Ltd.*,
 No. 4:19-CV-66,
 2021 WL 111508 (E.D. Tex. Jan. 12, 2021) ............................................................................... 9

*Talon Mgmt. Servs. LLC v. Goliath Asset Mgmt., LLC*,
 No. 2:21-CV-049-Z-BR,
 2022 WL 18034368 (N.D. Tex. Feb. 7, 2022) ........................................................................... 9

*Target Strike, Inc. v. Marston & Marston, Inc.*,
 No. SA-10-CV-0188-OLG NN,
 2011 WL 2215989 (W.D. Tex. June 6, 2011) ............................................................................ 9

*Uniloc USA, Inc. v. Microsoft Corp.*,
 632 F.3d 1292 (Fed. Cir. 2011) .................................................................................................. 8

**Statutes**

35 U.S.C. § 273 ............................................................................................................................ 1, 9

**I.     INTRODUCTION**

"I'm excluding the NAC. . . . Regardless of whatever the position the plaintiff is taking with regard to the infringement contentions." (Ex. A at 99:11-17.)

With those words, the Court denied the relief that Defendant Cisco Systems, Inc. ("Cisco") seeks with its motion, namely, permission to use Cisco's prior art NAC system as a defense against liability for infringement under 35 U.S.C. § 273 ("Section 273"). In short, the Court has already denied the relief sought in Cisco's motion. The Court should thus dismiss the motion out of hand. But even if considered, the motion should be denied. Cisco simply cannot meet the "good cause" standard for supplementing Dr. Clark's report.

Cisco asserts that its proposed supplement "identifies a new legal basis for facts previously identified in Dr. Clark's opening report—in response to a new infringement theory." (ECF No. 182 at 1.) But Plaintiff K.Mizra LLC's ("K.Mizra") infringement theory never changed. It certainly did not change after K.Mizra served Dr. Cole's Noninfringement Report on May 12, 2023. K.Mizra has always asserted that ISE *alone* meets all of the elements of the asserted claims of U.S. Patent No. 8,234,705 ("the '705 Patent"). Cisco thus can point to no new information that would justify its belated proposed supplement, offering no reasonable explanation for failing to include its Section 273 theory in the original Clark Report.

Nor is the proposed supplement important to the case. Cisco cannot substantiate a defense against liability for infringement under Section 273. Cisco's theory is premised on the contention that ISE and NAC are substantially similar such that Cisco's prior commercial use of NAC is equivalent to Cisco's infringement using ISE. But ISE only infringes as it is configured to be used with AnyConnect, which Cisco admits did not exist prior to the effective filing date of the '705 Patent. Cisco can thus show no relevant prior commercial use at all.

1

Finally, Cisco's proposed supplement would be highly prejudicial in a way that could not be cured by continuance. Cisco has never pled a Section 273 defense. Allowing Cisco to do so now would require amending not only the Clark Report but also Cisco's Answer. If that were allowed, given Cisco's admission that NAC could not have met the claims of the '705 Patent due to the unavailability of AnyConnect, K.Mizra would then seek leave to file a motion for summary judgment out of time to dispose of the defense on the merits. If that motion were unsuccessful, discovery would need to be reopened, with the possibility of additional interrogatories, document requests, depositions, expert reports, and expert depositions needing to be pursued. Cisco's motion does not justify the disruption to the case that would occasion its requested supplement.

## II.     FACTUAL BACKGROUND

### A.     K.Mizra Has Always Alleged the ISE Alone Infringes the '705 Patent.

Cisco mischaracterizes K.Mizra's infringement contentions and misunderstands the '705 Patent. K.Mizra's half-page-plus of parentheticals purporting to show a prior theory that ISE and AnyConnect infringe "*used together*" shows no such thing. (ECF No. 182 at 1.)

