**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| K. MIZRA, LLC, | ) | |
| Plaintiff, | ) | C.A. No. 6:20-cv-01031-ADA |
| v. | ) | |
| CISCO SYSTEMS, INC. | ) | |
| Defendant. | ) | |

**DEFENDANT CISCO SYSTEMS, INC.'S REPLY IN SUPPORT OF ITS MOTION TO SUPPLEMENT EXPERT REPORT OF DR. PAUL CLARK**

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ........ 1

II. ARGUMENT ........ 1

A. There Is Good Cause To Allow The Supplemental Report. ........ 1

1. K.Mizra's ISE-Only Theory Is New. ........ 1

2. The Supplemental Report Is Important. ........ 3

3. Any Arguable Prejudice Will Be Minimal And Easily Cured. ........ 4

B. K.Mizra's Law Of The Case Argument Is Incorrect. ........ 5

III. CONCLUSION ........ 5

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Halprin v. Fed. Deposit Ins. Corp.*,
2018 WL 4088795 (W.D. Tex. Aug. 27, 2018) ....................5

*Kaist IP US LLC v. Samsung Elecs. Co., Ltd.*,
2018 WL 1833341 (E.D. Tex. Apr. 17, 2018) ....................1

*Mendez v. Caterpillar Inc.*,
2011 WL 6999659 (W.D. Tex. Dec. 16, 2011) ....................5

*ODonnell v. Harris County*,
251 F. Supp. 3d 1052 (S.D. Tex. 2017) ....................5

*Uniloc USA, Inc. v. Microsoft Corp.*,
632 F.3d 1292 (Fed. Cir. 2011) ....................4

**Statutes**

35 U.S.C. § 273(a)(1) ....................4

35 U.S.C. § 315(e)(2) ....................5

## I. INTRODUCTION

At summary judgment, K.Mizra raised an entirely new theory of infringement: after claiming for years that Cisco's ISE and AnyConnect products *together* infringe the '705 Patent, K.Mizra asserted that its theory is actually that *ISE alone* infringes. This switcheroo engenders a prior commercial use defense under Section 273 based on Cisco's NAC product. Cisco has accordingly moved to supplement its expert disclosures with a 1½-page report explaining this defense. *See* ECF No. 182; *see also* ECF No. 182-1 (the "Supplemental Report").

K.Mizra provides no persuasive reason to deny Cisco's request. It cannot dispute that a new liability theory constitutes good cause. Instead, it asserts that its ISE-only theory is not actually new, and that Cisco simply misunderstood its case for years. But the record shows otherwise. K.Mizra also contends the § 273 defense is futile. But Cisco has shown that NAC preceded and was materially identical to ISE, so the defense is compelling. K.Mizra also asserts make-weight procedural objections. But K.Mizra mis-states the record and cannot show prejudice. The Supplemental Report introduces no new facts. Any discovery K.Mizra demands will be minimal and easily accomplished. Finally, the law of the case doctrine is inapplicable. Cisco never previously asked and the Court has not decided whether Cisco may have Dr. Clark opine in support of a Section 273 defense. The Court should permit Cisco to serve the Supplemental Report.

## II. ARGUMENT

### A. There Is Good Cause To Allow The Supplemental Report.

Each "good cause" factor supports permitting amendment. *Kaist IP US LLC v. Samsung Elecs. Co., Ltd.*, 2018 WL 1833341, at *2 (E.D. Tex. Apr. 17, 2018) (allowing supplementation).

#### 1. K.Mizra's ISE-Only Theory Is New.

K.Mizra recognizes that a new theory is good cause, asserting instead that "[t]here is no new infringement theory and there never has been," and it has "always asserted that ISE *alone*

meets all of the elements of the asserted claims." ECF No. 184 ("Opp'n") at 1, 4. That is false.

K.Mizra's expert, Dr. Eric Cole, could not have been clearer that his theory is that ISE and AnyConnect infringe, ***taken together***:

> [T]he Cisco and the Cisco Identity Services Engine ("ISE") and related software components and hardware appliances including, for example**, *Cisco AnyConnect*** Secure Mobility Client (Cisco Secure Client), Adaptive Security Appliances, and Secure Network Server Appliances (***collectively, the "Accused Products"***) infringe the Asserted Claims of the '705 Patent.

ECF No. 119-3 at ¶ 22 (emphasis added). Dr. Cole's claim construction chart confirmed this theory, adopting his report's definition of "Accused Products" and opining that "Cisco directly infringes the '705 Patent by at least making, internally using and testing, and selling to its customers ***the Accused Products***." ECF No. 119-6 at 1 (emphasis added). And he doubled down on this theory in his deposition. When asked if ISE alone infringed, Dr. Cole disagreed:

> Q. And is it your opinion that ISE running on a network carries out the steps of the claims of the '705 patent?
> A. ISE ***with AnyConnect together*** would perform those steps.

