IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| K.MIZRA LLC,<br><br>    Plaintiff,<br><br>v.<br><br>CISCO SYSTEMS, INC.,<br><br>    Defendant. | Civil Action No.: 6:20-cv-01031-ADA<br><br>**Jury Trial Demanded** |

**PLAINTIFF'S OPPOSED MOTIONS *IN LIMINE* TO EXCLUDE CERTAIN REFERENCES, EVIDENCE, TESTIMONY, OR ARGUMENTS**

On January 23, 2024, the Court issued *sua sponte* twenty-three *Limine* Orders in this matter via its Standing Order Governing Proceedings-Patents, granting each side the right to file and argue up to an additional five opposed motions *in limine*. The Parties have met and failed to agree on several evidentiary issues that may arise at trial. Plaintiff K.Mizra LLC ("Plaintiff" or "K.Mizra") now moves the Court *in limine* for an order instructing and directing all attorneys, parties, and witnesses not to refer to, make any statement concerning, ask any questions pertaining to, allude to, or put before the jury in any form or manner, directly or indirectly, any of the following matters without prior leave of the Court:

**I.   MOTION *IN LIMINE* NO. 1: THE PRIOR LAWSUIT/DISPUTE BETWEEN INVENTORS JAMES ROSKIND AND AARON EMIGH IN ANY MANNER**

There was a prior dispute between Dr. James Roskind and Mr. Aaron Emigh, joint inventors of the '705 Patent, which resulted in a 2005 litigation in the U.S. District Court in the District of Nevada, captioned *Roskind v. Emigh*, Civil Action No. 2:05-cv-0825-RCJ-RJJ (D. Nev.) ("Dispute"). The Dispute involved dissolution and distribution of the assets of a jointly owned company, Radix Labs, LLC, which was the assignee of various patents and applications,

including at least the '705 Patent. Defendant Cisco Systems, Inc. ("Cisco") has argued that how K.Mizra acquired the '705 Patent is somehow relevant. However, there does not appear to be a dispute as to the assignment chain starting with the inventors of the '705 Patent and ending with its current owner, K.Mizra. Simply stated, the Dispute is irrelevant under Fed. R. Evid. 402 and any reference thereto will undoubtedly be used to somehow taint the '705 Patent, which would be confusing and misleading to the jury and unfairly prejudicial to K.Mizra in violation of Fed. R. Evid. 403. As such, Defendant should be precluded from any evidence, argument, or testimony regarding the Dispute in any manner.

II.  **MOTION *IN LIMINE* NO. 2: REFERENCE TO NO-LONGER OR NEVER-ASSERTED PATENTS, INCLUDING DEFENDANT'S PATENTS; DROPPED OR NEVER-ASSERTED PATENT CLAIMS; DROPPED OR NON-ASSERTED INFRINGEMENT THEORIES; DROPPED ACCUSED PRODUCTS; DROPPED PRIOR ART REFERENCES; OR DROPPED CLAIMS AND DEFENSES**

In the spirit of Fed. R. Civ. P. 1, parties are encouraged to narrow their issues when possible. Here, Plaintiff has not asserted all possible claims in the '705 Patent or any claims from other patents against Defendant in the interest of judicial economy. Any non-elected claims (whether never asserted or ultimately not pursued at trial) should not be referenced. Moreover, Defendant should not be permitted to confuse the jury by pointing to its own patents as evidence of non-infringement or for any other purpose. *See, e.g., Theta IP, LLC v. Samsung Elecs. Co.*, No. W-20-CV-00160-ADA, ECF No. 257 at *3 (W.D. Tex. Jan. 7, 2022) (Albright, J.) (precluding defendant from referencing withdrawn infringement theories, devices that are no longer accused, withdrawn patent claims, and superseded infringement contentions); *MV3 Partners LLC v. Roku, Inc.*, No. W-18-cv-00308-ADA, 2020 U.S. Dist. LEXIS 264459, at *5 (W.D. Tex. Sept. 29, 2020) (granting *in limine* as to infringement claims that were asserted but later dropped and allegations that any of defendant's patents were "Related to and/or Cover the Accused Products"); *Kinetic Concepts, Inc. v. Bluesky Med. Corp.*, No. SA-03-CA-0832-RF, 2006 U.S. Dist. LEXIS 102207,

at *7 (W.D. Tex. May 31, 2006) (precluding reference to withdrawn causes of action); *Genband US LLC v. Metaswitch Networks Corp.*, No. 2:14-cv-33-JRG-RSP, 2015 U.S. Dist. LEXIS 176746, at *11 (E.D. Tex. Sept. 30, 2015) (precluding "evidence or argument related to any . . . patent or patent application" owned by defendant); *Retractable Techs., Inc. v. Becton, Dickinson & Co.*, No. 2:07-CV-250, 2009 U.S. Dist. LEXIS 131236, at *24 (E.D. Tex. Oct. 8, 2009) (granting motion to exclude "any argument by Defendant that it does not infringe because the accused product is purportedly covered by patents that Defendant owns or licenses"); *Advanced Tech. Incubator, Inc., v. Sharp Corp.*, No. 5:09-CV-135, 2010 U.S. Dist. LEXIS 145630, at *7 (E.D. Tex. Mar. 31, 2010) (agreeing that "'sideshow' litigation about dropped claims and instrumentalities would cause undue prejudice, jury confusion and waste of time" and prohibiting argument that dropping a claim or instrumentality is evidence of non-infringement); *Perdiemco, LLC v. Industrack LLC*, No. 2:15-cv-00727-JRG, ECF No. 250 at 2 (E.D. Tex. Oct. 13, 2016) (prohibiting parties from referring to fact that a party asserted a legal or patent claim that was dismissed, abandoned, or dropped); *Elbit Sys. Land v. Hughes Network Sys., LLC*, No. 2:15-cv-00037-RWS-RSP, 2017 U.S. Dist. LEXIS 236361, at *5 (E.D. Tex. Jul. 25, 2017) (prohibiting reference to the fact that claim or cause of action was dropped as evidence of non-infringement or that product once accused is no longer accused is evidence of non-infringement for accused products); *Realtime Data LLC v. Echostar Corp.,* No. 6:17-CV-00084-JDL, 2018 U.S. Dist. LEXIS 234823, at *4–5 (E.D. Tex. Dec. 17, 2018) ("[n]o reference to No-longer Asserted Patents, Dropped Patent Claims, Dropped or Non-asserted Infringement Theories, Dropped Prior Art References, or Dropped Claims and Defenses … is GRANTED").

