IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| K.MIZRA LLC,<br><br>        Plaintiff,<br><br>v.<br><br>CISCO SYSTEMS, INC.,<br><br>        Defendant. | Civil Action No. 6:20-CV-01031-ADA<br><br>**JURY TRIAL DEMANDED**<br><br>▇▇▇▇▇▇▇▇▇▇ |

**DEFENDANT'S OPPOSED MOTIONS *IN LIMINE* AND MOTION TO COMPEL PRODUCTION OF DEPOSITION TRANSCRIPTS AND DEPOSITION OF BRIAN YATES**

## **TABLE OF CONTENTS**

**Page**

I. Motion *In Limine* No. 1: The Court should bar undisclosed opinion testimony of Cisco's expert, Dr. Eric Cole..................................................................................................1

II. Motion *In Limine* No. 2 and Motion to Compel: The Court should bar the testimony of Brian Yates unless he sits for a Cisco deposition, and regardless should order K.Mizra to produce his related deposition transcripts from other cases. ............................8

    A. Background ...........................................................................................................8

        1. The Microsoft License ..............................................................................8

        2. K.Mizra stymied discovery into the Microsoft License..............................9

    B. Argument .............................................................................................................12

        1. K.Mizra is obligated to produce Mr. Yates's deposition transcripts from any case involving the '705 Patent......................................................12

        2. Mr. Yates should be excluded from testifying at trial unless he sits for a deposition by Cisco. ..........................................................................13

    C. Conclusion ...........................................................................................................14

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Atkinson v. Meridian Sec. Ins. Co.*,
  No. SA-21-CV-00723-XR, 2022 WL 3655323 (W.D. Tex. Aug. 24, 2022) ............................7

*Henry v. Outback Steakhouse of Fla.*,
  LLC, No. 15-CV-10755, 2017 WL 1382292 (E.D. Mich. Apr. 18, 2017) ..............................14

*Iris Connex, LLC v. Dell, Inc.*,
  235 F. Supp. 3d 826 (E.D. Tex. 2017) ....................................................................................8

*K.Mizra LLC v. Hewlett Packard Enter. Co. et al.*,
  C.A. No. 2:2021-cv-00305 (E.D. Tex. Mar. 11, 2024) ...............................................10, 12, 13

*Maguregui v. ADP, LLC*,
  No. EP-16-CV-121-PRM, 2017 WL 5473484 (W.D. Tex. Apr. 10, 2017).............................13

*In Re: Motion to Compel Compliance with Subpoena Directed to Nonparties
  iPEL, Inc. and Brian Yates*,
  C.A. No. 2:23-MC-00041 (C.D. Cal. Apr. 3, 2023) ................................................................11

*O2 Micro Int'l v. Monolithic Power Sys., Inc.*,
  467 F.3d 1355 (Fed. Cir. 2006)............................................................................................4, 6

*Pisony v. Commando Constrs., Inc.*,
  No. 6:17-cv-00055-ADA, 2020 WL 4934463 (W.D. Tex. Aug. 24, 2020) .............................6

*Covil Corp. ex rel. Protopapas v. U.S. Fid. & Guar. Co.*,
  544 F. Supp. 3d 588 (M.D.N.C. 2021) ...................................................................................13

*Ramirez v. City of El Paso, Texas*,
  No. EP-17-CV-00193-DCG, 2022 WL 16702705 (W.D. Tex. Nov. 2, 2022) ........................12

*Samsung Elecs. Am., Inc. v. Yang Kun Chung*,
  321 F.R.D. 250 (N.D. Tex. 2017) ...........................................................................................13

*Spathos v. Smart Payment Plan, LLC*,
  No. A-16-CV-00898-SS, 2018 WL 11373014 (W.D. Tex. Apr. 6, 2018) ........................13, 14

*Textron Innovations Inc. v. SZ DJI Tech. Co.*,
  No. 6:21-cv-00740-ADA (W.D. Tex. 2023)............................................................................3

**Other Authorities**

Fed. R. Civ. P. 26(e)(1)(A) ........................................................................................................12

Fed. R. Civ. P. 37(c)(1)..............................................................................................................13

Defendant Cisco Systems, Inc. ("Cisco") hereby respectfully requests that the Court order *in limine* that Plaintiff K.Mizra LLC ("K.Mizra"), including its attorneys and witnesses, refrain from making any reference, statement, or argument regarding the following matters without prior leave of Court.

