# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| K.MIZRA LLC, | |
| Plaintiff, | Civil Action No. 6:20-CV-01031-ADA |
| v. | **JURY TRIAL DEMANDED** |
| CISCO SYSTEMS, INC., |  |
| Defendant. | |

**DEFENDANT CISCO SYSTEMS, INC.'S OPPOSITION TO PLAINTIFF'S OPPOSED MOTIONS *IN LIMINE* TO EXCLUDE CERTAIN REFERENCES, EVIDENCE, TESTIMONY, OR ARGUMENTS**

Defendant Cisco Systems, Inc. opposes the motions *in limine* filed by Plaintiff K.Mizra LLC ("K.Mizra"). ECF No. 211 ("Mtn."). Each lacks merit and should be denied.

## I. K.Mizra's MIL No. 1 Fails: The Roskind/Emigh Litigation Is Relevant.

The Court should deny K.Mizra's first motion *in limine* because the inventors' business divorce, and the value they attributed to the asserted patent when parting ways, is directly relevant to multiple issues. There is no merit to K.Mizra's suggestion that Cisco would try to use this evidence to somehow improperly "taint the '705 Patent." Mtn. at 2. And the inventors' valuation of their own patent is squarely relevant to the hypothetical negotiation analysis and to any damages a jury may award in this case.

The lawsuit is inextricably part of the chain of the '705 Patent's title, and it arose out of the dissolution of the business relationship between the named inventors (Aaron Emigh and James Roskind). During that dissolution, the principals bid for the various patents, and Mr. Emigh (through his company, Radix Labs) won the application that became the '705 Patent. Record evidence from the lawsuit (and Mr. Emigh's testimony in this case) show that Emigh attributed a $35,000 value to the application along with two others. Ex. 1 at 9; Ex. 2 at 82:4–83:24. The final settlement agreement similarly shows that the parties valued Mr. Emigh's share of the divided intellectual property (i.e., the '705 Patent application plus 25 other items) at $625,000. Ex. 3 at 2–3. These facts are squarely relevant, including to impeach K.Mizra's damages expert Michael Pellegrino (who ignores them) and as rebuttal evidence. Ex. 4 ¶ 46 & n.74. The Court should not let K.Mizra avoid this persuasive evidence because it arose in the context of a lawsuit.

## II. K.Mizra's MIL No. 2 Is Unnecessary And Overbroad.

In large part, K.Mizra's second motion *in limine* is duplicative of Court MIL Nos. 1 (pretrial proceedings) and 4 (undisclosed prior art) and Federal Rules of Civil Procedure 26 and 37, and

there is no need for a duplicative ruling. The portion that is not duplicative is fatally overbroad. It is a bid to dramatically restrict Cisco's ability to defend itself and avoid litigation on the merits.

The overbroad portion seeks to bar any mention of K.Mizra's "never-asserted patents," patent claims, and "dropped" theories, and should be denied for at least the following reasons:[1]

1. Various license agreements involve the '705 Patent together with numerous patents that K.Mizra owns but has not asserted against Cisco. These agreements undermine K.Mizra's damages theory, and Cisco should be allowed to point out that the agreements cover multiple patents. *See* Ex. 4 ¶¶ 51, 53, 55, 56, 58, 117–19. Cisco may also present evidence about its own licensing practices, from suits not involving the '705 Patent. *Id.* ¶¶ 60–63. K.Mizra's damages expert, Michael Pellegrino, agrees that these licenses are probative for the hypothetical negotiation. Ex. 5 at 54–58. If K.Mizra's motion were granted and Cisco could not tell the jury about other licensed patents and Cisco's licenses, that would preclude Cisco from presenting a full and fair defense.

2. As Cisco explained at summary judgment and in its motion *in limine* no. 2, Cisco has a strong argument that a license granted by K.Mizra's predecessor bars K.Mizra's claim. ECF Nos. 113, 212 at 8–14. Here too, the relevant documents – the license agreements, schedules, and correspondence – refer to numerous patents, not just the asserted '705 Patent. *See, e.g.*, Ex. 6. K.Mizra's proposed bar on any reference to any "never-asserted" patent could bar this obviously relevant evidence and foreclose Cisco's defense.

3. As for the portion of K.Mizra's motion that seeks to preclude reference to K.Mizra's "dropped" theories: it is perfectly unclear what theories K.Mizra has dropped and what theories it believes it may continue to pursue (and on what basis). It has only one expert report on

---

[1] In addition to its overbreadth, K.Mizra's motion will lead to untenable results. Applied literally, K.Mizra's request to bar all references to "never-asserted patent claims" would prevent Cisco from referencing the fact that the '705 Patent has 19 claims (while only three remain asserted).

infringement in this case. If K.Mizra has dropped the theories set forth in that report, it should drop this case. To the extent the case proceeds, Cisco must be allowed to cross-examine K.Mizra's technical expert about the contents of his report.

