## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | |
|---|---|
| K.MIZRA LLC, | Civil Action No.: 6:20-cv-01031-ADA |
| Plaintiff, | |
| v. | **Jury Trial Demanded** |
| CISCO SYSTEMS, INC., | ███████████████ |
| Defendant. | |

### JOINT PRETRIAL ORDER

███████████████████████████

## TABLE OF CONTENTS

I.     APPEARANCE OF COUNSEL ................................................................. 1

       A.     Attorneys for Plaintiff K.Mizra LLC ................................................. 1

       B.     Attorneys for Defendant Cisco Systems, Inc. ........................................ 2

II.    STATEMENT OF JURISDICTION ........................................................... 3

III.   JOINT STATEMENT OF THE CASE ........................................................ 3

IV.    CONTENTIONS OF THE PARTIES ......................................................... 4

       A.     K.Mizra's Contentions .................................................................. 4

       B.     Cisco's Contentions ..................................................................... 5

V.     STIPULATED FACTS ............................................................................ 8

VI.    DISPUTED ISSUES OF FACT AND LAW ................................................. 8

       A.     K.Mizra's Position ....................................................................... 9

       B.     Cisco's Position .......................................................................... 9

VII.   EXHIBITS .......................................................................................... 10

VIII.  WITNESSES ...................................................................................... 10

IX.    DEPOSITION DESIGNATIONS ............................................................. 11

X.     DISCOVERY DESIGNATIONS .............................................................. 11

XI.    PROCEDURAL STIPULATIONS AND TRIAL DISCLOSURES ................... 11

       A.     Motions .................................................................................... 12

       B.     Exhibits .................................................................................... 12

       C.     Witnesses ................................................................................. 14

       D.     Deposition Testimony .................................................................. 15

       E.     Demonstrative Exhibits ................................................................ 16

       F.     Closing Exhibits and Demonstratives ............................................... 17

       G.     Handling of Source Code and Confidential Material ............................. 18

     H.     <u>Order of Presentation</u> ......................................................................................... 18

          1.     Opening Statements ...................................................................... 18

          2.     Evidence ........................................................................................ 18

          3.     Closing Arguments ....................................................................... 19

     I.      <u>Agreed Juror Notebooks</u> ................................................................................ 19

XII.    <u>LIST OF PENDING MOTIONS</u> .............................................................................. 19

XIII.   <u>PROPOSED JURY INSTRUCTIONS</u> ..................................................................... 20

XIV.   <u>*VOIR DIRE*</u> ............................................................................................................. 20

XV.    <u>VERDICT FORM</u> ...................................................................................................... 20

XVI.   <u>DISPUTED MOTIONS IN LIMINE</u> ......................................................................... 20

XVII.  <u>LENGTH OF TRIAL</u> ................................................................................................ 20

Plaintiff K.Mizra LLC ("K.Mizra") and Defendant Cisco Systems, Inc. ("Cisco"), submit the following proposed Joint Pretrial Order pursuant to the Court's Scheduling Order (ECF No. 220), the Court's Amended Standing Order on Pretrial Procedures and Requirements in Civil Cases, the Federal Rules of Civil Procedures, and the Local Rules of this Court. The parties have stipulated to various matters identified herein and have identified exhibits, witnesses, factual contentions and triable issues:

I.    **APPEARANCE OF COUNSEL**

The parties' appearances of counsel are provided below and (in identical form) in **Exhibit 1** attached hereto.

A.    **Attorneys for Plaintiff K.Mizra LLC**

Michael C. Smith
Texas Bar No. 18650410
michael.smith@solidcounsel.com
SCHEEF & STONE, LLP
113 E. Austin Street
Marshall, TX 75670
(903) 938-8900

Robert R. Brunelli*
CO State Bar No. 20070
rbrunelli@sheridanross.com
Scott R. Bialecki*
CO State Bar No. 23103
Bart A. Starr*
CO State Bar No. 50446
bstarr@sheridanross.com
Brian S. Boerman*
CO State Bar No. 50446
bboerman@sheridanross.com
Briana D. Long*
CO State Bar No. 57914
blong@sheridanross.com
Angela J. Bubis*
CO State Bar No. 58144
abubis@sheridanross.com
SHERIDAN ROSS P.C.

