# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| K.MIZRA LLC, <br><br> Plaintiff, <br><br> v. <br><br> CISCO SYSTEMS, INC., <br><br> Defendant. | Civil Action No. 6:20-CV-01031-ADA <br><br> **JURY TRIAL DEMANDED** <br><br>  |

## DEFENDANT CISCO SYSTEMS, INC.'S
## OPPOSED MOTION TO STAY PENDING *INTER PARTES* REVIEW

## TABLE OF CONTENTS

Page

I. INTRODUCTION ...........................................................................................................1
II. LEGAL STANDARD ......................................................................................................2
III. ARGUMENT ...................................................................................................................3
    A. A further stay would not unduly prejudice K.Mizra. ...........................................3
    B. Because of the unique procedural posture, a stay is more likely than in typical circumstances to simplify or obviate issues for trial. ..............................4
    C. The advanced stage of proceedings should not prevent a stay. ..........................4
IV. CONCLUSION ................................................................................................................4

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Allvoice Devs. US, LLC v. Microsoft Corp.*,
  No. 6:09-CV-366, 2010 WL 11469800 (E.D. Tex. June 4, 2010) ............................................3

*Cisco Systems, Inc. v. K.Mizra LLC*,
  No. 22-2290, 2024 WL 3841809 (Fed. Cir. Aug. 16, 2024) .......................................................1

*Crossroads Sys., Inc. v. Dot Hill Sys. Corp.*,
  No. A-13-CA-1025-SS, 2015 WL 3773014 (W.D. Tex. June 16, 2015) ..................................3

*Kirsch Research & Dev., LLC v. Tarco Specialty Prods., Inc.*,
  No. 6:20-cv-00318-ADA, 2021 WL 4555804 (W.D. Tex. Oct. 4, 2021).................................2

*Murata Mach. USA v. Daifuku Co., Ltd.*,
  830 F.3d 1357 (Fed. Cir. 2016).....................................................................................2, 3, 4

**Other Authorities**

PTAB Standard Operating Procedure 3 (Procedure for Decisions Remanded from the Federal Circuit for Further Proceedings)……………………………………………………………….3

I.      **INTRODUCTION**

This case has been pending since 2020 and was previously stayed by agreement for thirteen months while the PTAB addressed Cisco's petitions for *inter partes* review. The case was significantly simplified when one of the two originally asserted patents never made it back to district court. On the remaining patent, the PTAB rejected Cisco's obviousness challenge on one basis (motivation to combine). Proceedings in this Court resumed on January 24, 2023, and the case proceeded in parallel with Cisco's appeal of the PTAB decision.

On August 16, 2024, the Federal Circuit held that the PTAB's analysis was incorrect:

> Cisco argues that the Board legally erred under *KSR International Co. v. Teleflex Inc.*, 550 U.S. 398 (2007) and *Intel Corp. v. PACT XPP Schweiz AG*, 61 F.4th 1373 (Fed. Cir. 2023) by "categorically requiring a motivation to achieve a specific benefit." Appellant Br. 37; Reply Br. 4. According to Cisco, the limitations at issue in the '705 patent did nothing more than rearrange "'familiar elements' using 'known methods' to yield 'predictable results.'" Appellant Br. 40 (quoting *KSR Int'l Co.*, 550 U.S. at 416). Thus, Cisco argues, "where the prior art was so similar, and the choice of elements readily predictable, [it] did not need to show a specific motivation to improve Gleichauf to achieve a particular benefit." *Id.* Cisco argues that for this reason alone, the Board's decision should be vacated and remanded for an obviousness analysis under the proper legal standard. We agree with Cisco.

*Cisco Systems, Inc. v. K.Mizra LLC*, No. 22-2290, 2024 WL 3841809, at *3 (Fed. Cir. Aug. 16, 2024). The Court vacated the PTAB's ultimate rejection of Cisco's obviousness challenge and remanded for consideration of just a handful of remaining issues. *Id.* at *1.

In the interest of judicial efficiency and practicality, Cisco respectfully moves to stay the case pending the conclusion of the PTAB's proceedings on remand. The IPR proceedings are at an advanced stage, and the remaining issues are very limited. The PTAB will now decide the remaining issues with guidance from the Federal Circuit about the correct legal standard and how it applies to the challenged claims. Because all three claims that K.Mizra asserts against Cisco

1

are challenged claims, the IPR is specifically poised to result in a finding of unpatentability that may moot any need for trial. The second *Murata* factor thus weighs strongly in favor of a stay.

So do the first and third *Murata* factors. On factor one, a further stay will not unduly prejudice K.Mizra, which seeks money damages in a case where discovery has been completed and the record is preserved. On factor three, although this case is at an advanced stage, trial remains six weeks away. A relatively short stay will allow the parties to delay and potentially avoid the significant expense of final trial preparation and trial, and will support the prudent allocation of scare judicial resources, in a case that agency action may soon obviate. Cisco expects that the duration of the requested stay would be at most approximately six to nine months and will not seek to extend the stay in the event the PTAB fails to find the challenged claims unpatentable.

