**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

|  |  |
|---|---|
| K.MIZRA LLC, | Civil Action No.: 6:20-cv-01031-ADA |
| Plaintiff, | |
| v. | **Jury Trial Demanded** |
| CISCO SYSTEMS, INC., | |
| Defendant. | |

**PLAINTIFF K.MIZRA LLC'S RESPONSE TO DEFENDANT CISCO SYSTEMS, INC.'S
OPPOSED MOTION TO STAY PENDING *INTER PARTES* REVIEW (ECF NO. 242)**

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES ...................................................................................................... ii

I.      INTRODUCTION .................................................................................................... 1

II.     ARGUMENT ............................................................................................................ 1

        A.      A Further Stay Would Unduly Prejudice K.Mizra ........................................... 1

                1.      Any Stay Could Be Lengthy ................................................................. 1

                2.      Timely Adjudication Of Claims Is Paramount Even Where
                        Only Money Damages Are Sought ...................................................... 3

        B.      The Advanced Stage Of These Proceedings Favors Denying A Stay ............... 4

        C.      Cisco Presents No Evidence Even Suggesting Simplification
                Through A Stay .................................................................................................. 4

III.    CONCLUSION ........................................................................................................ 5

## **TABLE OF AUTHORITIES**

**Cases**

*Allvoice Devs. US, LLC v. Microsoft Corp.*,
   No. 6:09-CV-366,
   2010 WL 11469800 (E.D. Tex. June 4, 2010) ........................................................... 3

*Anascape, Ltd. v. Microsoft Corp.*,
   475 F. Supp. 2d 612 (E.D. Tex. 2007) ..................................................................... 3

*Canvs Corp. v. United States*,
   118 Fed. Cl. 587 (2014) ........................................................................................... 4

*Humanscale Corp. v. CompX Int'l, Inc.*,
   No. 3:09CV86,
   2009 WL 1444312 (E.D. Va. May 21, 2009) ........................................................... 3

*Kirsch Rsch. & Dev., LLC v. Tarco Specialty Products, Inc.*,
   No. 6:20-CV-00318-ADA,
   2021 WL 4555804 (W.D. Tex. Oct. 4, 2021) ................................................... 3, 4, 5

*Landis v. N. Am. Co.*,
   299 U.S. 248 (1936) ................................................................................................. 3

*MiMedx Grp., Inc. v. Tissue Transplant Tech. Ltd.*,
   No. SA-14-CA-719,
   2015 WL 11573771 (W.D. Tex. Jan. 5, 2015) ......................................................... 3

*NFC Tech. LLC v. HTC Am., Inc.*,
   No. 2:13-cv-1058,
   2015 WL 1069111 (E.D. Tex. Mar. 11, 2015) ..................................................... 1, 4

*Scorpcast v. Boutique Media*,
   No. 2:20-cv-00193-JRG-RSP,
   2021 WL 3514751 (E.D. Tex. June 7, 2021) ........................................................... 5

*Sonrai Memory Ltd. v. LG Elecs. Inc.*,
   No. 6:21-cv-00168-ADA,
   2022 WL 2307475 (W.D. Tex. June 27, 2022) ..................................................... 1, 3

## I.     INTRODUCTION

Plaintiff K.Mizra, LLC ("K.Mizra") has waited nearly four years for its infringement claim against Defendant Cisco Systems, Inc. ("Cisco") to be decided. Now, literally on the eve of trial (jury selection occurs October 18, 2024), Cisco again seeks a stay. (ECF No. 242, "the Motion.") The Motion should be denied for Cisco's complete failure to satisfy even one of the *Sonrai Memory Ltd. v. LG Elecs. Inc.* factors. No. 6:21-cv-00168-ADA, 2022 WL 2307475, at *1 (W.D. Tex. June 27, 2022) (quoting *NFC Tech. LLC v. HTC Am., Inc.*, No. 2:13-cv-1058, 2015 WL 1069111, at *2 (E.D. Tex. Mar. 11, 2015)).

## II.     ARGUMENT

### A.     A Further Stay Would Unduly Prejudice K.Mizra

Cisco suggests that K.Mizra will not be prejudiced by the grant of its Motion, as the stay will be of limited duration and K.Mizra here only seeks money damages. Cisco is wrong on both counts.

#### 1.     Any Stay Could Be Lengthy

Cisco suggests that the sought stay should not exceed nine months. (ECF No. 242 at 2.) However, Cisco does not yet know that K.Mizra will be timely seeking an en banc review of the Federal Circuit panel's decision. If that review is granted, there would be nothing for the Patent Trial and Appeal Board ("PTAB") to review unless and until the en banc panel affirms the remand decision, which would likely be—at the earliest—in late 2025. But even if the request for en banc review is denied, K.Mizra may seek a writ of certiorari to the United States Supreme Court, which could add years to reaching a final decision on whether the PTAB really needs to do anything further. But even if the en banc review is denied and writ of certiorari is not sought by K.Mizra, is

denied, or remand is affirmed, the PTAB would still be delayed at least another three months from now. In short, we would be looking at a stay of at least one year, perhaps multiple years.

