IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| K.MIZRA LLC,<br><br>    Plaintiff,<br><br>v.<br><br>CISCO SYSTEMS, INC.,<br><br>    Defendant. | Civil Action No.: 6:20-cv-01031-ADA<br><br>**Jury Trial Demanded** |

**PLAINTIFF K.MIZRA LLC'S REPLY IN SUPPORT OF ITS OPPOSED MOTIONS *IN LIMINE* TO EXCLUDE CERTAIN REFERENCES, EVIDENCE, TESTIMONY, OR ARGUMENTS (ECF NO. 211)**

K.Mizra's MILs are warranted to prevent undue prejudice and/or jury confusion.

**I.    THE NATURE OF THE INVENTORS' DISPUTE/LAWSUIT IS NOT RELEVANT**

Contrary to Cisco's assertions, the inventors' prior dispute/ensuing lawsuit ("Dispute"), in and of itself, is not here relevant. Referring to the details of this Dispute will surely confuse the jurors, possibly taint the '705 Patent, and be unduly prejudicial in violation of Fed. R. Evid. 403.

Cisco argues that the Dispute is part of the '705 Patent's chain of title and relevant to damages. (*See* ECF No. 231 at 1.) Yet, it does not explain why the '705 Patent's assignment chain itself is not sufficient to address any standing issues. This is because the assignment chain itself *is* sufficient.

Cisco also argues that the Dispute is somehow relevant to its anticipated efforts to impeach K.Mizra's damages expert. (*See id*.) As support therefor, Cisco points to a related patent assignment, its expert's report, and the inventors' deposition testimony. (*See id*.) However, none of these materials demonstrate how the underlying reasons for and details of the Dispute are here

relevant. There is a difference between discussing financial issues related to the '705 Patent application and referring to why the inventors were involved in a litigation that caused them to sell the '705 Patent. Cisco does not want any constraints on what it can say about the Dispute, and this is K.Mizra's concern.

## II. GUIDE RAILS RELATING TO NEVER-ASSERTED PATENTS AND DROPPED THEORIES ARE HERE NEEDED

Cisco claims that K.Mizra's MIL No. 2 is duplicative of Court MIL Nos. 4 and 11. Not true. Court MIL No. 4 relates to the introduction of prior art—it does not address K.Mizra's concerns. And Court MIL No. 11 is primarily aimed at preventing pejorative terms from being used to describe K.Mizra, an entity that does not practice the '705 Patent.

Much of K.Mizra's MIL No. 2 is not contested by Cisco, which is not surprising given this Court's entry of similar MILs in other cases. *See, e.g.*, *Theta IP, LLC v. Samsung Elecs. Co.*, No. W-20-CV-00160-ADA, ECF No. 257 at *3 (W.D. Tex. Jan. 7, 2023) (Albright, J.) (precluding defendant from referencing withdrawn infringement theories, devices that are no longer accused, withdrawn patent claims, and superseded infringement contentions). Instead, Cisco focuses on two portions of K.Mizra's proposal: dropped theories and never-asserted patents, including Cisco's patents.

Cisco's alleged concern over dropped theories is disingenuous, as evidenced by its lack of cited case law. The Parties are limited to the theories disclosed in their experts' reports per Court MIL No. 23, so there can be no dispute as to what claims are being asserted. Such information has also been outlined in the Parties' operative Joint Pretrial Order. (*See generally* ECF No. 239.) To the extent any claims are no longer being asserted, Cisco should not be permitted to distract the jury with them, as doing so would be unduly prejudicial and likely cause confusion. (*See* ECF No. 211 at 2–4 (discussing and providing examples of similar restrictions).)

Similarly, Cisco's concern over "never-asserted" patents and its own patents is misguided. Again, Cisco wants no constraints on what it can assert and includes approximately 400 of its own patents on its exhibit list. (*See* ECF No. 239, Ex. 4C at 4–10.) Certainly, Cisco should not be permitted to confuse the jury by pointing to its own patents as evidence of non-infringement, etc. *See Advanced Tech. Incubator, Inc. v. Sharp Corp.*, No. 5:09-cv-135, 2010 U.S. Dist. LEXIS 145630, at *7 (E.D. Tex. Mar 31, 2010). Cisco's cited cases (*e.g.*, *Exmark Mfg. Co.* and *Deere & Co.*) are not instructive as willfulness is not being asserted here (though the case may still be exceptional due to Cisco's other activities). While K.Mizra agrees that the Parties cannot go outside their experts' reports in terms of theories and prior art, there must be some guide rails to avoid undue prejudice and jury confusion.

### III. THERE IS NO BASIS TO ARGUE THAT THE '705 PATENT IS LESS VALUABLE DUE TO NON-PRACTICING ENTITY STATUS

Cisco has not contested most of K.Mizra's MIL No. 3, which, at a minimum, should be entered. Rather, Cisco wants to tell the jury that the '705 Patent is allegedly less valuable than other patents simply because it is not being practiced by K.Mizra. (*See* ECF No. 231 at 4.) It argues that the '705 Patent is not practiced by anyone, ignoring that the '705 Patent has indeed been licensed to others.

Cisco's sole support for contesting this MIL is a non-controlling, Delaware case that fails to provide any justification for its ruling. While Court MIL No. 11 allows the use of the term "non-practicing entity," it does not tie this concept to damages. Suggesting that the '705 Patent is somehow less valuable simply because K.Mizra is a non-practicing entity would be unduly prejudicial.

### IV. CONCLUSION

Each of K.Mizra's proposed MILs is justified and should be entered.

Dated: September 13, 2024								Respectfully submitted,

By: /s/ Scott R. Bialecki
Michael C. Smith
Texas Bar No. 18650410
michael.smith@solidcounsel.com
Scheef & Stone, LLP
113 E. Austin Street
Marshall, TX 75670
(903) 938-8900

Robert R. Brunelli*
CO State Bar No. 20070
  rbrunelli@sheridanross.com
Scott R. Bialecki*
CO State Bar No. 23103
  sbialecki@sheridanross.com
Bart A. Starr*
CO State Bar No. 50446
  bstarr@sheridanross.com
Brian S. Boerman*
CO State Bar No. 50834
  bboerman@sheridanross.com
Briana D. Long*
CO State Bar No. 57914
  blong@sheridanross.com
Angela J. Bubis*
CO State Bar No. 58144
  abubis@sheridanross.com
SHERIDAN ROSS P.C.
1560 Broadway, Suite 1200
Denver, CO 80202
Telephone: 303-863-9700
Facsimile: 303-863-0223
litigation@sheridanross.com

M. Elizabeth Day*
CA Bar No. 177125
Bunsow De Mory LLP
701 El Camino Real
Redwood City, CA 94063
Telephone: (650) 351-7248
Facsimile: (415) 426-4744
eday@bdiplaw.com

4

                                        Claire A. Henry
                                        Texas Bar No. 24053063
                                        Garrett Parish
                                        Texas Bar No. 24125824
                                        Ward, Smith & Hill, PLLC
                                        1507 Bill Owens Parkway
                                        Longview, TX 75604
                                        Telephone: (903) 757-6400
                                        Facsimile: (903) 757-2323
                                        claire@wsfirm.com
                                        gparish@wsfirm.com

*\*Admitted pro hac vice*
*Attorneys for Plaintiff K.Mizra LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 13, 2024, I electronically filed the foregoing with the Clerk of Court via the Court's CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ Anna Jackson
Anna Jackson
SHERIDAN ROSS P.C.
1560 Broadway, Suite 1200
Denver, CO 80202
Telephone: 303-863-9700
Facsimile: 303-863-0223
litigation@sheridanross.com