Cisco's confusion appears to stem from the fact that the ISE requires a specific environment to infringe. Cisco specifically seizes on the fact that the "trusted computing base" (TCB) and "trusted platform module" (TPM) recited (but not claimed) in claims of the '705 Patent are not part of ISE. But this has no bearing on infringement, as they are not part of the claimed system. Representative Claim 19, reproduced below with the operations of the claimed system underlined and the relevant TCB/TPM terms italicized, proves the point:

> 19. A computer program product for protecting a network, the computer program product being embodied in a non-transitory computer readable medium and comprising computer instructions for:
>
> detecting an insecure condition on a first host that has connected or is attempting to connect to a protected network, wherein detecting

2

> the insecure condition includes <u>contacting</u> *a trusted computing base associated with a trusted platform module within the first host,* <u>receiving</u> *a response, and* <u>determining</u> *whether the response includes a valid digitally signed attestation of cleanliness, wherein the valid digitally signed attestation of cleanliness includes at least one of an attestation that the trusted computing base has ascertained that the first host is not infested, and an attestation that the trusted computing base has ascertained the presence of a patch or a patch level associated with a software component on the first host;*
>
> when it is determined that the response does not include a valid digitally signed attestation of cleanliness, <u>quarantining</u> the first host, including by <u>preventing</u> the first host from sending data to one or more other hosts associated with the protected network, wherein preventing the first host from sending data to one or more other hosts associated with the protected network includes <u>receiving</u> a service request sent by the first host, serving a quarantine notification page to the first host when the service request comprises a web server request, and in the event the service request comprises a DNS query, <u>providing</u> in response an IP address of a quarantine server configured to serve the quarantine notification page if a host name that is the subject of the DNS query is not associated with a remediation host configured to provide data usable to remedy the insecure condition; and
>
> permitting the first host to communicate with the remediation host.

As is plain from the claim language, neither the TCB nor the TPM are part of the claimed system. Rather, the claimed system contacts and receives a response from a TCB that is associated with a TPM and checks for receipt of certain information from the TCB. ISE has that functionality as it is specifically configured to communicate with AnyConnect. NAC could not have had that configuration because AnyConnect did not exist until well after the priority date of the '705 Patent.

K.Mizra's expert report stated that ISE performs all of the claimed functions:

| Claim Element | Cole Report (ECF No. 119-6) |
|---|---|
| "detecting an insecure condition . . ." | ▮▮▮ (P. 5.) |
| "contacting a trusted computing base . . ." "receiving a response" | ▮▮▮ |

3

| Claim Element | Cole Report (ECF No. 119-6) |
|---|---|
| "determining whether the response includes a valid digitally signed attestation of cleanliness" | ████████ (P. 16.) |
| "quarantining the first host, including by preventing the first host from sending data to one or more other hosts associated with the protected network" | ████████ (P. 61.) |
| "receiving a service request" "serving a quarantine notification page" "providing in response an IP address of a quarantine server" | ████████ (P. 73.) |
| "permitting the first host to communicate with the remediation host" | ████████ |

None of the statements by K.Mizra or its expert indicating that the combination of the ISE and AnyConnect is necessary for infringement changes the fact that K.Mizra's theory has always been that ISE alone infringes, provided that it is configured to communicate with AnyConnect. There is no new infringement theory and there never has been.

K.Mizra served its expert report with the above-reproduced statements on April 21, 2023. Cisco was thus fully aware of K.Mizra's infringement theory when it served Dr. Clark's report the following month. K.Mizra's infringement theory did not thereafter change. Thus, there is no basis to allow Cisco, through Dr. Clark, to belatedly raise a new defense.

### B. The Court Definitively Excluded Any Use of NAC.

During summary judgment, K.Mizra requested a ruling that Cisco was estopped from using NAC as prior art under 35 U.S.C. § 315(e)(2) ("Section 315(e)(2)") because Cisco could have used printed publications documenting NAC in its failed IPR petition challenging the '705 Patent. (ECF No. 121.) The Court granted that motion. (Ex. A at 66:24—67:1; *see also* ECF No. 180 at 1.) At the hearing's conclusion, Cisco's counsel sought a "clarification" of the Court's NAC ruling, asking whether Dr. Clark "would be allowed to say, you know, if you read the claim the way the plaintiff reads it, then Cisco had all of that first." (Ex. A at 97:6-9.) In other words, Cisco's counsel asked whether, notwithstanding the Court's ruling that Cisco was estopped from relying on NAC as prior art, Cisco could still cite NAC as prior commercial use under Section 273.