ECF No. 119-5 at 25:16-20 (emphasis added); *see also id.* at 221:17-22 ("both an ISE Premier or Apex license ***and also an AnyConnect Premier or Apex License***" are required to infringe (emphasis added)). This should be the end of K.Mizra's ahistorical claim that "[t]he AnyConnect system" was merely "cited to show the environment in which ISE infringes." Opp'n at 7.

What's more, on June 15, 2023, K.Mizra assured the Federal Circuit that "an attestation of cleanliness from a trusted computing base associated with a trusted platform module" is "[a] particularly novel aspect of the invention." *Cisco Sys., Inc. v. K.Mizra LLC*, Fed. Cir. Case No. 22-2290, ECF No. 22 at 3-4. That is inconsistent with its new theory that the trusted computing base and trusted platform module are mere context and not required for infringement, first raised two weeks later to avoid summary judgment after Cisco identified a fatal *Deepsouth Packing* problem.

Now, in this Court, K.Mizra presents a misleading chart claiming that in substance, Dr.

Cole's "expert report stated that ISE performs all of the claimed functions." Opp'n at 3-4. The chart shows no such thing. To the contrary, Dr. Cole cited AnyConnect (directly or by an undifferentiated reference to the "Accused Products") in ***each*** element K.Mizra charts.[1] Tellingly, K.Mizra omits element 1[c], in which AnyConnect features prominently. ECF No. 119-6 at 50, 54. And ***nothing*** K.Mizra cites says or gives any indication that Dr. Cole believed ISE alone infringes as long as it is "configured" to communicate with AnyConnect. K.Mizra's theory has changed. Cisco has shown good cause.

**2. The Supplemental Report Is Important.**

Because it cannot dispute the importance of responding to a new defense, K.Mizra tries to argue the merits, claiming that Cisco's § 273 defense will necessarily fail. Opp'n at 9. Not so.

K.Mizra's premature merits arguments are hopelessly confused. On one hand, it tells the Court that its ISE-only theory is not new because AnyConnect is just an unclaimed "trusted computing base" that the ISE contacts during the verification process. Opp'n at 3-4, 7-8. But then, on the other hand, it tells the Court that the Section 273 defense will fail because Cisco's NAC is not equivalent to the entire infringing product because it lacks the "infringing environment" that AnyConnect provides. Opp'n at 9. If AnyConnect is the *only* "trusted computing base" that ISE can interact with to infringe, then AnyConnect is part of the allegedly infringing suite of products (as K.Mizra argued all along). But, on the other hand, if AnyConnect is not accused, but merely supplies *unclaimed* functionality that might be provided by any trusted computing base, then Cisco will be able to show that NAC (which was available before K.Mizra's invention date)[2] did not differ from ISE in any material way, including its ability to be used in an environment that would

[1] ECF No. 119-6 at 5, 11-12 (1[a]); 15-18, 23-25, 30-31, 35-37, 40, 47 (1[b]); 55, 57 (1[d]); 62-52 (1[e]); 75 (1[f]).

[2] Cisco contends that the effective filing date is September 27, 2005, ECF No. 182 at 3 n.4.

result (in K.Mizra's view) in infringement.[3] 35 U.S.C. § 273(a)(1); ECF No. 119-2 at ¶¶ 66, 102-114, 126-130, 132-33. In that case, Cisco has a Section 273 defense.

**3. Any Arguable Prejudice Will Be Minimal And Easily Cured.**

K.Mizra further asserts that it will be prejudiced by amendment because "[a]llowing CISCO to entirely restructure its defense" will require additional discovery into NAC, which K.Mizra supposedly "never had reason to explore." Opp'n at 10. This is not true.

To begin, Cisco is not "entirely restructur[ing]" its case; it is adding a single legal defense via a 1½-page report based on facts already in the record. K.Mizra's claimed need to respond with searching, "in depth" discovery is hyperbole. NAC has been a part of this case at least since Cisco served its preliminary infringement contentions on April 2, 2021, and K.Mizra "had reason to explore" its features and commercial use in connection with Cisco's affirmative defenses and the parties' motions for summary judgment. Opp'n at 10. Dr. Clark's Supplemental Report does not introduce ***any*** new factual matter, and instead relies entirely on the facts about NAC discussed in his prior report. ECF No. 182-1 at ¶¶ 4-5 (summarizing the discussion of NAC in his first report, available at ECF No. 119-2). K.Mizra covered NAC at length with Dr. Clark in his deposition. ECF No. 119-5 at 31:12-19, 32:15-24; *see also generally id.* at Word Index pp. 19-20 (providing a reference to each discussion of "NAC"). It is therefore unclear what else K.Mizra needs.