Parties routinely recognize these types of arguments would be improper and agree to motions *in limine* covering these types of arguments. *See*, *e.g.*, *Infernal Tech., LLC v. Sony*

*Interactive Entm't LLC*, No. 2:19-CV-00248-JRG, 2021 U.S. Dist. LEXIS 23633, at *8 (E.D. Tex. Feb. 3, 2021). To allow otherwise would confuse the issues, mislead the jury, and unfairly prejudice Plaintiff as prohibited by Fed. R. Evid. 403. Thus, the Parties should be precluded from referencing any no-longer or never-asserted patents, including Defendant's patents establishing non-infringement or any other purpose; dropped or never-asserted patent claims; dropped or non-asserted infringement theories, including dropped Accused Products; dropped prior art references; or dropped claims and defenses.

**III.   MOTION *IN LIMINE* NO. 3: THE VALUE AND PROPRIETY OF PATENTS ACQUIRED FROM OTHERS OR NOT PRACTICED BY PLAINTIFF**

Court MIL No. 11 prohibits referring to any entity, such as Plaintiff, in disparaging ways, such as "patent assertion entity," etc. In a similar vein, Defendant should not be allowed to make any disparaging remarks or arguments implying that (1) it is improper to assert patents acquired from others; (2) it is improper to assert patents without practicing them; and (3) acquired patents are less valuable than other patents because they have been acquired from others or are not currently being practiced by the Plaintiff. *See, e.g., Advanced Processor Techs. LLC v. Atmel Corp.*, No. 2:12-CV-152-JRG-RSP, 2013 U.S. Dist. LEXIS 43050, at *29 (E.D. Tex. Mar. 26, 2013) ("it would be improper to 'treat such non-practicing entities as anything less than holders of constitutionally protected property rights'"); *Maxell, Ltd. v. Apple, Inc.*, No. 5:19-CV-00036-RWS, 2021 U.S. Dist. LEXIS 136283, at *9–10 (E.D. Tex. Feb. 26, 2021) (prohibiting such statements based on agreement of parties). Any of the forgoing statements would be irrelevant to infringement or any of the *Georgia-Pacific* damages factors. Such references would also unfairly prejudice Plaintiff as prohibited by Fed. R. Evid. 403. Accordingly, Defendant should be precluded from making any of the foregoing statements.

IV. **CONCLUSION**

K.Mizra requests that the foregoing Motions *in Limine* be granted. A proposed order has been filed herewith.

Dated: June 7, 2024

Respectfully submitted,

By: /s/ Robert R. Brunelli
Michael C. Smith
Texas Bar No. 18650410
michael.smith@solidcounsel.com
Scheef & Stone, LLP
113 E. Austin Street
Marshall, TX 75670
(903) 938-8900

Robert R. Brunelli*
CO State Bar No. 20070
 rbrunelli@sheridanross.com
Paul Sung Cha*
CO State Bar No. 34811
 pscha@sheridanross.com
Bart A. Starr*
CO State Bar No. 50446
 bstarr@sheridanross.com
Angela J. Bubis*
CO State Bar No. 58144
 abubis@sheridanross.com
SHERIDAN ROSS P.C.
1560 Broadway, Suite 1200
Denver, CO 80202
Telephone: 303-863-9700
Facsimile: 303-863-0223
litigation@sheridanross.com

M. Elizabeth Day*
CA Bar No. 177125
Bunsow De Mory LLP
701 El Camino Real
Redwood City, CA 94063
Telephone: (650) 351-7248
Facsimile: (415) 426-4744
eday@bdiplaw.com
*Admitted pro hac vice*
*Attorneys for Plaintiff K.Mizra LLC*

5

## CERTIFICATE OF SERVICE

I certify that on June 7, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ Anna C. Jackson
Anna C. Jackson
ajackson@sheridanross.com
**Sheridan Ross P.C.**
1560 Broadway, Suite 1200
Denver, Colorado 80202
Telephone: 303-863-9700
Facsimile: 303-863-0223
litigation@sheridanross.com

## CERTIFICATE OF CONFERENCE

In accordance with Local Rule CV-7(g), K.Mizra's counsel complied with the meet-and-confer requirement through conferring with counsel for Defendant on May 31st, June 5th, and June 6th, via email and telephone, and the relief requested in this motion is opposed.

/s/ Robert R. Brunelli
Robert R. Brunelli