**I.      Motion *In Limine* No. 1: The Court should bar undisclosed opinion testimony of Cisco's expert, Dr. Eric Cole.**

Cisco moves *in limine*, pursuant to Federal Rule of Civil Procedure 26(a)(2)(B) and Court Motion *in Limine* No. 23, to exclude any testimony by K.Mizra's infringement expert, Dr. Eric Cole, regarding K.Mizra's "ISE-only" infringement theory. This theory, which K.Mizra presented for the first time in an attempt to avoid summary judgment, is not disclosed in K.Mizra's operative infringement contentions (Ex. 1 at Ex. A thereto) or Dr. Cole's report. Any purported expert testimony on this theory will violate Rule 26 and this Court's standing motion *in limine*.

1.      K.Mizra's technical expert, Dr. Eric Cole, disclosed one theory of infringement: his report recites that, in his view, Cisco's Identity Services Engine ("ISE") and AnyConnect Secure Mobility Client ("AnyConnect Secure Mobility Client") are both accused products, and that the two products infringe only when used together:

> It is my opinion that Cisco and the Cisco Identity Services Engine ("ISE") and related software components and hardware appliances including, for example, Cisco AnyConnect Secure Mobility Client (Cisco Secure Client), Adaptive Security Appliances, and Secure Network Server Appliances (collectively the "Accused Products") infringe the Asserted Claims of the '705 Patent.

Ex. 2 ¶ 22; *see also id.* ¶ 23 (using AnyConnect as an example of one of the "Accused Products"); *id.* ¶ 80 ("[I]t is my opinion that the elements of each of the Asserted Claims are found in the Accused Products.").[1]

---

[1] K.Mizra's final infringement contentions also define the accused products as "Cisco Identity Services Engine ('ISE') and related software components and hardware appliances including, for

1

Dr. Cole's 142-page claim chart matches his report. Dr. Cole adopts the same definition of Accused Products – ISE and AnyConnect – as in his report. Ex. 3 at 1. He addresses the "Accused Products" together. *See generally id.* He specifically attributes key claim steps to Cisco's AnyConnect product. *Id.* at 17 (explaining that AnyConnect performs the claim step of "detecting an insecure condition" because "AnyConnect would contact and would [work] with the TCB [trusted computing base]"); *see also id.* at 18 ("AnyConnect would work directly with, communicate with and interface with" the TCB and operating system); *cf.* U.S. Patent No. 8,234,705 ("'705 Patent"), cl. 12 and 19 ("…wherein detecting the insecure condition includes contacting a trusted computing base…"). And, ultimately, he concludes that Cisco infringes by selling "the Accused Product*s*." Ex. 3 at 1 (emphasis added).

Dr. Cole's deposition testimony further confirms that, in his view, both ISE and AnyConnect are accused and that the two products infringe *together*:

> Q: And is it your opinion that ISE running on a network carries out the steps of the claims of the '705 Patent?
>
> A: ISE with AnyConnect together would perform those steps.

Ex. 4 at 25:16-20.

Dr. Cole did not disclose any other theory. Dr. Cole never discussed an "Accused Product" (always "Accused Product*s*"). Dr. Cole did not provide an "alternative," in which the ISE software product alone infringes any asserted claim. And Dr. Cole did not take the position that AnyConnect is merely part of the "environment" in which ISE operates.[2] Dr. Cole's report discloses only one

---

example, Cisco AnyConnect Secure Mobility Client . . . (collectively 'Accused ISE Products')" which, together, "infringe the . . . asserted claims of U.S. Patent No. 8,234,705." Ex. 1 at 1.