4.     Finally, K.Mizra asks to exclude any reference to "Defendant's patents" for "any . . . purpose." Mtn. at 4. But Cisco's damages expert, Ambreen Salters, considered Cisco's role as an innovator, including its own numerous patents, in addressing the hypothetical negotiation analysis. Ex. 4 ¶¶ 12, 69–70. K.Mizra did not challenge Ms. Salters' report. And Courts recognize that a defendant's patents are relevant to damages, including to apportionment and the improvement the asserted patent makes on the prior art. *Exmark Mfg. Co. Inc. v. Briggs & Stratton Power Prod. Grp., LLC*, 879 F.3d 1332, 1348 (Fed. Cir. 2018); *SB IP Holdings LLC v. Vivint, Inc.*, 2023 WL 6799020, at *1 (E.D. Tex. Oct. 13, 2023) (denying request for "a blanket pretrial ruling precluding evidence or arguments concerning [defendant's] patents for any and all purposes" (cleaned up)). Cisco should not be precluded from presenting this relevant evidence at trial to the extent it bears upon damages or any relevant issue. *See, e.g., Deere & Co. v. AGCO Corp.*, 659 F. Supp. 3d 418, 449 (D. Del. 2023) (defendant's patents relevant "to explain [defendant's] development process").

### III.    K.Mizra's MIL No. 3 Seeks To Improperly Limit Cisco's Damages Case.

K.Mizra's final motion *in limine* is an improper attempt to expand Court MIL No. 11 to exclude evidence squarely relevant to Cisco's damages case. K.Mizra asks the Court to hold that Cisco may not tell the jury that a patent is "less valuable than other patents because . . . [it is] **not**

*currently being practiced by Plaintiff.*" Mtn. at 4 (emphasis added).[2] The asserted '705 Patent is not practiced by anyone, and has never been practiced by anyone – K.Mizra or otherwise. That fact is squarely relevant to damages. *Intellectual Ventures I LLC v. Symantec Corp.*, 2015 WL 82052, at *1 (D. Del. Jan. 6, 2015) (granting a motion to exclude "argument and evidence disparaging [plaintiff's] business model and practices," but denying it "to the extent that [defendant] is permitted to present argument and evidence that [plaintiff] does not practice the patents-in-suit, which is relevant to damages," and noting that "with respect to damages, the concerns of Federal Rule of Evidence 403 do not substantially outweigh the probative value of this evidence" (cleaned up)). Neither case K.Mizra cites says otherwise – *Advanced Processor Techs. LLC v. Atmel Corp.*, 2013 WL 1279053 (E.D. Tex. Mar. 26, 2013), is a ruling on a motion to transfer, and *Maxell, Ltd. v. Apple Inc.*, 2021 WL 3021253, at *3 (E.D. Tex. Feb. 26, 2021), was resolved by agreement and did not involve statements about the current use of any asserted patent. The Court should deny the motion.

## IV.     Conclusion

The Court should deny each of K.Mizra's motions *in limine*.

---

[2] K.Mizra also asks the Court to hold that Cisco may not argue that "it is improper to assert patents acquired from others," that "it is improper to assert patents without practicing them," and that "acquired patents are less valuable than other patents because they have been acquired from others." Mtn. at 4. These requests are substantially duplicative of Court MIL No. 11, and should be denied as moot.

Dated: August 23, 2024					By: */s/ Melissa R. Smith*
							Elizabeth R. Brannen
							Kenneth J. Halpern
							Peter J. Brody
							Sarah Rahimi
							STRIS & MAHER LLP
							777 S. Figueroa St, Ste 3850
							Los Angeles, CA 90017
							(213) 995-6800

							Melissa R. Smith (State Bar No. 24001351)
							melissa@gillamsmithlaw.com
							GILLAM & SMITH LLP
							303 South Washington Avenue
							Marshall, TX 75670
							Telephone: 903.934.8450
							Facsimile: 903.934.9257

							*Attorneys for Defendant*
							*Cisco Systems, Inc.*

## CERTIFICATE OF SERVICE

I certify that on August 23, 2024, the documents filed with the Clerk of Court via the Court's CM/ECF system under seal in the above-captioned case were subsequently served on all counsel of record by electronic mail.

						*/s/ Melissa R. Smith*