1

1560 Broadway, Suite 1200
Denver, CO 80202
Telephone: 303-863-9700
Facsimile: 303-863-0223
litigation@sheridanross.com
*admitted *pro hac vice*

M. Elizabeth Day*
CA State Bar No. 177125
eday@bdiplaw.com
BUNSOW DEMORY LLP
701 El Camino Real
Redwood City, CA 94063
Telephone: (650) 351-7248
Facsimile: (415) 426-4744
*admitted *pro hac vice*

Claire A. Henry
Texas Bar No. 24053063
claire@wsfirm.com
Garrett Parish
Texas Bar No. 24125824
gparish@wsfirm.com
WARD, SMITH & HILL, PLLC
1507 Bill Owens Pkwy
Longview, TX 75604
Telephone: (903) 757-6400
Facsimile: (903) 757-2323

**B.**      **Attorneys for Defendant Cisco Systems, Inc.**

Elizabeth Rogers Brannen
Kenneth J. Halpern
Sarah Rahimi
Peter J. Brody
Stris & Maher LLP
777 South Figueroa Street, Suite 3850
Los Angeles, CA 90017
Telephone: (213) 995-6809
Fax: (213) 261-0299
ebrannen@stris.com
khalpern@stris.com
srahimi@stris.com
pbrody@stris.com

Melissa Richards Smith
Gillam and Smith, LLP
303 South Washington Avenue
Marshall, TX 75670
Telephone: (903) 934-8450
Fax: (903) 934-9257
melissa@gillamsmithlaw.com

James Travis Underwood
Gillam & Smith, LLP
102 N. College, Suite 800
Tyler, TX 75702
Telephone: (903) 934-8450
Fax: (903) 934-9257
travis@gillamsmithlaw.com

## II.     STATEMENT OF JURISDICTION

Subject matter jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 and 1338(a) and none of subject matter or personal jurisdiction or venue under 28 U.S.C. §§ 1391(c) and 1400(b) are here disputed.

## III.    JOINT STATEMENT OF THE CASE

The parties' joint statement of the case is provided below and (in identical form) in **Exhibit 2** attached hereto.

This is an action for infringement of U.S. Patent No. 8,234,705 ("the '705 Patent"). K.Mizra accuses Cisco of infringing independent claims 12 and 19 and dependent claim 16 of the '705 Patent (the "Asserted Claims"). K.Mizra seeks monetary damages in the form of a lump-sum reasonable royalty, including pre-judgment and post-judgment interest, costs, and an award of its fees under 35 U.S.C. §§ 284 and 285.

Cisco denies that it has infringed any valid claim of the '705 Patent or is otherwise liable for damages. Cisco further contends that K.Mizra's infringement claim against Cisco is barred by a license and that the '705 Patent is invalid.

IV.     **CONTENTIONS OF THE PARTIES**

The contentions of the parties are provided below and (in identical form) in **Exhibit 3** attached hereto.

A.      **K.Mizra's Contentions**

K.Mizra provides the following statement of contentions without waiver of any claim, response given during discovery, pending motions (including any motions *in limine*, motions for summary judgment, *Daubert* motions, and motions to strike), or any opinion expressed by K.Mizra's experts.

1.      K.Mizra is the owner of the '705 Patent titled "Contagion Isolation and Inoculation."

2.      Cisco has directly infringed the '705 Patent under 35 U.S.C. § 271 by making, using, selling, offering for sale in the United States, and importing into the United States computer network security products such as the Cisco Identity Services Engine ("ISE") (the "Accused Products").

3.      Cisco has infringed claims 12, 16, and 19 of the '705 Patent (the "Asserted Claims").

4.      K.Mizra contends that the Asserted Claims are valid and enforceable.

5.      K.Mizra contends that the Asserted Claims are not invalid for any reason, including under 35 U.S.C. § 112.

6.      K.Mizra contends that its claims are not barred by or otherwise limited as a result of any of the affirmative defenses raised by Cisco.

7.      K.Mizra contends that it has suffered damages in an amount to be determined at trial that is not less than a reasonable royalty adequate to compensate it for Cisco's infringement

of the '705 Patent as a direct and proximate cause of Cisco's infringement and is entitled to an award of damages adequate to compensate it for Cisco's infringement as set forth in the expert reports of Mr. Michael Pellegrino.

8.      K.Mizra contends that it is entitled to collect damages for any acts of infringement occurring as of the date of suit, November 6, 2020.

9.      K.Mizra contends that it is entitled to an award of pre- and post-judgment interest, costs, and any other relief the Court deems equitable and just.

10.     K.Mizra contends that it is entitled to an award of its attorneys' fees and/or pursuant to 35 U.S.C. §§ 284 and/or 285, or otherwise permitted by law.