## II.     LEGAL STANDARD

When considering a motion to stay, the Court should determine: (1) "whether the stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party;" (2) "whether a stay will simplify the issues in question and trial of the case;" and (3) "whether discovery is complete and whether a trial date has been set". *Murata Mach. USA v. Daifuku Co., Ltd.*, 830 F.3d 1357, 1361 (Fed. Cir. 2016); *see also Kirsch Research & Dev., LLC v. Tarco Specialty Prods., Inc.*, No. 6:20-cv-00318-ADA, 2021 WL 4555804, at *2 (W.D. Tex. Oct. 4, 2021) ("Essentially, courts determine whether the benefits of a stay outweigh the inherent costs based on these factors.") (quotation marks omitted).

### III.     ARGUMENT

#### A.     A further stay would not unduly prejudice K.Mizra.

A stay can prejudice the plaintiff due to the "loss of evidence as witnesses become unavailable and memories fade." *Allvoice Devs. US, LLC v. Microsoft Corp.*, No. 6:09-CV-366, 2010 WL 11469800, at *4 (E.D. Tex. June 4, 2010). This type of prejudice would not happen here.

Discovery is over and the record has been preserved. No documents will be lost; the parties possess the documents to be used at trial. The witnesses, too, have been identified, and none are known to be in ill-health or unlikely to be able to testify or recall pertinent facts in the event of a further stay.

The issues on remand to the PTAB are limited and the agency is equipped and expected to proceed efficiently. The PTAB has a "stated goal of issuing a remand decision within six months" from a Federal Circuit mandate. PTAB Standard Operating Procedure 3 (Procedure for Decisions Remanded from the Federal Circuit for Further Proceedings) at 2 (available at https://www.uspto.gov/sites/default/files/documents/ptab_sop_3-2023-oct.pdf). The incremental effect of the stay Cisco seeks on a case that has been pending since November 2020 thus is negligible.

Finally, K.Mizra seeks only monetary damages, and can thus be made whole if trial is postponed. *Crossroads Sys., Inc. v. Dot Hill Sys. Corp.*, No. A-13-CA-1025-SS, 2015 WL 3773014, at *2 (W.D. Tex. June 16, 2015) ("[M]ere delay in collecting [monetary] damages does not constitute undue prejudice"). In sum, K.Mizra faces little prejudice due to delay, and no undue prejudice. Factor one weighs in favor of granting a stay. *Murata*, 830 F.3d at 1361.

**B.    Because of the unique procedural posture, a stay is more likely than in typical circumstances to simplify or obviate issues for trial.**

The current procedural posture is rare: K.Mizra asserts three remaining claims (12, 16, and 19) against Cisco. The elements of those claims are readily found in the IPR references. The PTAB rejected Cisco's obviousness arguments based solely on an erroneously perceived lack of motivation to combine two of the three references. With the Federal Circuit's holding that the PTAB erred in rejecting Cisco's motivation arguments, this case is much more likely than the run of the mill IPR to not just simplify issues, but altogether eliminate any need for trial. Given the judicial and party economy that this result would entail, this factor weighs strongly in favor of a stay. *Murata*, 830 F.3d at 1361.

**C.    The advanced stage of proceedings should not prevent a stay.**

The advanced stage of the district court proceedings would ordinarily weigh against a stay, but it does not here given the equally advanced development of the IPR. Between now and trial, substantial Court resources, prospective jurors' time and energy, and significant party resources totaling millions of dollars could be saved in avoiding trial altogether. That is a likely outcome given the narrow questions remaining for the PTAB to determine and the clear implications of the Federal Circuit's analysis of the issues it sent back to the agency.

**IV.    CONCLUSION**

For the foregoing reasons, Cisco respectfully asks the Court to stay this case pending the PTAB's final written decision on remand from the Federal Circuit.

Dated: September 6, 2024          By: */s/ Melissa R. Smith*
                                                Elizabeth R. Brannen
                                                Kenneth J. Halpern
                                                Peter J. Brody
                                                Sarah Rahimi
                                                STRIS & MAHER LLP
                                                777 S. Figueroa St, Ste 3850
                                                Los Angeles, CA 90017
                                                (213) 995-6800

                                                Melissa Smith (State Bar No. 24001351)
                                                melissa@gillamsmithlaw.com
                                                GILLAM & SMITH LLP
                                                303 South Washington Avenue
                                                Marshall, TX 75670
                                                Telephone: 903.934.8450
                                                Facsimile: 903.934.9257

                                                *Attorneys for Defendant*
                                                *Cisco Systems, Inc.*

## **CERTIFICATE OF CONFERENCE**

The undersigned hereby certifies that counsel for Defendant met and conferred with counsel for Plaintiff on August 27, 2024. Counsel for Plaintiff opposes the motion.

*/s/ Melissa R. Smith*

## **CERTIFICATE OF SERVICE**

I certify that on September 6, 2024, the documents filed with the Clerk of Court via the Court's CM/ECF system under seal in the above-captioned case were subsequently served on all counsel of record by electronic mail.

*/s/ Melissa R. Smith*