But that is not the full measure of time that will be lost, because once the stay is lifted, the Court must still issue a schedule to complete trial preparation activities and to hold the trial. How long that may take is currently unknowable, as it will be driven by the Court's then calendar and related issues. K.Mizra expects it to take at least a few months, if not longer. Given all of these delays, assuming everything goes Cisco's way, the sought stay is likely at least 15 months. If things do not go Cisco's way, the remand may never occur if K.Mizra is successful in its en banc and/or writ of certiorari petitions, but these, as discussed, will likely take even longer to be decided.

During any stay, however, at least three types of prejudice will fall upon K.Mizra. First and foremost, K.Mizra will lose at least some value developed by its multi-member team that has been preparing for trial for some months. K.Mizra accepts that not all trial preparation activities would be lost if there were a 15-month delay in trial, but some would surely be lost. The longer the stay, the more substantial the losses would likely result. Indeed, there is the real possibility that current trial team members will not be available for a new trial, either because they move firms, retire, etc. If that happens, K.Mizra will need to expend additional resources to bring new counsel up to speed on the case, etc. But even if the exact same team was available when trial was rescheduled, it would have to relearn the case details, as no trial counsel can remember every detail for a year or more, no matter how good their memories. All and all, K.Mizra would be forced to incur real and potentially substantial costs (including loss of trial team talent) should the sought stay be entered.

Second, even a 15-month stay risks the loss of testimonial evidence potentially valuable to K.Mizra's case. This is so even if the Parties have identified all trial witnesses. A lot can happen in 15 months, witnesses can move to another country, die, be injured, contract a disease that affects

recall, etc. *See Sonrai Memory Ltd.*, 2022 WL 2307475, at *2; *Allvoice Devs. US, LLC v. Microsoft Corp.*, No. 6:09-CV-366, 2010 WL 11469800, at *4 (E.D. Tex. June 4, 2010). Delays also risk making witnesses harder to locate and often necessitate additional delays to schedule a time when the Court, the witnesses, and both Parties' counsel will be available. The Parties have now secured the availability of all of the witnesses that they plan to have testify live, including one who is flying in from Europe. *See Anascape, Ltd. v. Microsoft Corp.*, 475 F. Supp. 2d 612, 617 (E.D. Tex. 2007). There is no guarantee these witnesses will be available in the future, and we certainly have no way of knowing now when they will be so available.

Third, K.Mizra, "like all patentees, has an interest in the timely enforcement of its patent rights." *Sonrai Memory Ltd.*, 2015 WL 106911, at *2 (citing *Kirsch Rsch. & Dev., LLC v. Tarco Specialty Products, Inc.*, No. 6:20-CV-00318-ADA, 2021 WL 4555804, at *2 (W.D. Tex. Oct. 4, 2021). Justice delayed is justice denied—K.Mizra is entitled to its day in court and to deprive it of that at this late stage in the litigation and for an unspecified period of time can only be considered a third reason of significant undue prejudice flowing from a stay.

### 2. Timely Adjudication of Claims is Paramount Even Where Only Money Damages are Sought

As this Court found in *Kirsch Rsch. & Dev.*, "'[a] patent holder has an interest in the timely enforcement of its patent right,' even when the patent holder has only sought monetary relief." 2021 WL 4555804, at *2 (quoting *MiMedx Grp., Inc. v. Tissue Transplant Tech. Ltd.*, No. SA-14-CA-719, 2015 WL 11573771, at *2 (W.D. Tex. Jan. 5, 2015) (citations omitted)). That is why Cisco must "make out a clear case of hardship or inequity in being required to go forward." *Humanscale Corp. v. CompX Int'l, Inc.*, No. 3:09CV86, 2009 WL 1444312, at *2 (E.D. Va. May 21, 2009) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). Cisco has not even attempted

to demonstrate the hardships or inequities it may suffer if trial proceeds as scheduled, further dooming its Motion.

### B.    The Advanced Stage Of These Proceedings Favors Denying A Stay

"[I]f protracted and expansive discovery has already occurred, or the court has expended significant resources, then courts have found that this factor weighs against a stay." *Canvs Corp. v. United States*, 118 Fed. Cl. 587, 595 (2014). This case is well beyond the early stages—it is set to be tried in just about a month, with the Court and the Parties having expended substantial resources getting to this point. Factor two thus also squarely requires the Motion be denied.