The Court clarified that the estoppel ruling barring any use of NAC, stating:

> THE COURT: I don't know how – I didn't do IPRs, but I don't know how what the plaintiff claims – what that – I don't know why there would be any impact in the IPR proceeding when their – with their determination of whether there's validity based on the NAC or not.
>
> [. . .]
>
> It seems to me the IPR would be agnostic to – because they don't have – it didn't have to be in this case, right?
>
> I mean, it could be, I'll make up a name, Dell could have filed the IPR. They're not a defendant. They still could have filed the IPR on this patent, right, and used the NAC and they have rejected it. So Dell would not be able to use it, *so I'm excluding the NAC*.
>
> [. . .]
>
> THE COURT: *Regardless of whatever the position the plaintiff is taking with regard to the infringement contentions.*

(*Id.* at 98:9—99:17 (emphasis added).)

### C. Cisco's Evolving Justifications for Supplementing the Clark Report.

Cisco originally requested K.Mizra's consent to supplementation of the Clark Report to add a Section 273 defense on July 27, 2023, offering no justification other than the fact that the Court had reopened damages discovery to cure certain deficiencies in Cisco's damages focused document production. (Ex. B at 2-3.) The parties met and conferred on July 31, 2023, with Cisco's counsel not even attempting to show "good cause" for its proposed supplementation, instead invoking the "liberal[]" standard of Rule 15. (*Id.* at 1.) When pressed to show good cause, Cisco's counsel referred to the original omission of a Section 273 theory as "inadvertent[]" and a "clerical error," indicating that Dr. Clark could have included the Section 273 argument in his original report had he been more attentive. (*Id.*)

Only after that meet and confer did Cisco's counsel suggest that the proposed supplement was warranted by a "new infringement theory" presented at the July 13, 2023 hearing. (Ex. C.) There is no "new theory." Cisco is grasping at straws.

### III. ARGUMENT

#### A. Cisco's Motion Should Be Denied Based on the Law of the Case.

"Under the law of the case doctrine, courts generally refuse to reopen what has been decided previously." *MidCap Media Fin., LLC Pathway Data, Inc. v. MidCap Media Fin., LLC*, No. 1:15-CV-00060-SH, 2021 WL 4267719, at *2 (W.D. Tex. Sept. 20, 2021). Cisco already requested that the Court allow it to argue that Cisco practiced the '705 Patent via the prior art NAC system. The Court denied Cisco's request. Cisco does not even mention this colloquy or holding from the Pretrial Conference in its motion, let alone offer a reason for the Court to revisit its prior ruling. Cisco's motion should be denied on that basis alone.

Importantly, the Court should give force to its prior ruling by continuing to preclude Cisco from relying on NAC as alleged prior commercial use art. The purpose of estoppel under

Section 315(e)(2), as this Court recognized, is to "prevent[] the defendant from relying on a [system] that was 'materially identical' to a [prior art reference] the defendant could have raised during the IPR proceeding." *CliniComp Int'l, Inc. v. Athenahealth, Inc.*, No. A-18-CV-00425-LY, 2020 WL 7011768, at *2 (W.D. Tex. Oct. 28, 2020). NAC is materially identical to printed publications that Cisco could have used in its IPR. K.Mizra thus cannot properly be made to defend against NAC in system form rather than printed publication form. Now, Cisco seeks to evade this ruling by characterizing NAC as "prior commercial use" under Section 273. (ECF No. 182 at 3.) But NAC is still NAC—a prior art *system* fully described in prior art *printed publications*, and thus excluded from the case under Section 315(e)(2). Section 273 should not be a vehicle by which defendants can circumvent Section 315(e)(2) by recasting an excluded prior art system as prior commercial use.[1]

### B. Cisco Cannot Show Good Cause to Supplement Dr. Clark's Report.

As an independent basis for denying Cisco's motion, Cisco cannot show good cause. First, Cisco's "explanation for the failure to submit a complete report on time" (ECF No. 182 at 4) is invalid. Cisco's sole excuse for failing to include its Section 273 argument in Dr. Clark's report is its false assertion that "K.Mizra did *not* maintain an ISE-only infringement theory in its final contentions or expert report." (ECF No. 182 at 5.) This is a misstatement of fact.

Dr. Cole's report identified ISE *and only ISE* as meeting the claim limitations of the '705 Patent. K.Mizra did not "rely solely on AnyConnect" to meet any actual claim limitations, as discussed above. The AnyConnect system was cited to show the environment in which ISE on its own infringes, by providing a TCB with which ISE is configured to communicate.