In short, K.Mizra cannot show any meaningful prejudice. The burden of additional discovery will be low (if it exists at all). The Court has already continued trial to give K.Mizra another shot at a damages report (even though Cisco had already made its witness available for a

[3] *Uniloc USA, Inc. v. Microsoft Corp.*, 632 F.3d 1292, 1309 (Fed. Cir. 2011), is unpersuasive. In the cited example, *any* independent third party email sender might have supplied the "environment" for infringement. Opp'n at 8. If that is K.Mizra's theory, then NAC is relevant as explained above. But if only AnyConnect can create the infringing environment, then *Uniloc* is irrelevant, because any infringement was either done by Cisco products together or not at all.

second deposition), to permit Cisco to respond, and to allow further *Daubert* motion practice. ECF No. 181 at 93:3-24. Any limited additional discovery will fit comfortably within this window.[4] Cisco has already offered Dr. Clark and its Rule 30(b)(6) witnesses for additional depositions. No amendment of pleadings will be needed. Cisco already pleads non-infringement, ECF No. 48 at 31, and in any event conforming amendments are allowed *after trial*, *ODonnell v. Harris County*, 251 F. Supp. 3d 1052, 1150 n.98 (S.D. Tex. 2017). K.Mizra's "pretrial submissions" point to show prejudice is similarly unpersuasive: trial is not set, and any necessary changes will be minimal.

### B. K.Mizra's Law Of The Case Argument Is Incorrect.

There is no "law of the case" problem because this Court has not previously addressed whether Cisco may present a § 273 defense through Dr. Clark. Section 273 is a *noninfringement* defense based on prior use. IPR estoppel does not apply. 35 U.S.C. § 315(e)(2). The court's ruling that Cisco cannot rely on NAC for invalidity, ECF No. 181 at 98:22-99:17, has no bearing. Cisco asked for clarification about the Court's IPR estoppel ruling. That was not, as K.Mizra suggests, a request for adjudication of an entirely different (and un-briefed) Section 273 noninfringement defense. Opp'n at 10 (the Section 273 defense is "entirely new"). Because § 273 has not been decided, law of the case cannot apply. *Halprin v. Fed. Deposit Ins. Corp.*, 2018 WL 4088795, at *3 (W.D. Tex. Aug. 27, 2018) ("The law of the case doctrine applies only to issues actually decided, either implicitly or explicitly." (quotation marks omitted)).

## III. CONCLUSION

The Court should permit Cisco to serve the Supplemental Report.

---

[4] *Mendez v. Caterpillar Inc.*, 2011 WL 6999659, at *21 (W.D. Tex. Dec. 16, 2011), is inapposite. First, a continuance is in place, so any discovery will not be an independent cause of delay. Second, the issue in *Mendez* was whether discovery should be re-opened, after trial had been reset four times, to permit a defendant to add a new "responsible third party." *Id.* at *20-21. Identification of a new party is a far cry from the identification of one legal defense on already presented facts.

Dated: September 15, 2023

Respectfully submitted,

By: *Melissa R. Smith*

Melissa R. Smith (State Bar No. 24001351)
melissa@gillamsmithlaw.com
**GILLAM & SMITH LLP**
303 South Washington Avenue
Marshall, TX 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Elizabeth R. Brannen (*Pro Hac Vice*)
ebrannen@stris.com
Kenneth J. Halpern (*Pro Hac Vice*)
khalpern@stris.com
Sarah Rahimi *(Pro Hac Vice)*
srahimi@stris.com
**STRIS & MAHER LLP**
777 S. Figueroa St, Ste 3850
Los Angeles, CA 90017
Telephone: (213) 995-6800
Facsimile: (213) 216-0299

Jhaniel James *(Pro Hac Vice)*
jjames@stris.com
**STRIS & MAHER LLP**
111 N Calhoun St, Ste 10
Tallahassee, FL 32301
Telephone: (213) 995-6800
Facsimile: (813) 330-3176

*Attorneys for Defendant*
*Cisco Systems, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 15, 2023, I caused the foregoing to be electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record. All counsel of record are participants in CM/ECF and have consented to electronic service.

*/s/ Melissa R. Smith*
Melissa R. Smith