[2] The word "environment" does not appear in the body of Dr. Cole's report. It appears one time in his claim chart: "The trusted computing base includes everything in a computing system that provides a secure environment for operations." Ex. 3 at 16. This claim that the TCB helps a

infringement analysis: infringement occurs when ISE and AnyConnect are used or combined *together*.

2. Other portions of Dr. Cole's report confirm that his opinion is that ISE and AnyConnect are *both* accused and *both* necessary to infringe. After providing his infringement opinion, Dr. Cole offered an apportionment analysis. To do so, he defined the smallest saleable patent-practicing unit: "**For this case** the SSPPU would be AnyConnect Apex working with ISE [P]remier." Ex. 2 ¶ 84 (emphasis added). ("Apex" and "Premier" refer to product license levels for the ISE and AnyConnect software products.) Dr. Cole also analyzed AnyConnect's various features to apportion infringement, concluding that "the overall percentage of the infringing component in AnyConnect is 51.25%." *Id.* ¶ 97; *see also id.* ¶¶ 85-96. These analyses confirm that, in his opinion, both ISE and AnyConnect are required for Cisco to allegedly infringe.

3. To avoid summary judgment, however, K.Mizra appeared to switch theories.[3] At the hearing, its counsel asserted: "we are, in fact, accusing the Cisco ISE product . . . of directly infringing . . . ." Ex. 5 at 16:11-16; *see also id.* at 27:15-20 ("The recited functions of the claim are

---

computer operate safely is not a disclosure that AnyConnect is actually merely the "environment" for infringement. Dr. Cole never suggests that AnyConnect isn't part of the alleged infringement.

[3] K.Mizra did not clearly disclose an ISE-only theory in its summary-judgment opposition brief. ECF No. 139 at 4 (arguing, as to Claim 19, that "[t]he Cisco ISE and AnyConnect software products provide computer instructions, and those instructions cause the Accused System to perform each of the recited functions," but also that "ISE, as provided by Cisco, meets all limitations of claim 19 in a customer environment"); *see also id. at* 8 (using AnyConnect as an example of how a "claim limitation is met"). But, even if K.Mizra had been clear, its bid to change horses mid-stream would have been improper. *See* Recommendation granting motion to strike new theory advanced in opposition to summary judgment, at 2, *Textron Innovations Inc. v. SZ DJI Tech. Co.*, No. 6:21-cv-00740-ADA (W.D. Tex. Mar. 29, 2023) (ECF No. 264); *see* Order adopting Magistrate Judge's Report and Recommendation at 3, *Textron Innovations Inc. v. SZ DJI Tech. Co.* (W.D. Tex. Jun. 20, 2023) (ECF No. 337); *see* Motion at 2, *Textron Innovations Inc. v. SZ DJI Tech. Co.* (W.D. Tex. Feb. 23, 2023) (ECF No. 252).

performed by ISE. Cisco ISE. Which is our infringement position.").[4] AnyConnect, K.Mizra's counsel said, was just a "conduit" between the host computer and the ISE system. *Id.* at 18:7-15. In other words, K.Mizra changed theories, contending that ISE alone infringes, whereas AnyConnect merely supplies the claimed environment in which ISE can operate. *See* ECF No. 184 (K.Mizra's argument, in a post-summary-judgment submission, that "[t]he AnyConnect system was cited to show the environment in which ISE on its own infringes . . . ."). The Court denied Cisco's summary judgment motion without making specific evidentiary rulings. Ex. 5 at 37:23-38:22 (noting, however, that JMOL may result if the record is deficient as to specific issues at the end of plaintiff's evidence).

    **4.**    The parties were ordered to re-do damages discovery, not technical expert discovery. *Id.* at 90:25-94:11. In all the time that passed, K.Mizra never sought leave to amend or supplement its infringement contentions or Dr. Cole's report.[5]

Early in the damages discovery that followed, in correspondence about the relevant financial documentation it was asking Cisco to produce, K.Mizra appeared to backtrack, confirming that for all asserted claims the "accused combination" requires ISE and AnyConnect (in addition to Cisco SNS hardware for the system claims). Ex. 6.