11.     K.Mizra contends that Cisco is not entitled to any relief, including an award of its attorneys' fees and/or costs pursuant to 35 U.S.C. §§ 284 and/or 285, or otherwise permitted by law.

**B.      <u>Cisco's Contentions</u>**

Cisco provides the following statement of contentions without waiver of any claim, response given during discovery, pending motions (including any motions *in limine*, motions for summary judgment, Daubert motions, and motions to strike), or any opinion expressed by any party's experts.

1.      Cisco denies each of K.Mizra's contentions.

2.      Cisco contends that it does not infringe any asserted claim of the '705 Patent, and that K.Mizra has not proved and cannot prove infringement. Specifically, Cisco contends that it does not literally infringe any asserted claim of the '705 Patent, and that K.Mizra has waived, abandoned, or failed to assert any other claim of infringement.

3.      Cisco contends that K.Mizra is barred from asserting that Cisco infringes the '705 Patent by making, using, selling, offering for sale in the United States and importing into the United States the Cisco Identity Services Engine ("ISE") product alone; K.Mizra's infringement contentions and the report of its technical expert do not disclose this theory of the case.

4.      Cisco contends that K.Mizra is barred from asserting its infringement claim, as set forth in its final infringement contentions and expert report, against Cisco by the terms of a license granted by K.Mizra's predecessor-in-interest. In the alternative, Cisco contends that the license barred K.Mizra from asserting these claims against Cisco before November 12, 2021, and therefore that, at a minimum, K.Mizra may not seek damages from the period before that date.

5.      Cisco contends that the asserted claims of the '705 Patent are invalid. In particular, Cisco contends that the asserted claims of the '705 Patent are invalid for failure to meet the written description and enablement requirements of 35 U.S.C. § 112(a).[1]

6.      Cisco disputes the amount of damages K.Mizra seeks and contends that K.Mizra is not entitled to any of the damages it seeks, including for the reasons set out in Cisco's motion to exclude the opinions and testimony of K.Mizra's expert, Michael Pellegrino (and that the Court should exclude Mr. Pellegrino's testimony in whole or in part for the reasons set forth in that motion). Cisco disputes that K.Mizra has suffered damages, and, specifically, disputes K.Mizra's assessment of the hypothetical negotiation and calculations of damages. To the extent any award

---

[1] Cisco also contends that the '705 Patent is invalid, and that Cisco does not infringe and cannot be found to infringe any asserted claim, based on the prior art (including Cisco's own patents and products). On August 16, 2024, the Federal Circuit vacated the PTAB's rejection of Cisco's obviousness defense, and remanded for reconsideration of the remaining issues. *Cisco et al. v. K.Mizra LLC*, Fed. Cir. Case No. 22-2290, ECF No. 44. Over Cisco's objection, various of the Court's pretrial rulings mean that Cisco will not be permitted these defenses at trial. Cisco reserves all rights.

of damages is appropriate, it should not be based on the opinions of Mr. Pellegrino. Rather, it should be an amount determined at trial based on all the evidence presented.

7.      Cisco further contends that, if K.Mizra is entitled to collect damages, it may not collect damages for any alleged act of infringement occurring before November 12, 2021 and certainly not before the November 6, 2020 date of suit (and that K.Mizra has waived any entitlement to seek, has not sought, and is not seeking any damages before that date).

8.      Cisco further contends that the issue of pre-judgment interest is inappropriate to put to a jury.

9.      Cisco contends that K.Mizra has not asserted a claim of willful infringement in this case, and therefore that any claim to enhanced damages on this basis has been abandoned and waived.

10.     Cisco contends that this is not an exceptional case, and that attorneys' fees and/or enhanced damages are not available under 35 U.S.C. §§ 284 and/or 285. Instead, Cisco contends that it is entitled to attorneys' fees under 35 U.S.C. § 285.

11.     Cisco contends that K.Mizra's claim is barred by the doctrines of prosecution history estoppel and prosecution history disclaimer, and by K.Mizra's use of internally inconsistent positions before the USPTO in the prosecution of the '705 Patent. Cisco further contends that, at a minimum, K.Mizra is estopped to maintain that the claims of the '705 Patent have the scope asserted to the USPTO.

12.     Cisco contends that it is entitled to judgment declaring that K.Mizra breached the license agreement entered into by its predecessor by instituting this action, and further a judgment declaring that Cisco's alleged infringement is licensed.