### C.    Cisco Presents No Evidence Even Suggesting Simplification Through A Stay

Finally, the Court considers whether a stay will simplify the issues to be tried, weighing the scope of estoppel and the strength of the IPR petition against the asserted claims. *Kirsch Rsch. & Dev.*, 2021 WL 4555804, at *3 (citing *NFC Tech.*, 2015 WL 1069111, at *4). Here, Cisco did not address estoppel, so neither will K.Mizra. Rather, the Court should simply assume that an estoppel analysis cannot help Cisco's cause. As to the strength issue, Cisco pronounces that the PTAB got it wrong, with the Federal Circuit "***holding*** that the PTAB erred in rejecting Cisco's motivation arguments . . . ." (ECF No. 242 (emphasis added).) The conclusory statement is not evidence, and the Federal Circuit did not so hold. If it had, the Federal Circuit would have simply reversed, not remanded. No, what the Federal Circuit said was that the PTAB did not properly support its conclusions with citations to the evidence in the record. (*See* Declaration of Scott E. Kamholz, Esq., Ex. 1 at ¶¶ 20, 26–27.) That evidence exists in the evidentiary record and K.Mizra will again point it out on remand, if there is a remand, and encourage the PTAB to specifically cite thereto in a revised final written decision. (*See id.* at ¶¶ 24, 28, 30.)

4

In any case, this Court often looks to how the PTAB characterizes a petition's likelihood of success in assessing the degree of simplification to expect from a stay. *See Kirsch Rsch. & Dev.*, 2021 WL 4555804, at *3 (quoting *Scorpcast v. Boutique Media*, No. 2:20-cv-00193-JRG-RSP, 2021 WL 3514751, at *3 (E.D. Tex. June 7, 2021)). Here, we know what the PTAB thinks—and not just based on a decision instituting an IPR, but on a full trial—the PTAB believes that Cisco ***did not*** prove invalidity of the asserted claims which is why the PTAB found Cisco had not, by a preponderance of the evidence, shown the asserted claims to be unpatentable. Cisco must thus explain why the same three judges who found the petition lacking in its original final written decision will now reverse themselves and hold the claims invalid as obvious. Cisco does not even try to meet that burden here. (*See* ECF No. 242.) But why? The likely reason is that, just like K.Mizra, Cisco knows that there is a good chance that the PTAB will again uphold validity of the asserted claims.

K.Mizra does not simply "hope" the claims will be upheld again, instead, it has generated the evidence that supports its position. Specifically, K.Mizra retained an expert in the field of IPR practice and a former PTAB judge, Scott Kamholz, to review the initial IPR and the Federal Circuit's decision remanding it back to the PTAB. In a reasoned analysis, with citations to various evidence in the IPR record, Mr. Kamholz opines that K.Mizra has a reasonable to good chance of again prevailing on the IPR on remand (if the IPR is indeed remanded). (*See* Ex. 1 at ¶ 26.) Again, that opinion is the only evidence in the record directed to the strength of the IPR and, when combined with the complete lack of evidence provided by Cisco, conclusively establishes that factor three, the most important of the three factors, tips squarely against granting the sought stay.

## III.   CONCLUSION

Cisco's Motion should be denied.

5

Dated: September 13, 2024                    Respectfully submitted,

By: /s/ Robert R. Brunelli
    Michael C. Smith
    Texas Bar No. 18650410
    michael.smith@solidcounsel.com
    Scheef & Stone, LLP
    113 E. Austin Street
    Marshall, TX 75670
    (903) 938-8900

    Robert R. Brunelli*
    CO State Bar No. 20070
      rbrunelli@sheridanross.com
    Scott R. Bialecki*
    CO State Bar No. 23103
      sbialecki@sheridanross.com
    Bart A. Starr*
    CO State Bar No. 50446
      bstarr@sheridanross.com
    Brian S. Boerman*
    CO State Bar No. 50834
      bboerman@sheridanross.com
    Briana D. Long*
    CO State Bar No. 57914
      blong@sheridanross.com
    Angela J. Bubis*
    CO State Bar No. 58144
      abubis@sheridanross.com
    SHERIDAN ROSS P.C.
    1560 Broadway, Suite 1200
    Denver, CO 80202
    Telephone: 303-863-9700
    Facsimile: 303-863-0223
    litigation@sheridanross.com

    M. Elizabeth Day*
    CA Bar No. 177125
    Bunsow De Mory LLP
    701 El Camino Real
    Redwood City, CA 94063
    Telephone: (650) 351-7248
    Facsimile: (415) 426-4744
    eday@bdiplaw.com

Claire A. Henry
Texas Bar No. 24053063
Garrett Parish
Texas Bar No. 24125824
Ward, Smith & Hill, PLLC
1507 Bill Owens Parkway
Longview, TX 75604
Telephone: (903) 757-6400
Facsimile: (903) 757-2323
claire@wsfirm.com
gparish@wsfirm.com

*Admitted pro hac vice*
*Attorneys for Plaintiff K.Mizra LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing document has been served on September 13, 2024, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

s/ Lori R. Brown
Lori R. Brown
lbrown@sheridanross.com
SHERIDAN ROSS P.C.
1560 Broadway, Suite 1200
Denver, CO 80202
Telephone: 303-863-9700
Facsimile: 303-863-0223
litigation@sheridanross.com