---

[1] Section 273 was intended to protect against claims of patent infringement for unpatented, unpublicized activities that pre-existed the patent. *See Sabasta v. Buckaroos, Inc.*, 507 F. Supp. 2d 986, 1003-1004 (S.D. Iowa 2007). NAC was a widely publicized *and patented* product, and not the type of activity envisioned by Section 273 in the first place.

Cisco's assertion that K.Mizra's infringement theory shifted from one in which ISE and AnyConnect together form an infringing system to one in which the sole infringing system is ISE suggests confusion (or willful mischaracterization) as to how the asserted claims have been drafted. There is obviously a significant difference between two systems combining to infringe a patent claim and one system infringing a patent claim ***by being configured*** to interact with another unclaimed system. K.Mizra's infringement theory is the latter, with ISE being the infringing system as it is configured to interact with AnyConnect. This is a perfectly sound infringement theory. As the Federal Circuit has held:

> That other parties are necessary to complete the environment in which the claimed element functions does not necessarily divide the infringement between the necessary parties. For example, a claim that reads "An algorithm incorporating means for receiving e-mails" may require two parties to function, but could nevertheless be infringed by the single party who uses an algorithm that receives e-mails.

*Uniloc USA, Inc. v. Microsoft Corp.*, 632 F.3d 1292, 1309 (Fed. Cir. 2011). Similarly here, ISE contacts and receives a response from AnyConnect—part of "the environment in which the claimed element functions"—but that does not mean that ISE alone does not infringe.

Again, this has always been K.Mizra's infringement theory. Had Cisco and Dr. Clark been attentive, they would have realized that K.Mizra's infringement theory was that ISE alone infringes because it is configured to communicate with AnyConnect. And if Cisco and Dr. Clark had a Section 273 theory consistent with that infringement theory, they could and should have timely raised the theory.[2] There is thus no factually valid explanation for Cisco's failure to submit a complete and timely report—the proposed supplement "could have been served sooner because it

---

[2] *Kaist IP US LLC v. Samsung Electronics Co., Ltd.*, No. 2:16-CV-01314-JRG-RSP, 2018 WL 1833341, at *2 (E.D. Tex. Apr. 17, 2018), is inapplicable. That case involved a newly disclosed theory by the opposing party, which is not the situation here.

contained information that was always available to" Cisco. *Sportspower Ltd. v. Crowntec Fitness Mfg. Ltd.*, No. 4:19-CV-66, 2021 WL 111508, at *2 (E.D. Tex. Jan. 12, 2021).

In fact, Cisco *does not* have a valid Section 273 theory, meaning that it cannot meet the "importance of the testimony" factor either. (ECF no. 182 at 6.) Cisco admits that "Cisco did not sell the other product in the accused combination, AnyConnect, early enough to constitute prior art or to support a prior commercial use defense under 35 U.S.C. § 273." (ECF No. 182 at 3 n.5.) AnyConnect is thus not prior art to the '705 Patent, meaning Cisco cannot show prior commercial use of NAC *in an infringing environment*. In other words, Cisco cannot show that NAC met the claims of the '705 Patent prior to the filing date of the '705 Patent as it would have had to have been configured to interact with an environment (AnyConnect) that did not then exist. Any newly-raised Section 273 defense would thus fail immediately. The proposed supplement is of no importance whatsoever as it does not constitute an actual defense to infringement. *See Target Strike, Inc. v. Marston & Marston, Inc.*, No. SA-10-CV-0188-OLG NN, 2011 WL 2215989, at *2 (W.D. Tex. June 6, 2011) (holding that a proposed supplement is not important where it is deficient and unreliable).[3]

Cisco cannot meet the first two factors to show good cause. Accordingly, the Court need not consider "potential prejudice" or "the availability of a continuance to cure such prejudice." *See Talon Mgmt. Servs. LLC v. Goliath Asset Mgmt., LLC*, No. 2:21-CV-049-Z-BR, 2022 WL 18034368, at *1 (N.D. Tex. Feb. 7, 2022) (denying leave to supplement where the parties did "not meet all four factors to demonstrate 'good cause'"). Nonetheless, allowing Cisco to supplement

---

[3] The proposed supplement also states that "NAC performed the claimed features . . . at least as early as June 2004." (ECF No. 182, Ex. 1 ¶5.) While there is no evidentiary support for this factual claim, this allegation is irrelevant to Section 273, which requires that the commercial use occurred at least one year prior to the effective filing date of the claimed invention. 35 U.S.C. § 273(a)(2). The effective filing date of the '705 Patent is September 27, 2004.