---

[4] K.Mizra even (wrongly) attributed this ISE-only position to Dr. Cole. Ex. 5 at 19:23-25.

[5] The Court heard arguments on summary judgment at the pretrial conference on July 13, 2023. In the intervening ten months, K.Mizra has not sought leave to amend. *O2 Micro Int'l v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 (Fed. Cir. 2006) ("If the parties were not required to amend their contentions promptly after discovering new information, the contentions requirement would be virtually meaningless as a mechanism for shaping the conduct of discovery and trial preparation."). Cisco, for its part, requested and was denied leave to supplement the report of its technical expert, Dr. Clark. Ex. 8 at 19:13-16 ("My understanding is the only issue we have before us is Cisco's motion to supplement the expert report of Dr. Paul Clark. The Court is going to deny the motion.").

In January 2024, K.Mizra served a supplemental damages report that included AnyConnect as an accused product with separate damages resulting from AnyConnect sales:



Ex. 7 at 2. K.Mizra's damages expert, Mr. Pellegrino, included these damages despite noting, for the first time, that K.Mizra " ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ " Ex. 7 at 2; *compare* Ex. 9 at 2 (Pellegrino's original report, omitting any such claim). When asked about statement during his March 2024 deposition, Pellegrino explained that K.Mizra contends that ISE alone infringes:



Ex. 10 at 120:3-123:24 (referring, in the last sentence, to the table reproduced above).

5

Since then, as Cisco sought clarity and the parties continued to confer to attempt to address Cisco's concerns about K.Mizra's damages analysis, K.Mizra appears to have doubled down on its this "ISE-only" theory. After his March 2024 deposition, Mr. Pellegrino again revised his report. On April 30, 2024, he served his next iteration, removing the line item for damages attributed to AnyConnect and adding a footnote explaining that he has "not included any damages associated solely with the sale of AnyConnect" in his calculation. Ex. 11 at 2, 16 n.66. He maintained that position in his further revised, purportedly-final, May 2024 report. Ex. 12 at 2, 16 n.66.

5.  In light of K.Mizra's shifting theories and inconsistencies, it is not entirely clear how K.Mizra thinks Cisco infringes or on the basis of what products. But given the current status, including its damages expert's most recent theory shift, Cisco anticipates that K.Mizra will seek to present an "ISE-only" theory to the jury. Having never sought to amend its final infringement contentions or technical expert report to disclose this theory, K.Mizra should not be allowed to assert it now. ECF No. 47 (standing order requiring final infringement contentions and requiring leave to change them); *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 (Fed. Cir. 2006) ("If the parties were not required to amend their contentions promptly after discovering new information, the contentions requirement would be virtually meaningless as a mechanism for shaping the conduct of discovery and trial preparation."); *Pisony v. Commando Constrs., Inc.*, Civ. Action No. 6:17-cv-00055-ADA, 2020 WL 4934463, at *1 (W.D. Tex. Aug. 24, 2020) ("In patent litigation, expert infringement reports may not introduce theories not previously set forth in infringement contentions." (internal quotation marks omitted)). This is especially so given K.Mizra's inconsistent statements to Cisco about what "accused combinations" it would pursue in the additional damages discovery as necessary to infringe the remaining asserted claims. *See* Ex. 6 (July 27, 2023 Email from Counsel for K.Mizra: "'Are we understanding

correctly that what K.Mizra accuses for claim 19 requires customers to have purchased both ISE Premier software and AnyConnect Premier software (but not Cisco SNS hardware)?' –Correct.").