## V.    **STIPULATED FACTS**

The parties agree to the following stipulated facts:

1.      This Court has jurisdiction over the parties and all claims and defenses in this action.

2.      K.Mizra is a Delaware corporation with its principal place of business at 777 Brickell Avenue, #500-96031, Miami, Florida 33131.

3.      The '705 Patent is the Patent-in-Suit.

4.      K.Mizra is the assignee and owner of the '705 Patent.

5.      K.Mizra filed its complaint in this action on November 6, 2020.

6.      Cisco is a Delaware corporation that maintains regular and established places of business throughout Texas, for example, at its campuses at 12515-3 Research Park Loop, Austin, Texas 78759 and at 18615 Tuscany Stone, San Antonio, Texas 78258.

7.      The '705 Patent is titled "Contagion Isolation and Inoculation" and was issued by the United States Patent and Trademark Office ("USPTO") to Inventors James A. Roskind and Aaron R. Emigh on July 31, 2012.

## VI.    **DISPUTED ISSUES OF FACT AND LAW**

The parties below identify current and outstanding issues of law that need to be decided. The parties reserve the right to identify additional factual and legal issues that may arise, including issues raised by the Court's rulings or any pending motion, or rulings made at the pretrial conference. By providing this statement, the parties do not concede that all these issues are appropriate for trial. The parties also do not waive any of their pending motions.

**A.     K.Mizra's Position**

1.      Whether Cisco infringes independent claims 12 and 19 and dependent claim 16 of the '705 Patent.

2.      Whether K.Mizra has suffered damages and if so, what amount of money should K.Mizra be awarded to compensate it for proved infringement.

3.      Whether Cisco has proven by clear and convincing evidence that independent claims 12 and 19 and dependent claim 16 of the '705 Patent are invalid.

4.      Whether K.Mizra is entitled to enhanced damages under 35 U.S.C. § 284 and, if so, the amount of enhancement.

5.      Whether this case is exceptional under 35 U.S.C. § 285 and if so, whether K.Mizra is entitled to attorneys' fees or costs.

**B.     Cisco's Position**

Cisco identifies the following disputed issues of fact and law. Cisco reserves the right to identify additional factual and legal issues that may arise, including issues raised by the Court's rulings or any pending motion, or rulings made at the final pretrial conference in this action. Cisco does not waive any of its pending motions by providing this statement.

1.      Whether Cisco infringes independent claims 12 and 19 and dependent claim 16 of the '705 Patent.

2.      Whether K.Mizra is barred from asserting infringement based on the ISE product alone.

3.      Whether K.Mizra's claims for infringement are barred, in whole or in part, by the license granted by its predecessor-in-interest.

4.      Whether the asserted claims of the '705 Patent are invalid.

5.      Whether, if K.Mizra proves infringement, K.Mizra has proven that it is entitled to recover any of the damages it seeks.

6.      Whether K.Mizra's request for "enhanced damages under 35 U.S.C. § 284" is inconsistent with the statute and governing precedent, including *Halo Electronics, Inc. v. Pulse Electronics, Inc.*, 579 U.S. 93, 103–04 (2016), and whether such "enhanced" damages are appropriate.

7.      Whether the case is exceptional under 35 U.S.C. § 285 and warrants an award of attorneys' fees and costs in favor of Cisco.

8.      Whether K.Mizra's claims are barred by the doctrines of prosecution history estoppel, prosecution history disclaimer, and/or K.Mizra's internally inconsistent positions taken before the USPTO.

9.      Whether K.Mizra is in breach of the license agreement granted by its predecessor and/or whether any alleged infringement is licensed.

## VII.   <u>EXHIBITS</u>

The Parties' Joint Exhibit list is attached hereto as **Exhibit 4A**. K.Mizra's Exhibit List and Cisco's objections thereto are attached as **Exhibit 4B**. Cisco's Exhibit List and K.Mizra's objections thereto are attached as **Exhibit 4C**.

The parties will continue to meet and confer regarding their respective objections in an effort to resolve as many disputes as possible prior to presenting them to the Court.

## VIII.   <u>WITNESSES</u>

K.Mizra's witness list and Cisco's objections thereto are attached as **Exhibit 5A**. Cisco's witness list and K.Mizra's objections thereto are attached as **Exhibit 5B**. Any additional objections to the parties' witness lists will be filed one week from the date of filing of this Joint Pretrial Order,

pursuant to the Court's May 23, 2023 Amended Standing Order on Pretrial Procedures and Requirements in Civil Cases.