9

the Clark Report would be highly prejudicial with no adequate cure.

This case has proceeded to the verge of trial with no Section 273 defense ever pled or substantiated, with trial having been postponed for the discrete purpose of allowing Cisco to cure its damages-related discovery deficiencies. Allowing Cisco to entirely restructure its defense at this late stage would require at least amendment of pleadings and another round of summary judgment briefs, perhaps to be followed by additional discovery. The features of NAC, the timing of when those features existed, the alleged commercial use of NAC more than one year prior to the effective filing date of the '705 Patent, and the differences between NAC as it actually existed and NAC as it was recreated by Dr. Clark are all factual issues that K.Mizra never had reason to explore, but would need to be addressed in depth if Cisco's supplement were permitted.

The parties have also made significant progress on their pretrial submissions, including the pretrial order, jury instructions, and the verdict form, all of which would have to be substantially revisited to account for Cisco's belated defense. Thus, "[a] continuance could be obtained, but it would not cure the prejudice to plaintiff of having to restructure its trial strategy at this late state of the case and re-open discovery," *Mendez v. Caterpillar Inc.*, No. SA-09-CA-978-XR, 2011 WL 6999659, at *21 (W.D. Tex. Dec. 16, 2011), *report and recommendation adopted*, No. SA-09-CV-978-XR, 2012 WL 90492 (W.D. Tex. Jan. 11, 2012) (denying amendment under the "good cause" standard).

## IV.     CONCLUSION

Cisco cannot justify its failure to submit a complete expert report, show that its proposed supplement has any salience in the case or overcome the undue disruption to the case that would result from introducing an entirely new infringement defense. Cisco simply cannot show "good cause" for its proposed supplement and its motion should be denied.

Dated: September 1, 2023            Respectfully submitted,

                                             By: /s/ *Matthew C. Holohan*
                                                       Michael C. Smith
                                                       Texas Bar No. 18650410
                                                       michael.smith@solidcounsel.com
                                                       Scheef & Stone, LLP
                                                       113 E. Austin Street
                                                       Marshall, TX 75670
                                                       (903) 938-8900

                                                       Anna Rebecca Skupin
                                                       State Bar No. 24084272
                                                       becca.skupin@solidcounsel.com
                                                       Scheef & Stone, LLP
                                                       200 North Travis Street, Suite 402
                                                       Sherman, Texas 75090
                                                       (430) 262-5660

                                                       Robert R. Brunelli*
                                                       CO State Bar No. 20070
                                                             rbrunelli@sheridanross.com
                                                       Paul Sung Cha*
                                                       CO State Bar No. 34811
                                                             pscha@sheridanross.com
                                                       Patricia Y. Ho*
                                                       CO State Bar No. 38013
                                                              pho@sheridanross.com
                                                       Matthew C. Holohan*
                                                       CO State Bar No. 40996
                                                             mholohan@sheridanross.com
                                                       Bart A. Starr*
                                                       CO State Bar No. 50446
                                                             bstarr@sheridanross.com
                                                       Angela J. Bubis*
                                                       CO State Bar No. 58144
                                                             abubis@sheridanross.com
                                                       SHERIDAN ROSS P.C.
                                                       1560 Broadway, Suite 1200
                                                       Denver, CO 80202
                                                       Telephone: 303-863-9700
                                                       Facsimile: 303-863-0223
                                                       litigation@sheridanross.com

                                                      *Admitted pro hac vice*
                                                     *Attorneys for Plaintiff K.Mizra LLC*

**CERTIFICATE OF SERVICE**

I certify that on September 1, 2023, the documents filed with the Clerk of Court via the Court's CM/ECF system under seal in the above-captioned case were subsequently served on all counsel of record by electronic mail.

By: */s/ Matthew C. Holohan*
Matthew C. Holohan*
CO State Bar No. 40996
mholohan@sheridanross.com
SHERIDAN ROSS P.C.
1560 Broadway, Suite 1200
Denver, CO 80202
Telephone: 303-863-9700
Facsimile: 303-863-0223
litigation@sheridanross.com

*Admitted pro hac vice*
*Attorney for Plaintiff K.Mizra LLC*