**6.** But, if K.Mizra is permitted to proceed on its new theory, K.Mizra certainly should not be allowed to support that new "ISE only" theory with any evidence or testimony from Dr. Cole. His report discloses one and only one theory: that ISE and AnyConnect, together, are the "Accused Products" that (he says) infringe. It says nothing about ISE infringing any asserted claim on its own, without the AnyConnect product. As this Court's standing Motion *in Limine* No. 23 orders, an expert may not "testify to expert opinions outside the established parameters of [his] expert report." ECF No. 103. That is so for good reason: Cisco will be irreparably prejudiced if K.Mizra is permitted to present, at trial, to an unexplained theory that its expert never disclosed in discovery. *See Atkinson v. Meridian Sec. Ins. Co.*, No. SA-21-CV-00723-XR, 2022 WL 3655323, at *3 (W.D. Tex. Aug. 24, 2022) ("The purpose of the disclosure requirement is to prevent prejudice and surprise."). Because its infringement expert never disclosed the theory (or any basis for it) that ISE, by itself, satisfies the limitations of any asserted claim, Cisco has never had the chance to test anything Dr. Cole would say about it or to rebut this undisclosed opinion. The Court should therefore bar Dr. Cole from giving expert testimony on an "ISE-only" theory of infringement.

\*   \*   \*

Cisco respectfully submits that, in light of K.Mizra's apparent plan to present an undisclosed "ISE-only" theory and the prejudice that will result if the jury hears (or is promised) undisclosed expert testimony on this subject, the Court should issue a pre-trial order precluding Dr. Cole from offering an "ISE-only" infringement opinion at trial.

**II.     Motion *In Limine* No. 2 and Motion to Compel: The Court should bar the testimony of Brian Yates unless he sits for a Cisco deposition, and regardless should order K.Mizra to produce his related deposition transcripts from other cases.**

At trial, Cisco will show that a Settlement and License Agreement (the "License" or "Microsoft License") between Microsoft and Iris Connex, LLC (an affiliate of K.Mizra's predecessor-in-interest) bars K.Mizra's claims. Cisco anticipates that, in an attempt to defeat this defense, K.Mizra will call ███████████████, Brian Yates. Although Mr. Yates was listed on K.Mizra's initial disclosures, and although K.Mizra has submitted a declaration on his behalf, K.Mizra and Mr. Yates have stymied Cisco's efforts to obtain relevant discovery, including by (1) failing to timely produce transcripts of Mr. Yates's recent deposition testimony (which are responsive to multiple discovery requests) and (2) preventing Cisco from deposing Mr. Yates directly. Cisco hereby moves for an order (1) directing K.Mizra to produce all transcripts of (and exhibits to) depositions of Mr. Yates in its possession and (2) barring Mr. Yates from testifying unless Cisco can depose him first.

**A.     Background[6]**

**1.     The Microsoft License**

In 2015, Iris Connex, LLC sued "eighteen manufacturers of smartphones and tablets," including Microsoft, "claiming each infringed" a patent related to smartphone technology. *Iris Connex, LLC v. Dell, Inc.*, 235 F. Supp. 3d 826, 831-32 (E.D. Tex. 2017). The litigation apparently went poorly for the plaintiff. In 2016, ███████████████████████████████████ ████████████████████████████████████████████████████████████████ settled with Microsoft. Ex. 13. In this agreement, ████████████████████████████████

---

[6] Cisco's license defense is set out in greater detail in the papers on its motion for summary judgment, ECF No 113. and K.Mizra's corresponding cross-motion, ECF No. 114. Cisco sets forth the history of the Microsoft license here only by way of background.

8



■■■ Ex. 13 ¶ 4.2. The settlement ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■. *Id.* The settlement also required ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

*Id.* ¶ 5.5(f). It is undisputed that because K.Mizra acquired the '705 Patent from a Q Entity, K.Mizra's rights to assert the '705 Patent are subject to the Microsoft License. ECF No. 123 at 2-3, 6, 7; *see* ECF No. 142 at 5.

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■ ECF No. 113 at 3-4. Cisco contends that this bars K.Mizra from relying on any Microsoft product to satisfy the "trusted platform module" limitation of the asserted claims of the '705 Patent, and thus that K.Mizra's infringement claim fails. ECF No. 113 at 2. K.Mizra disagrees. ECF No. 143. The Court denied each party's summary judgment motion on this point, leaving the issue live for trial. ECF No. 180.