The parties will continue to meet and confer regarding their respective objections in an effort to resolve remaining issues and objections prior to presenting them to the Court.

## IX.     **DEPOSITION DESIGNATIONS**

K.Mizra's deposition designations with Cisco's objections and counter-designations are attached as **Exhibit 6A**. Cisco's deposition designations with K.Mizra's objections and counter-designations are attached as **Exhibit 6B**.

The parties will continue to meet and confer regarding their respective objections in an attempt to resolve as many remaining issues and objections as possible prior to presenting them to the Court.

## X.      **DISCOVERY DESIGNATIONS**

K.Mizra's discovery designations with Cisco's objections are attached as **Exhibit 7**.

The parties will continue to meet and confer regarding their respective objections in an attempt to resolve as many disputes as possible prior to presenting them to the Court.

## XI.     **PROCEDURAL STIPULATIONS AND TRIAL DISCLOSURES**

The following stipulations were agreed upon by the parties, as discussed below, and are made a part of this Pretrial Order and unless the Court orders otherwise, the parties agree to the following procedure which will govern the disclosure of exhibits, witnesses, deposition testimony, and demonstratives to use at trial and the process to identify any objections remaining between the parties regarding these disclosures.

A.     **Motions**

All motions for judgment as a matter of law pursuant to Fed. R. Civ. P. 50(a) may be brought to the Court orally or in writing, at any time before the jury begins deliberations. Unless the Court sets alternative deadlines, all opposition to motions filed pursuant to Fed. R. Civ. P. 50(b) must be filed within 28 days of service of the motion. All replies in support of the motions must be filed within 21 days of service of any oppositions. The parties reserve their right to seek a reasonable extension of these deadlines subject to the Court's approval.

B.     **Exhibits**

The Exhibit Lists set forth the parties' exhibits, including all exhibits they intend to offer into evidence, except impeachment exhibits, which may or may not be introduced into evidence. The parties' Exhibit Lists include exhibits that may not necessarily be introduced into evidence. A party's failure to introduce any exhibit appearing on its list shall not be commented on during trial. The parties reserve the right to use or offer exhibits for purposes of impeachment that are not included in the Exhibit Lists. Each party reserves the right to add additional exhibits to its Exhibit List, for good cause shown, by agreement of the parties, or as ordered by the Court.

The parties will provide to each other's counsel of record via email a written list of any exhibits, by exhibit number, for each witness that it intends to call by way of direct examination in advance of their introduction. The parties agree that these disclosures will occur no later than 7:00 p.m.[2] on the calendar day before their introduction (e.g., Sunday for a witness to be called on a Monday). Physical exhibits must be made available for inspection by the same time. Any objections to the identified exhibits shall be provided no later than 8:00 p.m. on the calendar day before the exhibits are proposed to be introduced. At that time, any party that maintains an

---

[2] All times noted herein are Central Time.

Attorneys' Eyes Only designation to any disclosed exhibit, or any material incorporated into any demonstrative, shall notify the opposing party. The parties shall meet and confer telephonically or in person to try and resolve any objections to the exhibits beginning on or before 9:00 p.m. the day the objections are provided. The parties will continue in good faith to meet and confer regarding exhibits and, if objections remain unresolved, the parties will raise any outstanding disputes with the Court in the morning of the trial day when the exhibits will be introduced. The parties may use each other's exhibits listed on the parties' respective Exhibit Lists attached hereto to the same effect as though it were on its own Exhibit List, subject to all evidentiary objections. However, another party's exhibit is not admissible by virtue of being on an Exhibit List or over an objection; a party seeking to introduce another party's exhibit must still have a witness sponsor the exhibit into evidence as described above, subject to any objections. The listing of an exhibit by a party on its Exhibit List does not waive any evidentiary or other objections to that exhibit should the opposing party attempt to offer it into evidence. Any exhibit, once admitted, may be used equally by each party.

The parties agree that any description of a document on an Exhibit List is provided for convenience only and shall not be used as an admission or otherwise as evidence regarding the listed document or any other listed document.

The parties agree that any date listed on the Exhibit List is not evidence of nor an admission of the date of the document, and that failing to list a date is neither evidence of nor an admission of whether the document is dated.

Legible copies of United States and foreign patents, the file prosecution histories of United States patents, published foreign patent applications, certified translations thereof (if in English or translated into English), and USPTO assignment records may be offered and received in evidence

in lieu of certified copies thereof, subject to all other objections which might be made to the admissibility of certified copies.