        **2.**      **K.Mizra stymied discovery into the Microsoft License.**

Cisco first learned of the License in the fall of 2021, when Microsoft served objections to a K.Mizra subpoena. *See, e.g.*, Ex. 14 at Request No. 1 (objecting on the grounds that the '705 Patent is a ■■■■■■■■■■■■■■■■■ and thus Microsoft products may not be used in this litigation). K.Mizra did not contest Microsoft's interpretation of the License by moving to compel.

        **a.**      **Cisco's direct discovery efforts.** Cisco then sought information relevant to the Microsoft License and the Q Entities' diligence in discovery, including K.Mizra's communications with third parties about it, through requests for production. *See* Ex. 15 at Request Nos. 8, 9 ("All documents regarding the sale, license, or transfer of the Asserted Patents, including but not limited to all documents that show a proper chain of title from the patent applicant to K.Mizra and proper

9

standing by K.Mizra for the Asserted Patents."), 24, 29. For each of the aforementioned requests, K.Mizra promised to "produce, on a rolling basis, relevant, responsive, non-privileged, non-protected, non-duplicative materials, to the extent such materials exist, within its possession, custody, or control." Ex. 16. Cisco also served K.Mizra with requests for production of relevant documents from other cases in which K.Mizra has asserted the '705 Patent, including Request No. 31, seeking "[o]ne copy of each deposition transcript, including all exhibits, of all depositions taken in any other litigation" and Request No. 34, seeking "[o]ne copy of each non-public filing filed by any party in any other litigation [asserting the '705 Patent]." Ex. 17 (RFP No. 31; RFP Nos. 32-34). As to the latter request, K.Mizra explicitly agreed to produce documents generated after the close of discovery.[7] *Id.*; *see also* Ex. 18. On March 10, 2023, K.Mizra supplemented its responses to RFPs Nos. 9, 15, and 24 to identify the Microsoft License and the updates to the License's exhibits. Ex. 19. Also in March 2023, during meet and confer conversations concerning K.Mizra's response to this Request No. 31 (seeking deposition transcripts in other cases), counsel for K.Mizra represented to counsel for Cisco that no such depositions had taken place, except for one dealing solely with questions of venue. Rahimi Decl. ¶ 3.

In January, Mr. Yates gave deposition testimony in a case brought by K.Mizra in the Eastern District of Texas. *See* Def.'s Mot. for Leave to Reopen Limited Discovery at 2, *K.Mizra LLC v. Hewlett Packard Enter. Co. et al.*, C.A. No. 2:2021-cv-00305 (E.D. Tex. Mar. 11, 2024) (the "HPE Litigation"), ECF No. 204. K.Mizra has not produced that deposition transcript. A supplemental deposition was ordered, and may have taken place or may soon take place. HPE Litigation ECF

---

[7] K.Mizra specifically objected that "nothing has been filed under seal in any other litigation, so the requested documents do not exist" but promised "to produce in due course documents responsive to this Request to the extent they exist and are relevant to the ASSERTED PATENTS." Ex. 18 at 7.

10

No. 227 (order reopening discovery to permit additional testimony of Mr. Yates). K.Mizra has not produced that transcript, either.