C.   **Witnesses**

The parties agree to disclose the witnesses in the order that they will be called. No later than 7:00 p.m. two calendar days before their introduction (e.g., by 7:00 pm on Tuesday for witnesses appearing on Thursday), counsel shall provide to opposing counsel the names and order of witnesses to be called (both live, videotape and/or by deposition). The parties will raise and will cooperate in seeking to have the Court resolve any objections to the identity of witnesses prior to the conclusion of the Pre-Trial Conference. Witnesses who are not on either parties' witness list at the time of the Pre-Trial Conference will not testify absent good cause shown.

Fact witnesses are not to be allowed into the courtroom before they testify on the stand, except that a single party representative will be allowed to be present in the courtroom regardless of their status as a fact witness. Expert witnesses can observe any testimony. Expert witnesses who are being called both in a party's case-in-chief and in rebuttal cases (for example, a witness who will testify both as to infringement and validity) are considered to be off the witness stand in between their case-in-chief and rebuttal testimony and may work with counsel during that time.

Any deposition testimony not specifically identified on a party's deposition designation list may still be used at trial for the purposes of impeachment, if otherwise competent for that purpose. When a party uses deposition testimony for impeachment, the party may elect to either play the deposition testimony by video or to read the deposition testimony live, unless the Court orders otherwise.

### D.   Deposition Testimony[3]

For any witnesses whose testimony a party intends to present by deposition, the parties shall identify a list of deposition designations to be played or read to the jury by 7:00 p.m. two calendar days before the designations are to be played or read to the jury. In other words, if deposition testimony is intended to be played on Wednesday, the corresponding deposition designations must be provided by 7:00 p.m. on Monday. Any objections and counter-designations shall be provided no later than 7:00 p.m. the day before the designations are to be played or read to the jury. Any objections to counter-designations shall be provided no later than 8:00 p.m. the day the counter-designations are provided. The party introducing the deposition testimony shall be responsible for editing the deposition video to include the testimony and any counter-designation testimony and remove any attorney objections/colloquy and provide a final version of the deposition testimony excerpts (testimony clip report) to the other party by 9:00 p.m. the day before it is to be shown to the jury. If the party intends to read the deposition testimony into the record instead of playing the video, the party shall state that in writing by 7:00 p.m. the day before the testimony is to be introduced. The parties shall meet and confer on or before 9:00 p.m. the day before the deposition testimony is to be shown to the jury in an attempt to resolve any objections to the deposition. The parties will continue in good faith to meet and confer regarding the proposed deposition testimony and if objections remain unresolved, the parties will cooperate in seeking to have the Court resolve any disputes prior to presenting the proposed testimony.[4] If a party designates deposition testimony, and the other party counter-designates, then the designations and

---

[3] To the extent permitted by the Federal Rules of Evidence and rulings from the Court, the parties agree that depositions may be used at trial whether or not the transcripts of such depositions have been signed and filed as set forth in Federal Rule of Civil Procedure 30(b).

[4] This procedure does not apply to any previously admitted witness deposition testimony the parties intend to present during the closing statements.

counter-designations will be read or played together in chronological order. A party may designate as a counter-designation testimony that it or the other party designated during the pre-trial designation process.

Any deposition testimony not specifically identified on a party's deposition designation list may still be used at trial for the purposes of impeachment, if otherwise competent for that purpose. All designated deposition testimony may be played by video or may be read live in Court. In order to reduce the number of duplicative exhibits, where a deposition excerpt refers to a document by exhibit number and that identical document was also marked with a trial exhibit number, a party may substitute the trial exhibit for the deposition exhibit.

To the extent that the trial is subject to specific time limitations, the length of any party's designated testimony read or played shall count against the time available for that party's trial presentation. Similarly, counter-designations will count against the counter-designating party's trial time. The designations and counter-designations must be presented in the order they appear in the transcript.

E.    **Demonstrative Exhibits**

Demonstrative exhibits that the parties intend to use at trial need not be included on the parties' respective exhibit lists. Demonstratives exchanged per the procedure below will not be used by an opposing party prior to being used by the disclosing party.

Demonstratives are exhibits specifically created for the purpose of the trial and do not include (1) exhibits created in the courtroom during testimony or opening at trial or (2) the enlargement, highlighting, ballooning, etc. of trial exhibits or transcripts of testimony, or to composites of admitted exhibits and/or testimony, so long as the enlargement or composite does

not include any characterization or description of the underlying exhibit or testimony apart from the name of the exhibit or witness.