   **b.**  **Cisco's third-party discovery efforts.** In addition to trying to obtain discovery relating to the License from K.Mizra, Cisco tried to obtain it directly from Mr. Yates and his corporate entity by serving subpoenas for documents and a deposition on them in late 2021, through their counsel at the time, Folio Law Group (who also represented K.Mizra at the time). Exs. 20-22. His then-counsel accepted these subpoenas and even met and conferred with Cisco's counsel regarding their compliance. But eventually, through changes of counsel, Mr. Yates evaded Cisco's discovery efforts until finally, one day before the close of fact discovery, his new attorney contacted counsel for Cisco to declare that it was now too late to seek discovery from him. Ex. 23. In that letter, Mr. Yates's counsel referenced K.Mizra's Third Amended Initial Disclosures, served just six weeks prior and filed nowhere on the public docket, indicating, at the very least, cooperation between K.Mizra's current counsel and Mr. Yates's counsel. In light of this last-minute announcement by Mr. Yates's new counsel that he intended to not comply with the subpoenas, Cisco moved to compel compliance in the Central District of California. *See In Re: Motion to Compel Compliance with Subpoena Directed to Nonparties iPEL, Inc. and Brian Yates*, C.A. No. 2:23-MC-00041 (C.D. Cal. Apr. 3, 2023). The court denied that motion without prejudice. Order, *In Re: Motion to Compel Compliance with Subpoena Directed to Nonparties iPEL, Inc. and Brian Yates*, C.A. No. 2:23-MC-00041 (C.D. Cal. Apr. 17, 2023) (ECF No. 10). At that time, K.Mizra's counsel had recently represented to Cisco that there were no deposition transcripts to compel. Rahimi Decl. ¶ 3. Fact discovery closed on March 31, 2023. Then in June 2023, several months later, K.Mizra produced a self-serving declaration by Mr. Yates ("Yates Declaration") in

connection with the parties' cross-motions for summary judgment, claiming that the '705 Patent is not "subject to any covenants or restrictions" under the License. Ex. 24 at 22.

### B.   Argument

#### 1.   K.Mizra is obligated to produce Mr. Yates's deposition transcripts from any case involving the '705 Patent.

K.Mizra has an ongoing duty under Rule 26(e) to supplement its initial disclosures and discovery responses in a timely manner once it "learns that in some material respect the disclosure or response is incomplete or incorrect" and "the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A). The duty to supplement continues beyond the close of fact discovery. *Ramirez v. City of El Paso, Texas*, No. EP-17-CV-00193-DCG, 2022 WL 16702705, at *1 (W.D. Tex. Nov. 2, 2022).

Cisco requested transcripts of depositions in other cases involving the Asserted Patent in December 2021. K.Mizra did not (and cannot) deny the relevance of such transcripts, but responded at the time that depositions would not take place until after the close of fact discovery. At least one deposition has now occurred. The transcript(s) of that testimony, or at least portions thereof, has been filed under seal in the HPE litigation, as exhibits to HPE ECF Nos. 178, 186, 187, 214, 239, and 252.

Cisco sought the transcript(s) of Mr. Yates's testimony informally. Ex. 25. Yet, K.Mizra is withholding them. K.Mizra has not disputed and cannot dispute that these transcripts are responsive to RFP 34, and does not dispute that it agreed to respond to RFP 34 even after the close of discovery. Ex. 25. It should therefore be ordered to produce the transcripts.

Instead, K.Mizra has declined, asserting that Cisco's cannot obtain the transcripts pursuant to RFP 31 because the "window to discuss" its refusal to produce closed with fact discovery. Ex.

25. Not so. Cisco could not have obtained an order to compel the production of documents that did not yet exist. *Samsung Elecs. Am., Inc. v. Yang Kun Chung*, 321 F.R.D. 250, 299 (N.D. Tex. 2017) ("a party cannot produce what it does not have, and so, clearly, the court cannot compel a party to produce non-existent documents") (cleaned up). Now that they do, K.Mizra must produce them.

K.Mizra's objections are particularly unfounded because did not even tell Cisco that the deposition had taken place. It concealed that fact. Cisco only found out because public filings in the HPE Litigation confirmed that Mr. Yates has testified. *See* Order Granting Leave to Reopen Discovery for the Purpose of Re-deposing Mr. Yates at 2, HPE Litigation ECF No. 227. K.Mizra should not be allowed to flout its Rule 26 obligations. *See Covil Corp. ex rel. Protopapas v. U.S. Fid. & Guar. Co.*, 544 F. Supp. 3d 588, 596 (M.D.N.C. 2021) ("Excluding documents created after the close of discovery from the duty to supplement would encourage parties to wait until after discovery has closed to create documents containing potentially damaging information."). Mr. Yates's deposition testimony in the HPE litigation pertaining to the '705 Patent is indisputably relevant to the statements K.Mizra made and relied upon in Mr. Yates's declaration to avoid summary judgment and to Cisco's license defense. Were it helpful to its position, K.Mizra would not be withholding it. And either way, K.Mizra should be compelled to produce it so that Cisco can make its own assessment of the contents.