The parties shall exchange copies of all documentary, graphic, slide, animation, video, and any other form of demonstratives, such as prototypes, that they plan to use at trial during opening statements and direct examination, but not for cross-examinations, by 7:00 p.m. one calendar day before their anticipated use. Any objections to the demonstrative exhibits shall be provided by 8:00 p.m. the day before their anticipated use. At that time, any party that maintains an Attorneys' Eyes Only designation to any material incorporated into any demonstrative shall notify the opposing party. The parties shall meet and confer telephonically in an attempt to resolve any objections to the demonstratives at or before 9:00 p.m. the day the objections are provided. The parties will continue in good faith to meet and confer regarding the proposed demonstratives and if objections remain unresolved, the parties will cooperate in seeking to have the Court resolve any disputes prior to presenting the proposed testimony.

Where a demonstrative exhibit refers to information found in a trial exhibit, the party offering the demonstrative exhibit shall disclose to the other party all trial exhibits that form the basis of the demonstrative exhibit at the same time the party discloses the demonstrative exhibit.

### F.      Closing Exhibits and Demonstratives

Any exhibit that was used during the trial and moved in evidence, trial transcripts, deposition designations played at trial, or demonstratives previously used or disclosed and not subject to outstanding objection during the trial may be shown to the jury during closing statements without any additional disclosure. Any demonstratives that will first be shown to the jury during the closing statements must be disclosed by 7:00 p.m. one calendar day before their anticipated use. Any objections to closing demonstratives shall be provided by 8:00 p.m. the day before their

anticipated use. The parties will continue in good faith to meet and confer regarding the proposed closing demonstratives and if objections remain unresolved, the parties will cooperate in seeking to have the Court resolve any disputes prior to closing arguments.

G.     **Handling of Source Code and Confidential Material**

The parties agree to request that the courtroom be sealed when a party's confidential information, including source code, export controlled information, or evidence concerning highly sensitive business documents, testimony, or information is expected to be presented.

Regarding source code and other confidential information that might be used at trial as evidence, the Stipulated Protective Order entered in this case indicates that a further Court Order will be entered.

As to the remaining documents designated highly confidential or confidential, the parties agree to abide by the procedures set forth in the Protective Order (ECF No. 41) to prevent public disclosure of documents containing information designated under that Order and/or testimony eliciting such information.

H.     **Order of Presentation**

1.     **Opening Statements**

The trial presentations shall begin with opening statements by each party. K.Mizra shall present its opening statements first, followed by Cisco's opening statements. Openings will be limited to 30 minutes.

2.     **Evidence**

The parties agree that unless the Court orders otherwise, the order of the presentation of evidence will follow the burden of proof, except to the extent that a witness must be taken out of order due to scheduling issues of the witness (in which event the parties will meet and confer and

propose appropriate adjustments as needed). K.Mizra shall present its case first on the issue of infringement and damages. Cisco may then present its response on infringement, and damages and its case-in-chief on invalidity. K.Mizra may then present its response on invalidity and issues concerning Cisco's alleged license.

3. **Closing Arguments**

After K.Mizra presents its rebuttal case, the parties shall conclude with closing arguments, with each party having a total of 45 minutes. K.Mizra shall have the option to reserve time for a closing statement to respond to Cisco's closing, not to exceed 1/3 of the allotted closing time.

I. **Agreed Juror Notebooks**

Copies of agreed Juror Notebooks will be provided to the Court containing the '705 Patent, the Court's claim construction and the parties' stipulated claim construction, a page for each witness expected to be called with a color photograph of the witness (provided by the offering party) and space for the juror to take notes.

XII. **LIST OF PENDING MOTIONS**

The following motions remain pending:

- Plaintiff's Opposed Motions *in Limine* to Exclude Certain References, Evidence, Testimony, or Arguments (ECF No. 211);

- Defendant's Opposed Motions *in Limine* and Motion to Compel Production of Deposition Transcripts and Deposition of Brian Yates (ECF No. 212); and

- Defendant Cisco Systems, Inc.'s Motion to Strike and Exclude the Operative Opinions and Testimony of K.Mizra LLC's Damages Expert Michael Pellegrino (ECF No. 227).

## XIII.   PROPOSED JURY INSTRUCTIONS

The parties' "requested" version of the jury instructions are attached as **Exhibit 8A** and the "charge and interrogatories" version as **Exhibit 8B**.