### 2. Mr. Yates should be excluded from testifying at trial unless he sits for a deposition by Cisco.

A party's failure to comply with Rule 26(a) or (e) results in automatic exclusion of the relevant evidence, unless the party can show its failure is substantially justified or harmless. Fed. R. Civ. P. 37(c)(1); *Maguregui v. ADP, LLC*, No. EP-16-CV-121-PRM, 2017 WL 5473484 at *2 (W.D. Tex. Apr. 10, 2017) (excluding witnesses because of "Defendant's violation of Rule 26(a)" and "failure to demonstrate that the violation was harmless or substantially justified."); *Spathos v.*

13

*Smart Payment Plan, LLC*, No. A-16-CV-00898-SS, 2018 WL 11373014, at *2 (W.D. Tex. Apr. 6, 2018). "The purpose of this rule is to prevent an ambush, resulting in surprise or prejudice, of undisclosed or late disclosed evidence." *Spathos*, 2018 WL 11373014, at *2 (citation omitted).

Mr. Yates evaded Cisco's attempts to obtain discovery or depose him until suddenly, after the close of fact discovery, counsel for K.Mizra announced it had the self-serving Yates Declaration in its possession and deployed it to defeat Cisco's license defense. Courts disapprove of such gamesmanship, finding it troubling that a party has "contact with non-party witnesses who provided affidavits, yet failed to appear for scheduled depositions or evaded service," and holding that such facts indicate that the party "had some control over these witnesses and seeks the benefit of their affidavits, yet defendants have been denied the ability to depose them." *Henry v. Outback Steakhouse of Fla.*, LLC, No. 15-CV-10755, 2017 WL 1382292, at *2 (E.D. Mich. Apr. 18, 2017) (striking third party affidavits "where one party has been in continued contact with non-party affiants but the other party has been denied the ability to question their statements").

Cisco would be prejudiced if K.Mizra were allowed to call Mr. Yates to testify at trial without Cisco having a chance to depose him. Cisco's license defense may dispose of K.Mizra's entire case, and Cisco should not be forced into a trial by ambush on this critical issue or left unable to test the veracity of the statements K.Mizra submitted to avoid summary judgment.

### C. Conclusion

For the foregoing reasons, Cisco respectfully asks the Court to order K.Mizra (1) promptly to produce a transcript of Mr. Yates's deposition testimony and (2) allow Cisco to depose him or preclude K.Mizra from calling him to testify at trial.

Dated: June 7, 2024         By: */s/ Elizabeth R. Brannen*
                                Elizabeth R. Brannen
                                Kenneth J. Halpern

14

Peter J. Brody
Sarah Rahimi
STRIS & MAHER LLP
777 S. Figueroa St, Ste 3850
Los Angeles, CA 90017
(213) 995-6800

Melissa Smith (State Bar No. 24001351)
melissa@gillamsmithlaw.com
GILLAM & SMITH LLP
303 South Washington Avenue
Marshall, TX 75670
Telephone: 903.934.8450
Facsimile: 903.934.9257

*Attorneys for Defendant*
*Cisco Systems, Inc.*

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that counsel for Defendant met and conferred with counsel for Plaintiff on June 3, 2024. Counsel for Plaintiff opposes the motions.

*/s/ Melissa R. Smith*

## CERTIFICATE OF SERVICE

I certify that on June 7, 2024, the documents filed with the Clerk of Court via the Court's CM/ECF system under seal in the above-captioned case were subsequently served on all counsel of record by electronic mail.

*/s/ Melissa R. Smith*