The parties will continue to meet and confer regarding their respective proposed jury instructions in an effort to try and agree on some or all proposed instructions.

## XIV.   *VOIR DIRE*

The parties have submitted competing *voir dire*. K.Mizra's and Cisco's proposed *voir dire* questions are attached as **Exhibits 9A** and **9B**, respectively.

## XV.   VERDICT FORM

The parties have submitted competing verdict forms. K.Mizra's proposed verdict form is attached as **Exhibit 10A**. Cisco's proposed verdict form is attached as **Exhibit 10B**.

## XVI.   DISPUTED MOTIONS IN LIMINE

K.Mizra's opposed motions *in limine* and Cisco's oppositions are attached as **Exhibit 11A**. Cisco's opposed motions *in limine* and K.Mizra's oppositions are attached as **Exhibit 11B**. The parties will file their replies on September 13, 2024.

## XVII.  LENGTH OF TRIAL

The trial is scheduled to begin on October 21, 2024 after Jury Selection on October 18, 2024. The parties expect trial will conclude on October 26, 2024.

This Joint Pretrial Order is hereby approved this _____ day of _____, 2024.


_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE

Dated: August 30, 2024

Respectfully submitted,

By: /s/ Robert R. Brunelli
    Michael C. Smith
    Texas Bar No. 18650410
    michael.smith@solidcounsel.com
    SCHEEF & STONE, LLP
    113 E. Austin Street
    Marshall, TX 75670
    (903) 938-8900

    Robert R. Brunelli*
    CO State Bar No. 20070
       rbrunelli@sheridanross.com
    Scott R. Bialecki*
    CO State Bar No. 23103
       sbialecki@sheridanross.com
    Bart A. Starr*
    CO State Bar No. 50446
       bstarr@sheridanross.com
    Brian S. Boerman*
    CO State Bar No. 50834
       bboerman@sheridanross.com
    Briana D. Long*
    CO State Bar No. 57914
       blong@sheridanross.com
    Angela J. Bubis*
    CO State Bar No. 58144
       abubis@sheridanross.com
    SHERIDAN ROSS P.C.
    1560 Broadway, Suite 1200
    Denver, CO 80202
    Telephone: 303-863-9700
    Facsimile: 303-863-0223
    litigation@sheridanross.com

    M. Elizabeth Day*
    CA Bar No. 177125
    BUNSOW DE MORY LLP
    701 El Camino Real
    Redwood City, CA 94063
    Telephone: (650) 351-7248
    Facsimile: (415) 426-4744
    eday@bdiplaw.com

By: /s/ Elizabeth Rogers Brannen
    Elizabeth Rogers Brannen
    Kenneth J. Halpern
    Sarah Rahimi
    Peter J. Brody
    Stris & Maher LLP
    777 South Figueroa Street, Suite 3850
    Los Angeles, CA 90017
    Telephone: (213) 995-6809
    Fax: (213) 261-0299
    Email: ebrannen@stris.com
       khalpern@stris.com
       srahimi@stris.com
       pbrody@stris.com

    Melissa Richards Smith
    Gillam and Smith, LLP
    303 South Washington Avenue
    Marshall, TX 75670
    Telephone: (903) 934-8450
    Fax: (903) 934-9257
    Email: melissa@gillamsmithlaw.com

    James Travis Underwood
    Gillam & Smith, LLP
    102 N. College, Suite 800
    Tyler, TX 75702
    Telephone: (903) 934-8450
    Fax: (903) 934-9257
    Email: travis@gillamsmithlaw.com

    *Attorneys for Defendant*
    *Cisco Systems, Inc.*

Claire A. Henry
Texas Bar No. 24053063
claire@wsfirm.com
Garrett Parish
Texas Bar No. 24125824
gparish@wsfirm.com
WARD, SMITH & HILL, PLLC
1507 Bill Owens Pkwy
Longview, TX 75604
Telephone: (903) 757-6400
Facsimile: (903) 757-2323

*Admitted pro hac vice
Attorneys for Plaintiff K.Mizra LLC

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 30, 2024, the documents filed with the Clerk of Court via the Court's CM/ECF system under seal in the above-captioned case were subsequently served on all counsel of record by electronic mail.

By: *<u>/s/ Joelle Enoch</u>*
    Joelle Enoch
    Paralegal
    SHERIDAN ROSS P.C.
    1560 Broadway, Suite 1200
    Denver, CO 80202
    303-863-9700
    litigation@sheridanross.com

    *Attorney for Plaintiff K.Mizra LLC*